| | |
|---|---|
| Ben M. Harrington (SBN 313877) | Belinda S Lee (SBN 199635) |
| Benjamin J. Siegel (SBN 256260) | Sarah M. Ray (SBN 229670) |
| HAGENS BERMAN SOBOL SHAPIRO LLP | Aaron T. Chiu (SBN 287788) |
| 715 Hearst Avenue, Suite 202 | Alicia R. Jovais (SBN 296172) |
| Berkeley, CA 94710 | LATHAM & WATKINS LLP |
| Telephone: (510) 725-3000 | 505 Montgomery Street, Suite 2000 |
| Facsimile: (510) 725-3001 | San Francisco, CA 94111 |
| benh@hbsslaw.com | Telephone: (415) 391-0600 |
| bens@hbsslaw.com | belinda.lee@lw.com |
| | sarah.ray@lw.com |
| *Attorneys for Plaintiffs and the Proposed Class* | aaron.chiu@lw.com |
| *[Additional counsel on signature page]* | alicia.jovais@lw.com |
| | *Attorneys for Defendant Apple Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JULIANNA FELIX GAMBOA and THOMAS DOROBIALA, individually and behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. 5:24-cv-01270-EKL (VKD)<br><br>**AMENDED ESI STIPULATION AND [PROPOSED] ORDER**<br><br>Judge: The Honorable Eumi K. Lee<br><br>Re: Dkt. No. 43 |

Pursuant to Rule 26(f) of the Federal Rules of Procedure, Plaintiffs Juliana Felix Gamboa and Thomas Dorobiala ("Plaintiffs") and Defendant Apple Inc. ("Apple") hereby agree that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case:

1. **Cooperation.** The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

2. **Custodian names and search terms to be exchanged.** The parties shall meet and confer to reach agreement on a reasonable list of custodians for purposes of collection, review and production of electronically stored information. In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case. The parties then shall meet and confer to reach agreement on document custodians and also shall meet and confer to reach agreement on search terms to be used for electronic searches of the files from those custodians. ESI, including, but not limited to electronic files and email, shall be collected for each individual custodian from the personal computers, network resources, and other electronic devices that those individuals use for work purposes. Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions and work in good faith to resolve the issue. The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results. The parties shall make good faith efforts to identify appropriate email custodians and produce email on the agreed upon schedule, but reserve the right to seek email from additional email custodians identified through discovery.

3. **Format for production of documents – documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic

format shall be produced in multiple page, searchable PDF format at a resolution of at least 300 dpi in accordance with the following:

  A. PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

  B. For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable. For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

  C. **Metadata.** Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

  D. **Production media and encryption of productions.** Unless otherwise agreed, the parties shall provide document productions in the following manner: All documents produced pursuant to any discovery request shall be served by SFTP or other similar secure electronic delivery method on the day of the production. The parties agree that productions under 20 MB may be made via email. Document productions served on parties shall not be provided on secure physical media (e.g. CDs, DVDs, external hard drives or flash drives) unless electronic service is impracticable. If the producing party chooses to make a document production via secure physical media, such production shall be served via courier or overnight mail. The requesting party may select the location and attorney to which the producing party is to send its production. A cover letter disclosing the Bates range(s) of documents being produced shall accompany the production and shall be transmitted via electronic mail at the time the production is served. The producing party shall provide the production data on CDs, DVDs, external hard

drives or SFTP, as appropriate. The producing party shall encrypt the production data using WinRAR encryption, or similar encryption software/tools, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

4. **Format for production of documents – hardcopy or paper documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

5. **Source code.** This Stipulation does not govern the format for production of source code.

6. **Parent and child emails.** The parties shall produce email attachments sequentially after the parent email.

7. **Native files.** Unless otherwise agreed to by the parties, files that are not easily converted to image format, including Microsoft Excel spreadsheet, audio, and video files, shall be produced in native format. The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

8. **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The parties shall meet and confer regarding whether such databases must be produced and the appropriate format for productions from dynamic databases, including as to whether the data may produced in an alternate form, such as a report, data table, or other static format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

9. **De-duplication**. The producing party may de-duplicate its ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process shall be tracked in the All Custodians field in the database load file.

10. **Email Threading**. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request the producing party shall produce a less inclusive copy or missing metadata if, for example, a threaded email cuts off to/from/cc/subject line/date information. An email is not a lesser inclusive copy if it contains any attachments not included in subsequent emails within the same thread.

11. **Parent and Child Emails**. Parent-child relationships shall be maintained in a production. The parties shall produce email attachments sequentially after the parent email. Entire document families must be produced, even if only the parent email or an attachment to an email is responsive, except (1) junk files and non-user created content routinely excluded during processing, and (2) where one or more family members are withheld on the basis of attorney-client privilege or work product protection.

12. **Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

13. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes

prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

14. **Liaison.** The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

15. **Document preservation.** The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI shall be consistent with their obligations set forth in Rule 26 of the Federal Rules of Civil Procedure. The parties represent that they have issued litigation hold notices to individuals whom they reasonably believe to possess relevant documents. To the extent required, the parties represent that they have taken reasonable and proportionate steps to suspend or modify regular or automatic policies or practices that would result in the loss of relevant documents. The parties shall have a continuing obligation to take reasonable and proportionate steps to identify sources of relevant documents and preserve such documents.

16. **Privilege.**

   A. The parties agree to abide by Rule 26(b)(5) of the Federal Rules of Civil Procedure with respect to documents fully withheld from production on the basis of a privilege or other protection, unless otherwise agreed or excepted by this Stipulation or Order. Privilege logs shall include a unique identification number for each document and the basis for the claim

(attorney-client privileged or work-product protection). For ESI, the privilege log shall be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Unless otherwise agreed by the parties, privilege logs shall be produced no later than 60 days after the deadline for substantial completion of document productions. To the extent a party produces documents after the deadline for substantial completion, and withholds from such production any documents on the basis of privilege, that party shall provide a supplemental privilege log within 30 days of the production. A document initially included on a privilege log may be produced after the close of fact discovery, either by agreement or when the basis for the privilege asserted has been successfully challenged by another party.

   B. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document. A receiving party may request that the basis for a redaction be provided, whereupon the producing party shall supply information sufficient to evaluate the privilege asserted. Such information shall be provided within fourteen (14) days of the request, or on the deadline for producing privilege logs under this Order, whichever is later.

   C. With respect to privileged or work-product information involving outside litigation counsel in this action and generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

   D. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Rules 26(b)(3)(A) and (B) of the Federal Rules of Civil Procedure.

   E. Pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence, the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of a privileged or work product protected document in this case as part of a

production is not itself a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

17. **Non-Party Disclosure.**

    A. A party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this ESI protocol with the subpoena.

    B. The Issuing Party shall be responsible for timely producing any documents obtained under a subpoena to all other parties.

    C. If the non-party production is not Bates-stamped, the Issuing Party shall endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other parties.

18. **Limitations and Non-Waiver.**

    A. Pursuant to the terms of this ESI Protocol, information regarding search process and ESI practices may be disclosed, but compliance with this ESI Protocol does not constitute a waiver, by any party, of any objection to the production of particular ESI for any reason, including that it is irrelevant, undiscoverable, or otherwise inadmissible, unduly burdensome or not reasonably accessible, or privileged, nor does it constitute a waiver of any right to discovery by any party.

    B. No party shall argue that disclosure of any search process or ESI practice constitutes a waiver of the attorney-client privilege or the attorney work-product doctrine. The parties expressly reserve all privileges and do not intend to waive any privilege by entering into or complying with this ESI protocol.

C. Nothing in this ESI protocol shall be construed to affect the discoverability of information or the admissibility of discoverable information.

D. Nor shall anything in this ESI Protocol be construed to affect the authenticity of any document or data.

19. **Modification.** This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS ORDERED**

Dated: November 27, 2024

*[signature: Virginia K. DeMarchi]*

~~THE HONORABLE EUMI K. LEE~~

~~UNITED STATES DISTRICT JUDGE~~
VIRGINIA K. DEMARCHI
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**TABLE OF METADATA FILES**

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of email. | The Document ID number associated with the first page of a document. |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates Number) Parent-Child Relationship | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Custodian | Custodian | Paragraph | The custodian/source of an email. | The custodian/source of an email. |
| Other Custodian | Other Custodian | Paragraph | When documents have been globally deduplicated the names of the other custodians who also possessed the documents. | Individual(s) whose documents de-duplicated out. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| DateReceived | | Date (MM/DD/YYYY format) | The date email was received. | |
| Date Created | | Date (MM/DD/YYYY format) | Date document was created. | |
| Date Modified | | Date (MM/DD/YYYY format) | Date document was last modified. | |
| Last Modified By | | Paragraph | Identification of person(s) who last modified a Document. | |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | For email attachments, the date the parent email was sent. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| From | From | Paragraph | The display name of the sender of an email. | |
| CC | CC | Paragraph | The display name of the copyee(s) of an email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| FilePath | | | | Original file extension at the point of collection. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| FileName | | | | Original file name at the point of collection. |
| FileExtension | | | The extension of the file. | |
| FileSize | | | The size of the file in bytes. | |
| SHA256 Hash | | | The SHA256 hash value of document. | |
| Confidentiality | | | Confidentiality level if assigned pursuant to any applicable Protective Order or stipulation. | Confidentiality level if assigned pursuant to any applicable Protective Order or stipulation. |
| Redacted | | | Indicates whether a document contains redactions. | Indicates whether a document contains redactions. |
| NativeLink | | Paragraph | Native file link (native files only). | |
| TextLink | | Paragraph | Link to the associated text file (extracted text or OCR text). | Link to the associated text file (extracted text or OCR text). |