Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

*Attorneys for Plaintiff and the Proposed Class*
*[Additional counsel on signature page]*

Belinda S Lee (SBN 199635)
Sarah M. Ray (SBN 229670)
Aaron T. Chiu (SBN 287788)
Alicia R. Jovais (SBN 296172)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
belinda.lee@lw.com
sarah.ray@lw.com
aaron.chiu@lw.com
alicia.jovais@lw.com

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

JULIANNA FELIX GAMBOA and THOMAS DOROBIALA, individually and on behalf of all others similarly situated,

        Plaintiffs,

    v.

APPLE INC., a California corporation,

        Defendant.

Case No. 5:24-cv-01270-EKL (VKD)

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIAL**

Judge: The Honorable Eumi K. Lee

Re:  Dkt. No. 47

MODIFIED BY THE COURT

1      Plaintiff Julianna Felix Gamboa and Thomas Dorobiala ("Plaintiffs") and

2  Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information

3  containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive

4  information are likely to be disclosed or produced during the course of discovery, initial

5  disclosures, and supplemental disclosures in this case and request that the Court enter this

6  Order setting forth the conditions for treating, obtaining, and using such information.

7      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good

8  cause for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery

9  Materials ("Order" or "Protective Order").

10      1.    **PURPOSES AND LIMITATIONS**

11      (a)    Protected Material designated under the terms of this Protective Order shall

12  be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for

13  any other purpose whatsoever.

14      (b)    The Parties acknowledge that this Order does not confer blanket protections

15  on all disclosures during discovery, or in the course of making initial or supplemental disclosures

16  under Rule 26(a).  Designations under this Order shall be made with care and shall not be made

17  absent a good faith belief that the designated material satisfies the criteria set forth below.  If it

18  comes to a Producing Party's attention that designated material does not qualify for protection at

19  all, or does not qualify for the level of protection initially asserted, the Producing Party must

20  promptly notify all other Parties that it is withdrawing or changing the designation.

21      (c)    The Parties agree that this Order does not address the production of source

22  code (including source and source code listings, object code and object code listings, executable

23  code, and similar sensitive software code, whether in print or electronic form). Before any Party

24  specifically requests such source code, the Party making that request shall provide notice to all

25  other Parties. Upon receipt of such notice, the Parties agree to collectively negotiate in good faith

26  a protective order governing the production of source code.

27

28

2.    **DEFINITIONS**

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, paralegals and staff (including, but not limited to copying or clerical litigation support staff) of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, vendors, retained experts, and Outside Counsel and their support staffs.

(d)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(f)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(g)    "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

3.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

4.    **SCOPE**

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain material not be produced at all.

5.    **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Apart from disclosures to the

Producing Party and its current employees and agents, which nothing in this Protective Order prohibits, Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)    <u>Patent Prosecution Bar</u>.  Absent the written consent of the Producing Party, any person on behalf of the Plaintiff who receives one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Defendant shall not be involved, directly or indirectly, in any of the following activities:   (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of cloud storage services, platforms, or technologies (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of cloud storage services, platforms, or technologies.  These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, but are intended, inter alia, to preclude counsel from participating directly or indirectly in reexamination, inter partes review, covered business method review, or reissue proceedings on behalf of a patentee.  These prohibitions shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)    <u>Secure Storage, No Export</u>.  Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material that Apple identifies in this litigation as subject to the United States Export Administration Regulations must be stored at a location in the United States and may not be exported outside the United States or released to any foreign national (even if within the United States).  To the extent the Parties disagree as to whether any Protected Material

is subject to the United States Export Administration Regulations, they will work in good faith to resolve the dispute.  Pending the resolution of any such dispute, either by agreement or Court order, the Receiving Party shall treat any material identified as being subject to United States Export Administration Regulations in accordance with the procedures for handling such material.

(d)    <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)    <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7.    **DESIGNATING PROTECTED MATERIAL**

(a)    <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)    <u>Written Discovery and Documents and Tangible Things</u>.    Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and/or mark the medium, container, and/or communication in which the digital files

1  were contained.  In the event that original documents are produced for inspection, the original

2  documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

3  during the inspection and re-designated, as appropriate during the copying process.

4          (c)    <u>Native Files</u>.  Where electronic files and documents are produced in native

5  electronic format, such electronic files and documents may be designated for protection under this

6  Order by appending to the file names or designators information indicating whether the file

7  contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

8  material, or may use any other reasonable method for so designating Protected Materials produced

9  in electronic format. When electronic files or documents are printed for use at deposition, in a

10  court proceeding, or for provision in printed form to an expert or consultant, the party printing the

11  electronic files or documents shall affix a legend to the printed document corresponding to the

12  designation of the Designating Party and including the production number and designation

13  associated with the native file.  If a Party uses at a deposition a .tiff, .pdf, or other image format

14  version of a native document, that Party shall, upon request, provide a copy of the native file to

15  counsel for the witness and all Parties in attendance who are entitled to review the document

16  pursuant of this Protective Order.

17          (d)    <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may

18  designate depositions and other testimony with the appropriate designation by indicating on the

19  record at the time the testimony is given or by sending written notice of how portions of the transcript

20  of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.

21  If no indication on the record is made, all information disclosed during a deposition shall be

22  deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within

23  which it may be appropriately designated as provided for herein has passed.  Any Party that wishes

24  to disclose the transcript (other than in a manner consistent with designation under this Protective

25  Order or under seal to the Court), or information contained therein, may provide written notice of

26  its intent to treat the transcript as non-confidential, after which time, any Party that wants to

27  maintain any portion of the transcript as confidential must designate the confidential portions

28  within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected

Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Third-party e-Discovery vendors (including managed review/contract attorney services providers and review platform vendors) and their employees to the extent necessary to perform services at the direction of Outside Counsel;

(iii)    The Receiving Party or, if the Receiving Party is not a natural person, not more than three (3) representatives of the Receiving Party who are officers or

employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iv)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) such expert or consultant complies with the provisions of Section 6(c);

(v)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(vi)    The Court, jury, and court personnel;

(vii)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(ix)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x)    Any other person with the prior written consent of the Producing Party.

9.    **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY"**

(a)    A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:   trade secrets, product development information, engineering documents, testing documents, and other non-public information of similar competitive and business sensitivity.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)    The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    The Receiving Party or, if the Receiving Party is not a natural person, not more than three (3) in-house counsel of the Receiving Party, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that: each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iii)    Third-party    e-Discovery    vendors    (including    managed review/contract attorney services providers and review platform vendors) and their employees to the extent necessary to perform services at the direction of Outside Counsel;

(iv)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work;

and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant does not currently provide (and is not expected to provide in the next 5 years) consulting services related to cloud storage services or data storage to any Non-Party; (d) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (e) such expert or consultant complies with the provisions of Section 6(b).

(v)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(vi)    The Court, jury, and court personnel;

(vii)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

(c)    In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.  A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

11. **DATA SECURITY**

(a)    Receiving Party shall implement an information security management system ("ISMS") to safeguard Protected Materials, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption

technologies governed by written policies and procedures designed to protect against any reasonably anticipated threats or hazards to the security of such Protected Material and to protect against unauthorized access to Protected Material.  To the extent a party or person does not have an ISMS, they may comply with this provision by having the Protected Material managed by and/or stored with eDiscovery vendors, claims administrators, or other platforms that maintain such an ISMS.  The Parties shall implement multi-factor authentication[1] for any access to Protected Materials.  At a minimum, multi-factor authentication must be implemented on a device-specific basis but need not be implemented on a document-specific basis.  The parties shall implement encryption of all Protected Materials (i) in transit outside of network(s) covered by the Party's ISMS (except as necessary to submit documents to the court in accordance with Section 13 below) and (ii) at rest where reasonably practical.

(b)    If Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials, Receiving Party shall comply with all requirements of § 16 of this Protective Order. Additionally, if Receiving Party becomes aware of any cyberattack or other deliberate security breach resulting in actual or potential unauthorized access to Protected Materials (including as a result of or following an inadvertent disclosure) ("Data Breach"), Receiving Party shall promptly, and in no case later than 48 hours after learning of the Data Breach, notify Producing Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, (b) to recover or to protect Protected Materials, and/or (c) to satisfy Producing Party's legal, contractual, or other obligations. For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing Party's Protected Materials are potentially subject

---

[1] Multi-factor authentication is "[a]uthentication using two or more factors to achieve authentication. Factors are (i) something you know (e.g., password/personal identification number); (ii) something you have (e.g., cryptographic identification device, token); and (iii) something you are (e.g., biometric)." National Institute of Standards and Technology (NIST), Special Publication SP 1800-12, Appendix B at 63, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/ NIST.SP.1800-12.pdf; *see also* NIST, Special Publication 800-53, at 132, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/NIST.SP.800-53r5.pdf.

to the Data Breach. The notification obligations set forth in this Section do not run from the time the Data Breach itself.

(c)    Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access. Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, identification of the Protected Material that was potentially impacted, the manner in which the Data Breach occurred, the start or end date of the Data Breach, date of discovery, and specific actions taken to contain, mitigate, or remediate the Data Breach. For the avoidance of doubt, nothing in this Section 11 is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

(d)    If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action.

(e)    In the event of a Data Breach affecting Protected Material of Designating Party, at Designating Party's request, Receiving Party within 10 business days share the relevant ISMS policies and procedures that relate to the safeguarding of Protected Materials and that preceded the Data Breach in writing or otherwise.

(f)    Receiving Party shall comply with this Section 11 and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data Law"). If Receiving Party is uncertain whether a particular practice would conform with the requirements of this Section 9, it may meet and confer with the other Parties; if any Party believes that the proposed practice would violate this Protective Order, it may, within 10 business days, bring the dispute to the Court. The Party challenging the proposed practice would bear the burden of demonstrating a violation.

1    12.    **SUBPOENAS OR COURT ORDERS**

2        (a)    If at any time Protected Material is subpoenaed by any court, arbitral,

3    administrative, or legislative body, the Party to whom the subpoena or other request is directed

4    shall immediately give prompt written notice thereof to every Party who has produced such

5    Discovery Material and to its counsel and shall provide each such Party with an opportunity to

6    move for a protective order regarding the production of Protected Materials implicated by the

7    subpoena.

8    13.    **FILING PROTECTED MATERIAL**

9        (a)    Absent written permission from the Producing Party or a court Order

10    secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose

11    in the public record any Protected Material.

    Any party seeking to file materials under seal must file a request in

12        (b)    ~~Any Party is authorized under the Federal Rules to file under seal with the~~

    compliance with Civil Local Rule 79-5.

13    ~~Court any brief, document or materials that are designated as Protected Material under this Order~~.

14    14.    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

15        (a)    Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a

16    privileged or work product protected document is not a waiver of privilege or protection from

17    discovery in this case or in any other federal or state proceeding. For example, the mere production

18    of a privileged or work product protected document in this case as part of a production is not itself

19    a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information

20    or relevant information protected by the attorney-client privilege, work product doctrine, or any

21    other applicable privilege or immunity. The parties do not waive any objections as to the

22    production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover,

23    nothing in this Order shall be interpreted to require disclosure of information subject to privacy

24    protections as set forth in law or regulation, including information that may need to be produced

25    from outside of the United States and/or may be subject to foreign laws.

26        (b)    Upon a request from any Producing Party who has inadvertently produced

27    Discovery Material that it believes is privileged and/or protected, each Receiving Party shall

28    immediately return such Protected Material or Discovery Material and all copies to the Producing

Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

15.    **<u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>**

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order.  If a Receiving Party believes that Discovery Material was inadvertently produced without any confidentiality designation under this Order, such Receiving Party shall confer with the Producing Party in good faith before disclosing the Discovery Material to any person not entitled to review CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials under this Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 15(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)    Notwithstanding the above, a subsequent designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials while the materials were not marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from engaging in the activities set forth in Paragraph 6(b).

16.    **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

17.    **FINAL DISPOSITION**

(a)    Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)    All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material,

outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

18.    **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)    Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)    Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

19.    **MISCELLANEOUS**

(a)    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)    <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)    <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)    <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

(g)    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

(h)    <u>Discovery Disputes</u>.  Any discovery disputes, including challenges to designations of protected of Protected Material, are subject to the Court's discovery dispute procedures described in Judge DeMarchi's Standing Order for Civil Cases, available at https://cand.uscourts.gov/standing-order-for-civil-cases-april-2024/.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated: December 13, 2024                   LATHAM & WATKINS LLP

4                                               By:   */s/ Aaron T. Chiu*
                                                      Aaron T. Chiu

5
                                               Belinda S. Lee (Cal. Bar No. 199635)
6                                               *belinda.lee@lw.com*
                                               Sarah M. Ray (Cal. Bar No. 229670)
7                                               *sarah.ray@lw.com*
                                               Aaron T. Chiu (Cal. Bar No. 287788)
8                                               *aaron.chiu@lw.com*
                                               Alicia R. Jovais (Cal. Bar No. 296172)
9                                               *alicia.jovais@lw.com*
                                               505 Montgomery Street, Suite 2000
10                                              San Francisco, California 94111
                                               Telephone: +1.415.391.0600
11
                                               *Attorneys for Defendant Apple Inc.*
12

13    Dated: December 13, 2024                  HAGENS BERMAN SOBOL SHAPIRO LLP

14                                              By */s/ Ben M. Harrington*
                                                   Ben M. Harrington (SBN 313877)
15
                                               Ben M. Harrington (SBN 313877)
16                                              Benjamin J. Siegel (SBN 256260)
                                               715 Hearst Avenue, Suite 202
17                                              Berkeley, CA 94710
                                               Telephone: (510) 725-3000
18                                              benh@hbsslaw.com
                                               bens@hbsslaw.com
19
                                               Mark T. Vazquez (*pro hac vice*)
20                                              455 N. Cityfront Plaza Drive, Suite 2410
                                               Chicago, IL 60611
21                                              Telephone: (708) 628-4962
                                               markv@hbsslaw.com
22
                                               *Attorneys for Plaintiffs and the Proposed Class*
23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER RE: THE DISCLOSURE AND USE OF              20                Case No. 5:24-cv-01270-EKL (VKD)
DISCOVERY MATERIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIGNATURE ATTESTATION

I, Aaron T. Chiu am the CM/ECF user whose ID and password are being used to file this Joint Stipulation and [Proposed] Protective Order regarding the Disclosure and use of Discovery Material. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: December 13, 2024                    Respectfully submitted,

                                            LATHAM & WATKINS LLP
                                            By:   */s/ Aaron T. Chiu*
                                                       Aaron T. Chiu

                                            *Attorney for Defendant Apple Inc.*

1    AS MODIFIED BY THE COURT,
PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3    DATED:   December 16, 2024                    *Virginia K. DeMarchi*

4                                    THE HONORABLE VIRGINIA K. DEMARCHI

5                                    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER RE: THE DISCLOSURE AND USE OF          22          Case No. 5:24-cv-01270-EKL (VKD)
DISCOVERY MATERIAL

1

**<u>EXHIBIT A</u>**

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3     I, _____, acknowledge and declare that I have received a

4    copy of the Protective Order ("Order") in *Gamboa, et al. v. Apple Inc.*, United States District

5    Court, Northern District of California, San Jose Division, Civil Action No. 5:24-cv-01270-EKL.

6    Having read and understood the terms of the Order, I agree to be bound by the terms of the

7    Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce

8    the terms of the Order.

9     Name of individual: _____

10     Present occupation/job description: _____

11     _____

12     _____

13     Name of Company or Firm: _____

14     Address:_____

15     Dated: _____

16

17                             _____
                                   [Signature]

18

19

20

21

22

23

24

25

26

27

28