Belinda S Lee (SBN 199635)
Sarah M. Ray (SBN 229670)
Aaron T. Chiu (SBN 287788)
Alicia R. Jovais (SBN 296172)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
belinda.lee@lw.com
sarah.ray@lw.com
aaron.chiu@lw.com
alicia.jovais@lw.com

*Attorneys for Defendant Apple Inc.*

Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

*Attorneys for Plaintiff and the Proposed Class*
*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| JULIANNA FELIX GAMBOA and THOMAS DOROBIALA, individually and behalf of all others similarly situated,<br><br>                                   Plaintiffs,<br><br>        v.<br><br>APPLE INC., a California corporation,<br><br>                                   Defendant. | Case No. 5:24-cv-01270-EKL (VKD)<br><br>**UPDATED JOINT CASE MANGEMENT CONFERENCE STATEMENT**<br><br>Date:        July 30, 2025<br>Time:        1:30 p.m.<br>Place:        Via Zoom<br><br>Judge:        The Honorable Eumi K. Lee |

Pursuant to Local Rules 16-9 and 16-10 and the Standing Order for All Judges of the Northern District of California, Plaintiffs Julianna Felix Gamboa and Thomas Dorobiala (together, "Plaintiffs"), and Defendant Apple Inc. ("Apple" and, together with Plaintiffs, the "Parties") submit this Updated Joint Case Management Conference Statement.

I.    **MOTIONS**

*Previously Filed Motions:* Apple filed a Motion to Dismiss Plaintiffs' Amended Complaint on August 16, 2024. ECF No. 27. The Court heard oral argument on December 11, 2024. ECF No. 45. The Court issued an order granting Apple's Motion to Dismiss in part on February 28, 2025. ECF No. 62. Plaintiffs then filed a Second Amended Complaint on March 21, 2025 (ECF No. 64), which Apple moved to dismiss on April 11, 2025. ECF No. 66. The Court issued an order denying Apple's Motion to Dismiss Plaintiffs' Second Amended Complaint on June 16, 2026. ECF No. 70.

*Pending Motions:* The Parties currently do not have any motions pending before the Court.

*Anticipated Motions:* As set for the below, the Parties disagree on whether the schedule should be modified to bifurcate and phase discovery on statute-of-limitations issues. If this dispute is not resolved at the case management conference, Apple anticipates filing a motion to bifurcate discovery. Plaintiffs would oppose any such motion.

II.    **DISCOVERY**

**Joint Statement:** Plaintiffs served their first set of requests for production on Apple on April 6, 2025. Apple served its responses and objections to Plaintiffs' requests on May 8, 2025. Since then, the Parties have engaged in several meet and confers to discuss Apple's productions in response to those requests. Apple sent Plaintiffs a proposed list of custodians on May 29, 2025 and a proposed set of search terms for custodial searches, along with additional information regarding Apple's proposed custodians, on July 1, 2025. The Parties will continue meeting and conferring in good faith regarding document and data productions.

The Parties currently disagree on whether bifurcated discovery on Apple's statute of limitations defense is appropriate. The Parties set forth their respective positions on this issue below.

UPDATED JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
CASE NO. 5:24-cv-01270-EKL (VKD)

1

**Plaintiffs' Statement on Bifurcated Discovery:**

2    Apple proposes below that the existing case schedule be fundamentally modified so that

3 discovery is bifurcated into two phases: (a) a statute-of-limitations phase followed by (b) a class

4 and merits phase, which would be initiated only if and when summary judgment on Apple's

5 statute-of-limitations defense is denied. Apple's proposal invites inefficiencies and, respectfully,

6 it should be rejected.

7    A party seeking to modify a schedule must establish "good cause," Fed. R. Civ. P.

8 16(b)(4), and bifurcated discovery is permitted only upon a showing that it "will promote judicial

9 economy or avoid inconvenience or prejudice to the parties." *Reed v. AutoNation, Inc.*, 2017 WL

10 6940519, at *2 (C.D. Cal. Apr. 20, 2017); *Laatz v. Zazzle, Inc.*, 2023 WL 8851631, at *2 (N.D.

11 Cal. Dec. 21, 2023) (same).

12    Apple cannot meet this burden for several reasons. ***First***, bifurcated discovery is routinely

13 rejected where the issues proposed for bifurcation are not "easily separable." *Reed*, 2017 WL

14 6940519, at *2. Where there is overlap, phasing discovery risks "piecemeal and duplicative

15 practice." *See Farwest Pump Co. v. Secura Ins.*, 2021 WL 3124233, at *2 (D. Ariz. July 23, 2021).

16 Such is the case here. The primary statute-of-limitations issue is whether Apple has engaged in a

17 continuing violation of the antitrust laws, which this Court has stated requires inquiry into "how

18 Apple has implemented and enforced its file restrictions over time." ECF No. 62 at 5. That inquiry

19 is inexorably intertwined with the merits of the case, which likewise focus on the adoption,

20 modification, and enforcement of Apple's challenged file restrictions. Apple does not explain how

21 this central inquiry can be parsed and "phased" in any principled way, or how such an attempt

22 would meaningfully conserve (rather than expend) party and judicial resources. Indeed, Apple has

23 not cited a single case in which "continuing violations" discovery was phased separately from the

24 merits, and multiple courts have rejected scheduling proposals that would phase statute-of-

25 limitations discovery. *See Laatz*, 2023 WL 8851631, at *2 (denying motion to bifurcate statute-of-

26 limitations discovery); *City of Sacramento v. Wells Fargo & Co.*, 2020 WL 6787134, at *2 (E.D.

27 Cal. Oct. 9, 2020) (same).

28

UPDATED JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
CASE NO. 5:24-cv-01270-EKL (VKD)

1    **Second**, given the overlap between merits and statute-of-limitations discovery, any attempt

2    at bifurcation here is going to engender disputes about whether discovery requested "belongs in

3    one phase of discovery rather than another." *City of Sacramento*, 2020 WL 6787134, at *4; *Laatz*,

4    2023 WL 8851631, at *3 (denying bifurcation because it "leads to inefficient disputes" about what

5    discovery is permitted in which phase). Indeed, one such dispute has already emerged. Plaintiffs

6    believe that statute-of-limitations discovery encompasses the issue of market power, and in

7    particular the timing of Apple's acquisition of monopoly power in the larger market for all cloud

8    storage on Apple's mobile devices. *See* ECF No. 70 (MTD Order) at n.8 (noting that, even without

9    a continuing violation, claims would be timely if Apple obtained monopoly power during

10   limitations period). Apple disagrees and has taken the position that market power discovery should

11   be excluded from its proposed statute-of-limitations phase. *See infra* at 8.

12           Apple's arguments are flawed,[1] but that is not the point. The point is that from the moment

13   the Parties began discussing bifurcation, they have disputed what discovery would be permissible

14   in an initial "statute of limitations" phase of proceedings. This has convinced Plaintiffs, and it

15   should likewise convince the Court, that bifurcating discovery is simply not workable here. It is

16   instead a recipe for disputes that will drain party and judicial resources.

17           Moreover, while Apple's statement below focuses on the Parties' initial dispute with

18   respect to market-power discovery, further discovery disputes are easy to foresee. This is because

19   there are no bright lines for determining what discovery bears on the fundamental continuing

20   violations inquiry, and plenty of room to argue both sides. For instance, even "small actions may

21   suffice" to restart the limitations period under the continuing violations doctrine. *Yelp Inc. v.*

22   *Google LLC*, 2025 WL 1168900, at *11 (N.D. Cal. Apr. 22, 2025). Accordingly, Plaintiffs' view

23   is that continuing-violations discovery must involve detailed conduct discovery into how Apple

24   has implemented, altered, and enforced the challenged restraints over an extended period. By

25

26   _____

     [1] Apple asserts that the Court has foreclosed discovery into the timing of Apple's acquisition of
     monopoly power, but that is not the case. The Court simply recognized that Plaintiffs had not
27   advanced any pre-discovery theory on this potential statute-of-limitations issue. ECF No. 70 at
     n.8. Apple is also denying that it obtained monopoly power *at any point*, while disputing Plaintiffs'
28   pre-discovery estimations of its market share, meaning discovery on this issue is indispensable.

UPDATED JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
CASE NO. 5:24-cv-01270-EKL (VKD)

1   contrast, Apple is incentivized to take a narrower view of what discovery would be permitted, and

2   it has provided every indication it will do so. After all, searching conduct discovery can only serve

3   to undermine Apple's assertion—untested to date—that its restrictions have been in place for more

4   than a decade without modification or active enforcement. Even with the best intentions, Apple's

5   proposal requires extensive and indeterminate line drawing by litigants with sharply divergent

6   incentives. That simply is not a workable discovery plan, as courts rejecting bifurcated discovery

7   recognize. *City of Sacramento v.* 2020 WL 6787134, at *2; *Laatz*, 2023 WL 8851631, at *3.

8       **Third**, in addition to engendering disputes, Apple's proposal invites other inefficiencies.

9   For one, it would substantially prolong the resolution of this case. As it stands, document and data

10  productions are to be substantially complete by December 16, 2025, and fact discovery closes on

11  July 15, 2026. Under Apple's proposal, statute-of-limitations discovery would not be completed

12  until January 23, 2026, and all other discovery would be stayed for an indeterminate period

13  pending resolution of a threshold motion for summary judgment on timeliness. This delay would

14  be prejudicial to Plaintiffs. *See Reed*, 2017 WL 6940519, at *7 (denying bifurcation because it

15  could cause "significant delay in the litigation"); *Farwest Pump Co.*, 2021 WL 3124233, at *2

16  (denying bifurcated discovery because it would "delay resolution of the case as a whole").

17      Beyond that, under Apple's proposal, witnesses will need to be deposed twice—once on

18  statute-of-limitations issues, and then again on the merits. As courts recognize, this piecemeal

19  approach to depositions is highly inefficient and will impose significant expense on Plaintiffs'

20  counsel. *See Reed*, 2017 WL 6940519, at *7. This would also unnecessarily burden third parties,

21  including would-be competitor cloud providers, from whom discovery will be sought both on the

22  continuing violations issue (e.g., active enforcement of the challenged restraints) and the merits.

23  The more orderly and efficient course is for witnesses to be deposed once.

24      **Fourth**, without a sound justification for bifurcating discovery in this case, Apple's

25  statement below rests heavily on Plaintiffs initially raising the concept for discussion. But

26  Plaintiffs were clear that bifurcation would work only if the Parties could ultimately sort out

27  definitive and agreed parameters for the discovery that would be "in bounds" on the continuing

28  violations and statute-of-limitation issues. The Parties' discussions and further reflection on the

1   range of relevant discovery confirmed that neither consensus, nor workable parameters, are

2   achievable.

3       **Fifth**, Plaintiffs have proposed a better way to frontload statute-of-limitations issues. While

4   Plaintiffs do not believe Apple has a viable timeliness defense, Plaintiffs agree it is a threshold

5   issue and invite Apple to file a preliminary summary judgment motion, limited to the issue of

6   timeliness, after the currently scheduled close of fact discovery. Indeed, this is something Plaintiffs

7   proposed to Apple as a means of ordering further proceedings in the most efficient manner.

8   Accordingly, while the Parties' discussions confirmed that there is no workable means of

9   bifurcating statute-of-limitations discovery, statute-of-limitations issues can still be prioritized and

10  resolved early in the schedule.

11      **Finally**, just hours before this submission was due (at 6:35pm), Apple added three pages

12  of argument to its statement below.  *See infra* at 9-11.[2]  Plaintiffs have attempted to summarily

13  address the new points in the little time this permitted.  To begin with, and importantly, the cases

14  Apple belatedly cites confirm why bifurcation is *not* appropriate here.  None of Apple's cases

15  involved the bifurcation of continuing violations discovery, which by nature overlaps with the

16  merits.  Instead, Apple's cases deal with exceptionally narrow statute-of-limitations issues that

17  could be summarily addressed with limited and discrete discovery procedures.  *See, e.g., Zahedi*

18  *v. Miramax, LLC*, 2021 WL 3260603, at *2 (C.D. Cal. Mar. 24, 2021) (holding that "this Court

19  generally does not endorse bifurcated discovery proceedings," but that it would do so only because

20  the limitations discovery at issue was "straightforward" and narrow:  whether plaintiff or defendant

21  owned a particular photograph in dispute); *M. L. v. craigslist Inc.*, 2020 WL 5494903, at *4 (W.D.

22  Wash. Sept. 11, 2020) (permitting bifurcated discovery on the date the plaintiff was allegedly

23  subjected to sex trafficking); *Kleinhammer v. City of Paso Robles*, 2008 WL 11411408, at *5 (C.D.

24  Cal. Oct. 10, 2008) (holding that bifurcation was appropriate because there was a "lack of overlap

25  between the merits of plaintiff's claims and the issues surrounding the limitations period").

26

27  ─────────────────
    [2] Regrettably, this is becoming a pattern.  *See* ECF No. 70 at n.4 ("It was not very sporting of
28  Apple to save these arguments for its Reply brief, thereby depriving Plaintiffs an opportunity to
    defend their new market share allegations.").

1    By contrast here, the continuing violations issue Apple seeks to bifurcate is both intricate

2    and fundamentally intertwined with the merits.  Apple does not dispute this.  Nor does Apple

3    engage the caselaw explaining why such overlap in limitations and merits discovery renders

4    bifurcation unmanageable.  Instead, Apple unrealistically assumes that there will be "no dispute"

5    on what discovery belongs in which phase of proceedings, ignoring that one such dispute (on

6    market-power discovery) is highlighted in this very submission, and other disputes inevitable given

7    the untold number of judgment calls that will need to be made on whether particular discovery

8    belongs in one phase or the other.  As to the inefficiencies of phasing depositions of the same

9    witnesses, Apple's only response is that the Parties could meet-and-confer on the issue.  But this

10   is no answer because no amount of conferring can solve the problem of witnesses (including third

11   parties) being deposed twice.  This is unavoidable under the phasing Apple proposes.

12   For all these reasons, Apple's bifurcated discovery proposal should be rejected.

13   **Apple's Statement on Bifurcated Discovery:**

14   **A.    Limited Discovery on the Threshold, Potentially-Dispositive Statute of**

15   **Limitations Issue Is Efficient and Appropriate**

16   The Court's Order on Apple's Motion to Dismiss ("MTD Order") recognized that Plaintiffs

17   face a serious risk that their claims are time-barred by the applicable four-year statute of

18   limitations. ECF No. 70 at 9–11. The Court held (for the second time) that Plaintiffs' mere

19   purchase of iCloud+ subscriptions within the last four years is not enough to restart the statute of

20   limitations. *See id.* Plaintiffs have not alleged—and will not be able to prove—an anticompetitive

21   act within the limitations period. As this Court recognized, "if Apple's conduct harmed

22   competition in 2011 when it purportedly decided to restrict files from its rivals, then the statute of

23   limitations for related claims began to run in 2011." *Id.* at 11. Plaintiffs, therefore, must prove a

24   continuing violation—*i.e.*, ongoing, affirmative restraints—in order to salvage their claims.

25   Apparently recognizing that the statute of limitations is a serious and threshold issue for

26   Plaintiffs' case, Plaintiffs' counsel contacted Apple's counsel on June 20, 2025 to propose

27   bifurcating discovery and to first address this threshold, potentially dispositive issue. Plaintiffs

28   proposed to pause ongoing discovery, and to instead allow the Parties to engage in limited statute

UPDATED JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
CASE NO. 5:24-cv-01270-EKL (VKD)

1  of limitations discovery before an early, targeted motion for summary judgment from Apple on

2  that specific issue. The remainder of the existing case schedule—including substantial completion

3  of merits discovery, class certification, and summary judgment on the merits—would then be

4  triggered off the Court's ruling on statute of limitations motion. Apple agreed that a phased

5  approach makes sense given the Court's MTD Order and the cost and time efficiencies for the

6  Parties and the Court that would result from bifurcated discovery.

7          But Plaintiffs have since walked back their initial proposal. The Parties met and conferred

8  again on June 27, 2025, at which time Plaintiffs proposed broad discovery during the first phase.

9  Specifically, Plaintiffs argued that footnote 8 of the Court's MTD Order—which notes that the

10  timeliness of Plaintiffs' claims might also depend on when Apple allegedly obtained monopoly

11  power—means that they need to engage in broad discovery into whether and when Apple achieved

12  monopoly power as part of any initial discovery phase. Because discovery into monopoly power

13  would swallow most remaining merits issues in the case, Plaintiffs conceded on July 2, 2025 that

14  they would no longer be seeking bifurcated discovery as they initially proposed. Rather, Plaintiffs

15  proposed maintaining the current discovery schedule while pushing out class certification briefing

16  until after the Parties brief summary judgment motions on the statute of limitations issue. In other

17  words, Plaintiffs' plan would provide *Plaintiffs* with significant cost savings (by postponing their

18  class certification motion) while requiring *Apple* to bear the full costs of merits discovery

19  unnecessary to resolution of the potentially dispositive issue.

20          Apple still believes that it would be most efficient for the Parties and the Court to first

21  engage in limited, bifurcated discovery into the timeliness of Plaintiffs' claims, followed by an

22  early summary judgment motion on the threshold statute of limitations issue. Apple disagrees with

23  Plaintiffs that full discovery into whether Apple has monopoly power and, if so, when such power

24  was achieved is relevant or necessary to resolving the threshold question of whether Plaintiffs'

25  claims are timely. The Parties need only engage in discovery on whether Apple engaged in a

26  "continuing violation in the form of ongoing enforcement of its allegedly mutable file restriction

27  policy" since it was implemented in 2011. *See* MTD Order at 9. Aside from that, Plaintiffs are

28

UPDATED JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
CASE NO. 5:24-cv-01270-EKL (VKD)

1    fundamentally challenging a design decision that occurred in 2011, and therefore, their claims are

2    time-barred.

3         Plaintiffs' reliance on footnote 8 of the MTD Order to argue for broader discovery is

4    misplaced. The Court specifically acknowledged in footnote 8 that Plaintiffs have not advanced

5    the very theory that they now wish to include in a bifurcated discovery approach. MTD Order at

6    9, n.8 ("The analysis would be different if Plaintiffs alleged that Apple engaged in conduct in 2011,

7    but did not obtain monopoly power until some later date . . . **But Plaintiffs have not advanced**

8    **such a theory here**.") (emphasis added). Plaintiffs should not derail a more efficient approach to

9    resolving this case based on theories they never advanced in the first place.

10        In any event, the allegations in Plaintiffs' Second Amended Complaint undermine any

11   claim that Apple achieved monopoly power in either of Plaintiffs' alleged markets within the

12   statute of limitations period. To start, Plaintiffs' aftermarket theory necessarily assumes that Apple

13   had 100% market share in the alleged aftermarket immediately upon implementing the alleged

14   restraint. *See* SAC ¶¶ 10, 93–103. So there is no argument that Apple somehow later achieved

15   monopoly power in a market in which it always supposedly had 100% share. As for a broader

16   cloud storage services market, Plaintiffs' own allegations undermine any claim that Apple

17   achieved that monopoly power after March 2020. The alleged barriers to expansion upon which

18   Plaintiffs rely for their theory of monopoly power in the broader alleged market are the very design

19   decisions that have been in place *since 2011*. *Id.* ¶ 104. And Plaintiffs allege that output of would-

20   be rival cloud storage services has been "essentially flat" since January 2020—more than four

21   years prior to the filing of Plaintiffs' March 1, 2024 Class Action Complaint. *See id.* ¶ 105.

22   Plaintiffs' Second Amended Complaint also alleges that Apple already had market power when

23   measured by active users as of 2020. *Id.* ¶¶ 110, 114. Plaintiffs' current attempt to conjure a new

24   theory they did not previously advance and that is undermined by their own allegations is not a

25   basis to preclude a more efficient bifurcated discovery proposal.

26        The Parties should engage in bifurcated discovery, focusing first on Plaintiffs' continuing

27   violation theory of timeliness, which underpins their claims. Apple proposes limiting the initial

28

phase of discovery to the following issues, which are within the scope of Plaintiffs' continuing violation theory:

- Apple's initial design decision to limit the backup of certain app data and device settings to iCloud only;

- The maintenance since 2011 of Apple's limitation on the backup of certain app data and device settings to iCloud only; and

- Decisions relating to changes in iCloud+ subscription pricing over time.

If the Court agrees that a bifurcated discovery approach is the most efficient path forward, Apple suggests that the Parties meet and confer and stipulate to a proposal on how phased discovery would operate to avoid any overlap or redundancies with merits discovery.

### B.    Plaintiffs' Arguments Against Bifurcated Discovery Fail

The Court should consider Plaintiffs' arguments with a healthy dose of skepticism, as it was Plaintiffs who proposed the bifurcation they now oppose. Consistent with Plaintiffs' own proposal, courts routinely order limited discovery on the statute of limitations, reserving liability discovery for a later phase, given the potentially dispositive nature of the issue. *See, e.g.*, *Zahedi v. Miramax, LLC*, 2021 WL 3260603, at *2 (C.D. Cal. Mar. 24, 2021) (holding that "bifurcated discovery would promote convenience, efficiency, and judicial economy" where "[t]he first phase of discovery's issues regarding . . . the statute of limitations are likely to be straightforward issues of law . . . and will be resolved or at least clarified on a motion for summary judgment."); *M. L. v. Craigslist Inc.*, 2020 WL 6434845, at *8 (W.D. Wash. Apr. 17, 2020), report and recommendation adopted, No. C19-6153 BHS-TLF, 2020 WL 5494903 (W.D. Wash. Sept. 11, 2020) ("[P]hased discovery and additional briefing would be appropriate to allow the Court to make an early assessment of whether any of plaintiff's claims are barred by the statute of limitation."); *Kleinhammer v. City of Paso Robles*, 2008 WL 11411408, at *5 (C.D. Cal. Oct. 10, 2008) ("[T]he Court finds that adjudicating the statute of limitations issue before proceeding to the merits of plaintiff's claims will best serve the convenience of the parties and the Court."); *see also Colonna v. LoanDepot.com LLC*, 2024 WL 5047875, at *1-2 (N.D. Tex. Dec. 9, 2024) (bifurcating discovery where answering a statute of limitations question "has the potential to resolve this case

1   with a motion for summary judgment, thereby saving time and resources . . . Simply put, spending

2   three months to figure out whether these claims are barred by a statute of limitations is more

3   efficient than running the risk of undergoing over a year of discovery only to find out that the

4   claims were barred all along.").

5        Plaintiffs' specific arguments against bifurcated discovery do not hold water.

6        ***First***, Plaintiffs claim that bifurcated discovery should not be allowed because the "issues

7   proposed for bifurcation are not 'easily separable.'" Their only basis for this argument is that both

8   phases would require discovery into "how Apple has implemented and enforced its file restrictions

9   over time." But Plaintiffs do not explain why Apple's proposal would amount to duplicative

10  discovery or wasted resources on those issues. Indeed, there is no reason to believe Plaintiffs would

11  need to duplicate their efforts by addressing these issues in each phase of discovery. Should the

12  court deny Apple's motion for summary judgment on the statute of limitations, the Parties would

13  still be able to use all of the discovery into Apple's implementation and enforcement of the alleged

14  restraint in the second phase. And Plaintiffs ignore the many efficiencies that would result from

15  bifurcation—for instance, the parties would not need to take discovery on class certification issues,

16  market definition, damages, and many other issues likely to be time-consuming and expensive.

17       ***Second***, Plaintiffs speculate that the Parties might disagree about what is in and out of

18  scope for continuing violations discovery. But their own submission proves there is no dispute.

19  Plaintiffs argue that continuing violation discovery "must involve detailed conduct discovery into

20  how Apple has implemented, altered, and enforced the challenged restraints over an extended

21  period." That proposal is entirely consistent with Apple's proposal to take discovery on "Apple's

22  initial design decision to limit the backup of certain app data and device settings to iCloud only;

23  [t]he maintenance since 2011 of Apple's limitation on the backup of certain app data and device

24  settings to iCloud only; and [d]ecisions relating to changes in iCloud+ subscription pricing over

25  time."

26       Plaintiffs also fail to engage with the fact that their Second Amended Complaint forecloses

27  any theory that Apple achieved monopoly power during the statute of limitations period—as the

28  Court recognizes in its MTD Order. Plaintiffs therefore appear to be requesting impermissible

1  plausibility discovery. *See Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 n.7 (9th Cir. 2014). At the

2  very least, they are asking the Court for permission to engage in a fishing expedition on theories

3  far outside the bounds of any possible reading of their allegations.

4      ***Third***, Plaintiffs now argue that the proposal ***they came up with*** would prejudice them by

5  delaying the resolution of the case. If Plaintiffs had real concerns about the impact of bifurcated

6  discovery on the timing of the case, they would not have made this proposal in the first place.

7  Instead, Plaintiffs only walked back their proposal when they decided—incorrectly—that they

8  wanted discovery on monopoly power in connection with Apple's statute of limitations defense.

9  As explained above, no discovery on monopoly power is required to resolve the continuing

10  violation theory Plaintiffs have advanced.[3]

11      Additionally, should the Court decide that bifurcated discovery is appropriate, the Parties

12  could meet and confer to resolve the issue of depositions across phases. Indeed, Apple was ready

13  to discuss how to proceed with depositions between phases with the goal of reaching an agreement

14  during the Parties' meet and confer on June 27, but Plaintiffs concluded the Parties need not engage

15  in those discussions when they reversed course on bifurcated discovery altogether.  Apple believes

16  the Parties can work out an efficient means for engaging in limited statute of limitations discovery

17  now that would not undermine any party's ability to engage in merits discovery at a later stage in

18  the case.

19      ***Finally,*** Plaintiffs' alternative proposal—pursuant to which the Parties would engage in

20  full fact discovery, Apple would file a summary judgment motion limited to the statute of

21  limitations, and only then would the Parties proceed to class certification and summary judgment

22  on additional issues—is improperly one-sided. Plaintiffs would reap all the cost savings of

23  postponing class certification work, while Apple would bear the substantial cost of full fact

24  discovery, most of which might never be relevant. That is unfair and unworkable.

25

26

27  _____

    [3] To the extent the Court has any concerns about the timing of phased discovery, Apple is open to

28  a slightly shorter statute of limitations discovery period and would appreciate the opportunity to
    discuss the schedule with the Court.

UPDATED JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
CASE NO. 5:24-cv-01270-EKL (VKD)

## III.    SCHEDULING

### Plaintiffs' Statement:

For reasons set forth above, Apple has not shown good cause to modify the schedule to bifurcate discovery on statute-of-limitation issues. Quite the opposite, this fundamental modification to the schedule would invite inefficiencies, delay, and piecemeal litigation, all of which prejudices Plaintiffs. But Plaintiffs do not oppose, and in fact invite, an early summary judgment motion on the issue of timeliness (to be filed after the close of fact discovery), and Plaintiffs further agree that subsequent case deadlines could be deferred pending resolution of that threshold motion. With these considerations in mind, Plaintiffs propose the following modifications to the schedule:

| Event | Proposed Schedule |
| --- | --- |
| Dispositive Motions on Statute of Limitations Issues | July 29, 2026 (14 days from existing close of fact discovery) |
| Responses to Dispositive Motions on Statute of Limitation Issues | August 19, 2026 |
| Replies to Dispositive Motions on Statute of Limitations Issues | September 2, 2026 |
| Class Certification Motion and Supporting Experts Reports | 90 days from resolution of dispositive motions on statute of limitations issues |
| All Further Class Certification Proceedings | Same events and spacing as existing schedule (ECF No. 63) |

**Apple's Statement:** In light of the threshold issue of the timeliness of Plaintiffs' claims, as discussed *supra*, the Parties should amend the operative case schedule to provide for limited, bifurcated discovery on statute of limitations issues, followed by motions for summary judgment on those issues. The remainder of the existing case schedule—including substantial completion of merits discovery, class certification, and summary judgment on the merits—would then be determined upon the Court's ruling on statute of limitations issues. To that end, Apple proposes the bifurcated discovery and briefing schedule below:

| Event | Proposed Schedule |
|---|---|
| Completion of First Phase of Discovery on Statute of Limitations Issues | January 23, 2026 |
| Dispositive Motions on Statute of Limitations Issues | Four weeks after close of Statute of Limitations Discovery |
| Responses to Dispositive Motions on Statute of Limitation Issues | Four weeks after Dispositive Motions on Statute of Limitations Issues |
| Replies to Dispositive Motions on Statute of Limitations Issues | Three weeks after Responses to Dispositive Motions on Statute of Limitations Issues |

Dated: July 16, 2025

LATHAM & WATKINS LLP
By: /s/ Alicia R. Jovais
       Alicia R. Jovais

Belinda S. Lee (SBN 199635)
 belinda.lee@lw.com
Sarah M. Ray (SBN 229670)
 sarah.ray@lw.com
Aaron T. Chiu (SBN 287788)
 aaron.chiu@lw.com
Alicia R. Jovais (SBN 296172)
 alicia.jovais@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

1 │ Dated: July 16, 2025                    HAGENS BERMAN SOBOL SHAPIRO LLP

2 │                                         By */s/ Ben M. Harrington*
3 │                                             Ben M. Harrington (SBN 313877)

4 │                                         Ben M. Harrington (SBN 313877)
   │                                         Benjamin J. Siegel (SBN 256260)
5 │                                         715 Hearst Avenue, Suite 202
   │                                         Berkeley, CA 94710
6 │                                         Telephone: +1510.725.3000
   │                                         benh@hbsslaw.com
7 │                                         bens@hbsslaw.com

8 │                                         Mark T. Vazquez (*pro hac vice*)
   │                                         455 N. Cityfront Plaza Drive, Suite 2410
9 │                                         Chicago, IL 60611
   │                                         Telephone: +1.708.628.4962
10 │                                        markv@hbsslaw.com

11 │                                        *Attorneys for Plaintiffs and the Proposed Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UPDATED JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
CASE NO. 5:24-cv-01270-EKL (VKD)

1

2

## SIGNATURE ATTESTATION

3
    I, Alicia R. Jovais am the CM/ECF user whose ID and password are being used to file this

4
Initial Joint Case Management Statement. In compliance with Local Rule 5-1(i)(3), I hereby attest

5
that concurrence in the filing of this document has been obtained from each of the other signatories.

6

7
Dated: July 16, 2025               Respectfully submitted,

8
                                   LATHAM & WATKINS LLP
By:  */s/  Alicia R. Jovais*

9
                                        Alicia R. Jovais

10
                         *Attorney for Defendant Apple Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28