1  LATHAM & WATKINS LLP
       Belinda S Lee (SBN 199635)
2        *belinda.lee@lw.com*
       Sarah M. Ray (SBN 229670)
3        *sarah.ray@lw.com*
       Aaron T. Chiu (SBN 287788)
4        *aaron.chiu@lw.com*
       Alicia R. Jovais (SBN 296172)
5        *alicia.jovais@lw.com*
    505 Montgomery Street, Suite 2000
6   San Francisco, California 94111-6538
    Telephone: +1.415.391.0600
7
    *Attorneys for Defendant Apple Inc.*
8

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13

14  JULIANNA FELIX GAMBOA and           CASE NO. 5:24-cv-01270-EKL
    THOMAS DOROBIALA, individually and
15  on behalf of all others similarly situated,   **DEFENDANT APPLE INC.'S ANSWER AND
                                         DEFENSES TO PLAINTIFFS' SECOND
16              Plaintiffs,              AMENDED COMPLAINT**

17      vs.                             **DEMAND FOR JURY TRIAL**

18  APPLE INC.,

19              Defendant.              Judge: The Honorable Eumi K. Lee

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

### INTRODUCTORY STATEMENT TO APPLE'S ANSWER

In 2011, Apple Inc. ("Apple") launched iCloud—an innovative and integrated cloud storage solution that provides users the ability to remotely store data, such as e-mail, notes, photos, videos and messaging history; securely back up their Apple devices; and seamlessly sync device settings and data across Apple devices and iCloud.com. Apple provides users up to 5 gigabytes ("GB") of complimentary storage. Users who need more storage can purchase a monthly iCloud+ subscription or use scores of other cloud storage options such as DropBox, Google One, Microsoft OneDrive, MEGA, IDrive, and Box. But when it comes to the sensitive core app data and device files needed to restore an Apple device—such as the apps a user has downloaded, the data and passwords for those apps, messaging history, and other personalized device settings—Apple designed its features to ensure that this data could be backed up using either iCloud Backup or other, non-cloud-based solutions (such as local storage on a Mac or PC). This establishes a seamless user experience for restoring a device while also maintaining the highest level of security.

Plaintiffs' Second Amended Complaint contends that this iCloud Backup feature somehow gives Apple a monopoly in a market for cloud-based storage on Apple "Mobile Devices" or in a narrower market for so-called "Full-Service Cloud Storage on Apple Mobile Devices." The iCloud Backup feature is designed to best protect the security and privacy of Apple device users by limiting unfettered third-party access to iPhones and iPads (which contain users' most intimate and private information) and preventing third parties from injecting malware onto restored devices. But Apple's design decision does not insulate it from competition. There are numerous alternative cloud and non-cloud storage options through which Apple mobile device users can store their data, and no one who owns an Apple mobile device is required to use iCloud at all. Instead of, or in addition to, a monthly iCloud+ subscription for those requiring more than iCloud's free 5 GB of storage, Apple device owners can and do use DropBox, Google One, Microsoft OneDrive, MEGA, IDrive, Box and other cloud storage services to remotely store their files. These undeniable market realities confirm that Plaintiffs' alleged relevant markets underpinning their monopoly case are meritless. *See Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 977 (9th Cir. 2023) ("[T]o establish a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

single-brand aftermarket, a plaintiff must show . . . general market definition principles regarding cross-elasticity of demand do not undermine the proposed single-brand market.").

Since its inception in 2011, iCloud has provided consumers a safe, seamless, and reliable means of remotely storing data and backing up their mobile devices on the go. Apple's design decisions have ensured that consumers can choose from multiple ways of backing up their data, without concern that doing so will compromise the security of their device and their private information. Those design and engineering decisions are therefore not the proper concern of the antitrust laws. Apple looks forward to defending Plaintiffs' baseless claims.

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by Plaintiffs in the Second Amended Complaint.

## RESPONSE TO SPECIFIC ALLEGATIONS

Numbered paragraphs below correspond to the like-numbered paragraphs in the Second Amended Complaint. For the avoidance of doubt, Apple denies any allegations contained in the Table of Contents, headings, subheadings, illustrations, or footnotes of the Amended Complaint, and specifically denies any liability to Plaintiffs. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the Second Amended Complaint to which no responsive pleading is required shall be deemed to be denied. Apple expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.[1]

## INTRODUCTION

1.      Apple admits that mobile devices may use cloud storage to host user data. The remaining allegations in Paragraph 1 are vague and ambiguous and otherwise constitute legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, on that basis, denies them.

---

[1] Answers to each paragraph of the Second Amended Complaint are made by Apple without waiving, but expressly reserving, all rights Apple may have to seek relief by appropriate motions directed to the allegations in the Second Amended Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

2.      The allegations in Paragraph 2 are vague and ambiguous and otherwise constitute legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 2.

3.      Apple admits that it launched iCloud in 2011. The remaining allegations in Paragraph 3 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 3.

4.      Apple admits that there are cloud storage products available on Apple mobile devices offered by "major technology companies," such as Google and Microsoft, and "numerous cloud-storage specialists," such as Dropbox, Sync.com, and IDrive. The remaining allegations in Paragraph 4 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 4.

5.      Apple denies that core app data and device files are, "from a technological and security standpoint," "no different" than other data on Apple mobile devices. The remaining allegations in Paragraph 5 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 5.

6.      Apple denies that it is necessary to purchase iCloud storage for app data and settings. Apple admits that in 2021 it commissioned an expert report that investigated, among other things, the factors users consider when subscribing to iCloud. The remaining allegations in Paragraph 6 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 6.

7.      Apple admits that it contracts with third parties to host iCloud data, and it also hosts iCloud data on its own infrastructure. Apple admits that the iOS Security Guide from October 2014 includes the language quoted in the second sentence of Paragraph 7. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third-party cloud

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

storage products. The remaining allegations in Paragraph 7 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 7.

8.    Apple admits that it charges fees for iCloud+ subscription plans. The remaining allegations in Paragraph 8 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 8.

9.    The allegations in Paragraph 9 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 9.

10.    The allegations in Paragraph 10 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 10.

11.    The allegations in Paragraph 11 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 11.

12.    The allegations in Paragraph 12 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 12.

13.    The allegations in Paragraph 13 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 13.

14.    Apple admits that the Court held in part that Plaintiffs had not alleged a relevant market for "full-service cloud storage" because the First Amended Complaint lacked "any plausible allegation that Apple device users value this single feature so much that it distinguishes iCloud from all other cloud storage options." Order Granting Mot. to Dismiss in Part at 11–12, ECF No. 70 ("MTD Order"). Apple admits that the Second Amended Complaint cites to the Expert Report of Dr. Carol Scott submitted in *Williams et al. v. Apple Inc.*, No. 5:19-cv-4700-LHK (N.D.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

4

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

Cal. Jan. 29, 2021) (the "Scott Report"), appended to Plaintiffs' Second Amended Complaint at Exhibit A. Apple admits that Apple's Opposition to Plaintiffs' Motion for Class Certification in *Williams*, appended to Plaintiffs' Second Amended Complaint at Exhibit B, cites to the Scott Report.

15.    Apple disagrees with Plaintiffs' characterization of Apple's Opposition to the Motion for Class Certification in *Williams*, and, on that basis, denies the allegations in Paragraph 15. The remaining allegations in Paragraph 15 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 15.

16.    The allegations in Paragraph 16 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 16.

17.    Apple admits that the Court held that Plaintiffs' market share allegations were "both mathematically and analytically wrong," and that "the more fundamental flaw" was that "even [the] corrected figure does not represent a market share. . . . A share of 'consumers served' is not the same" as market share "because each consumer may purchase a different amount of cloud storage, and even the consumers that use iCloud may use other cloud storage services as well." MTD Order at 17. The remaining allegations in Paragraph 17 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 17.

18.    Apple admits that the Court held that Plaintiffs had alleged barriers to entry but did not plausibly allege barriers to expansion. MTD Order at 18. The remaining allegations in Paragraph 18 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 18.

19.    Apple admits that the Court held that Plaintiffs did not "plausibly allege that Apple restricts output of cloud storage on Apple mobile devices." MTD Order at 16. The remaining allegations in Paragraph 19 are legal conclusions and characterizations, to which no responsive

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 19.

20.    Apple admits that the Court held that Plaintiffs' tying claim "fail[ed] for lack of concerted conduct" and "lack of a tying arrangement" necessary to allege tying under Section 1 of the Sherman Act. MTD Order at 7–8, 9. The remaining allegations in Paragraph 20 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 20.

21.    The allegations in Paragraph 21 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 21.

22.    The allegations in Paragraph 22 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 22.

## I.    JURISDICTION AND VENUE

23.    The allegations in Paragraph 23 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple admits that Plaintiffs purport to plead jurisdiction pursuant to 28 U.S.C. § 1331.

24.    The allegations in Paragraph 24 are legal conclusions and characterizations, to which no responsive pleading is required.

25.    The allegations in Paragraph 25 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 25.

## II.    PARTIES

26.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Juliana Felix Gamboa resides in Los Angeles, California. Apple admits that Ms. Felix Gamboa maintains a 200GB iCloud+ storage plan as of the filing of the Second Amended Complaint, and that the 200GB iCloud+ storage plan costs $2.99 a month. Apple denies that Ms. Felix Gamboa purchased a 200GB iCloud+ storage plan in or around September 2022.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

1   Apple admits that Ms. Felix Gamboa uses iCloud to store contacts, photos, and videos. The

2   allegation that Ms. Felix Gamboa uses iCloud to back up certain data "and other files" is vague

3   and ambiguous and, on that basis, Apple denies it. The remaining allegations in Paragraph 26 are

4   legal conclusions and characterizations, to which no responsive pleading is required. To the extent

5   any responsive pleading is required, Apple denies the remaining allegations in Paragraph 26.

6       27.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

7   the allegation that Plaintiff Thomas Dorobiala is a resident of Murrieta, California. Apple admits

8   that Mr. Dorobiala purchased a 50GB iCloud+ storage plan in October 2016, and that he upgraded

9   to the 200GB plan in August 2018 and to a 2 terabyte (TB) plan in June 2023. Apple admits the

10  2TB iCloud+ storage plan costs $9.99 a month. Apple admits that Mr. Dorobiala uses iCloud to

11  store contacts, mail, photos, and videos. The allegation that Mr. Dorobiala uses iCloud to back up

12  certain data "and other files" is vague and ambiguous and, on that basis, Apple denies it. The

13  remaining allegations in Paragraph 27 are legal conclusions and characterizations, to which no

14  responsive pleading is required. To the extent any responsive pleading is required, Apple denies

15  the remaining allegations in Paragraph 27.

16      28.    The allegation in Paragraph 28 that Apple "sells a variety of services, including

17  iCloud," is vague and ambiguous and Apple denies it on that basis. Apple admits the remaining

18  allegations in Paragraph 28.

19              **III.    RELEVANT FACTS**

20      29.    Apple admits that users may utilize third-party apps to complete various tasks and

21  activities. The remaining allegations in Paragraph 29 are vague and ambiguous and otherwise

22  constitute legal conclusions and characterizations, to which no responsive pleading is required. To

23  the extent any responsive pleading is required, Apple denies the remaining allegations in

24  Paragraph 29.

25      30.    Apple admits that it offers Apple mobile device users a suite of services. The

26  remaining allegations in Paragraph 30 are legal conclusions and characterizations, to which no

27  responsive pleading is required. To the extent any responsive pleading is required, Apple denies

28  the remaining allegations in Paragraph 30.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

31.     The allegations in Paragraph 31 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 31.

32.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials.

33.     Apple admits that cloud storage is available across a number of computing devices, including mobile devices. The remaining allegations in Paragraph 33 are vague and ambiguous and otherwise constitute legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 33.

34.     Apple admits that using cloud storage as a "means of 'backing up' a device so that it can be restored in the event it is lost or replaced" is one of multiple reasons one may use cloud storage.

35.     Apple admits that its cloud storage service is called iCloud and that it launched iCloud in 2011. Apple admits that user photos, videos, music, device settings, and apps can be stored on iCloud. The remaining allegations in Paragraph 35 are vague and ambiguous, and, on that basis, Apple denies them.

36.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. Apple admits its services line of business comprises of, among other things, Apple's third-party licensing arrangements, subscription-based services, and Apple Pay. The remaining allegations in Paragraph 36 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 36.

37.     Apple admits that Apple device holders are given 5GB of free iCloud storage space and that it offers iCloud+ subscriptions for the prices listed in Paragraph 37 as of the filing of the Second Amended Complaint. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and, on that basis, denies them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

38.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials.

39.     Apple admits that it contracts with third parties to host iCloud data, and it also hosts iCloud data on its own infrastructure. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 39 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 39.

40.     Apple admits that in 2021 it commissioned an expert report that investigated, among other things, the factors users consider when subscribing to iCloud (the Scott Report). Apple denies that the Scott Report "confirm[s] that the core reason Apple's customers purchase iCloud for cloud storage is that iCloud is capable of backing up all files on their devices." Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and, on that basis, denies them.

41.     Apple admits the allegations in Paragraph 41.

42.     Apple admits that the Scott Report stated it was "designed in part" for the reasons quoted in Paragraph 42.

43.     Apple disagrees with Plaintiffs' characterization that the Scott Report survey "overwhelmingly" demonstrated the result cited in the first sentence of Paragraph 43. Apple admits that the Scott Report includes the remaining language quoted in the third and fourth sentences of Paragraph 43.

44.     Apple admits that the Scott Report includes the language quoted in Paragraph 44.

45.     Apple denies that the Scott Report attributes the survey respondents' use of iCloud usage to "iCloud's 'unique' ability to back up all file types." Apple admits that the Scott Report includes the remaining language quoted in the second and third sentences of Paragraph 45. Apple denies the remaining allegations in Paragraph 45.

46.     Apple denies that Apple mobile device users are required to use "a full-service cloud platform" to back up core app data and device files. The remaining allegations in

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

1   Paragraph 46 are legal conclusions and characterizations, to which no responsive pleading is

2   required. To the extent any responsive pleading is required, Apple denies the remaining allegations

3   in Paragraph 46.

    47.    Apple admits that Dr. Lorin Hitt's report in the *Williams* case includes the language

5   quoted in the second sentence of Paragraph 47. Apple denies the remaining allegations in

6   Paragraph 47.

    48.    Apple admits that it relied on the Scott Report's findings in litigation. The

8   remaining allegations in Paragraph 48 are mischaracterizations of both the findings in the Scott

9   Report and Apple's prior positions, and, on that basis, Apple denies them.

    49.    The allegations in Paragraph 49 are vague and ambiguous and otherwise constitute

11  legal conclusions and characterizations, to which no responsive pleading is required. To the extent

12  any responsive pleading is required, Apple denies the remaining allegations in Paragraph 49.

    50.    Apple admits that Apple's Opposition to the Class Certification Motion in *Williams*

14  includes the language quoted in the last sentence of Paragraph 50. The remaining allegations in

15  Paragraph 50 are legal conclusions and characterizations, to which no responsive pleading is

16  required. To the extent any responsive pleading is required, Apple denies the remaining allegations

17  in Paragraph 50.

    51.    Apple admits that Apple's Opposition to the Class Certification Motion in *Williams*

19  includes the language quoted in the third sentence of Paragraph 51. The remaining allegations in

20  Paragraph 51 are legal conclusions and characterizations, to which no responsive pleading is

21  required. To the extent any responsive pleading is required, Apple denies the remaining allegations

22  in Paragraph 51.

    52.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

24  the allegations regarding third-party cloud storage products. The remaining allegations in

25  Paragraph 52 are legal conclusions and characterizations, to which no responsive pleading is

26  required. To the extent any responsive pleading is required, Apple denies the remaining allegations

27  in Paragraph 52.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

53. The allegations in Paragraph 53 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 53.

54. The allegations in Paragraph 54 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 54.

55. The allegations in Paragraph 55 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 55.

56. The allegations in Paragraph 56 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 56.

57. The allegations in Paragraph 57 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 57.

58. The allegations in Paragraph 58 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 58.

59. The allegations in Paragraph 59 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 59.

60. The allegations in Paragraph 60 are vague and ambiguous and otherwise constitute legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 60.

61. The allegations in Paragraph 61 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies that there are no comparable, reasonably interchangeable substitutes for cloud storage on Apple Mobile Devices.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

62.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third-party cloud storage products. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 62 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 62.

63.     Apple denies that iCloud is "not available on Android devices." The remaining allegations in Paragraph 63 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 63.

64.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 64 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 64.

65.     The allegations in Paragraph 65 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 65.

66.     Apple admits that Apple mobile devices can be backed up locally to a Mac or PC using iTunes. Apple denies that "users cannot store or back up content from . . . iTunes, or PDFs downloaded directly from Apple Books, on a local hard drive." The allegation that "users cannot store or back up content from app stores . . . on a local hard drive" is vague and ambiguous, and on that basis, Apple denies it. The remaining allegations in Paragraph 66 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 66.

67.     Apple admits that Apple mobile devices can be backed up locally to a Mac or PC. Apple denies that Apple mobile device users can back up their device on their Mac or PC "only by physically connecting their device" via cables. The remaining allegations in Paragraph 67 are

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 67.

68.     Apple denies that users cannot remotely access data stored on a Mac or PC via Apple mobile devices. The remaining allegations in Paragraph 68 are vague and ambiguous and otherwise constitute legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 68.

69.     Apple admits that the Scott Report includes the language quoted in the first and second sentences of Paragraph 69. Apple admits that Apple's Opposition to the Class Certification Motion in *Williams* includes the language quoted in the last sentence of Paragraph 69. The remaining allegations in Paragraph 69 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 69.

70.     The allegations in Paragraph 70 are vague and ambiguous and otherwise constitute legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 70.

71.     The allegations in Paragraph 71 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 71.

72.     Apple admits that there are cloud storage products available on Apple mobile devices other than iCloud. Apple denies that it "actively promotes" the ability to comprehensively back up all files on iCloud "to distinguish its iCloud product." The remaining allegations in Paragraph 72 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 72.

73.     Apple admits that the Scott Report includes the language quoted in the first sentence of Paragraph 73. The remaining allegations in Paragraph 73 are legal conclusions and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

1  characterizations, to which no responsive pleading is required. To the extent any responsive

2  pleading is required, Apple denies the remaining allegations in Paragraph 73.

3       74.     Apple admits that the Scott Report includes the language quoted in the second and

4  third sentences of Paragraph 74. The remaining allegations in Paragraph 74 are legal conclusions

5  and characterizations, to which no responsive pleading is required. To the extent that any

6  responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief

7  as to the truth of the allegations in Paragraph 74 and, on that basis, denies them.

8       75.     Apple admits that Apple's Opposition to the Class Certification Motion in *Williams*

9  includes the language quoted in the second sentence of Paragraph 75. The remaining allegations

10  in Paragraph 75 are legal conclusions and characterizations, to which no responsive pleading is

11  required. To the extent any responsive pleading is required, Apple denies the remaining allegations

12  in Paragraph 75.

13       76.     Apple admits that the Scott Report includes the language quoted in the last sentence

14  of Paragraph 76. The remaining allegations in Paragraph 76 are legal conclusions and

15  characterizations, to which no responsive pleading is required. To the extent any responsive

16  pleading is required, Apple denies the remaining allegations in Paragraph 76.

17       77.     Apple admits that the Scott Report includes the language quoted in the first and last

18  sentences of Paragraph 77. The remaining allegations in Paragraph 77 are legal conclusions and

19  characterizations, to which no responsive pleading is required. To the extent any responsive

20  pleading is required, Apple denies the remaining allegations in Paragraph 77.

21       78.     The allegations in Paragraph 78 are legal conclusions and characterizations, to

22  which no responsive pleading is required. To the extent any responsive pleading is required, Apple

23  denies the allegations in Paragraph 78.

24       79.     The allegations in Paragraph 79 are legal conclusions and characterizations, to

25  which no responsive pleading is required. To the extent any responsive pleading is required, Apple

26  denies the allegations in Paragraph 79.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

80.    The allegations in Paragraph 80 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 80

81.    The allegations in Paragraph 81 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 81.

82.    Apple admits that iCloud+ pricing in the United Kingdom increased in June 2023 and has not changed since then. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 82 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 82.

83.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, on that basis, denies them.

84.    The allegations in Paragraph 84 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent that any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, on that basis, denies them.

85.    The allegations in Paragraph 85 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent that any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, on that basis, denies them.

86.    The allegations in Paragraph 86 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, denies them.

87.    Apple admits that it in the United States, it offers the following iCloud+ storage tiers: 50GB for $0.99 per month, 200GB for $2.99 per month, and 2TB for $9.99 per month. The

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

remaining allegations in Paragraph 87 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and, on that basis, denies them.

88.    The allegations in Paragraph 88 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, denies them.

89.    Apple admits that iCloud+ pricing in the United Kingdom increased in June 2023 and has not changed since then. The remaining allegations in Paragraph 89 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent that any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 and, on that basis, denies them.

90.    Apple admits that iCloud+ pricing in the United Kingdom increased in June 2023 and has not changed since then. The remaining allegations in Paragraph 90 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent that any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 and, on that basis, denies them.

91.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 91 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 91.

92.    Apple denies that local storage is free to the user and that the price for local backups is $0. The remaining allegations in Paragraph 92 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 92.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

93.     The allegations in Paragraph 93 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 93.

94.     Apple admits that the iCloud Terms and Conditions include the language quoted in the last sentence of Paragraph 94. The remaining allegations in Paragraph 94 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 94.

95.     Apple admits that there are cloud storage products available on Apple mobile devices other than iCloud. The remaining allegations in Paragraph 95 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 95.

96.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 96 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 and, on that basis, denies them.

97.     The allegations in Paragraph 97 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent that any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, on that basis, denies them.

98.     The allegations in Paragraph 98 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent that any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, on that basis, denies them.

99.     The allegations in Paragraph 99 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 99 and, on that basis, denies them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

100.     The allegations in Paragraph 100 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent that any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, on that basis, denies them.

101.     The allegations in Paragraph 101 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 101.

102.     The allegations in Paragraph 102 are vague and ambiguous and otherwise constitute legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 102.

103.     The allegations in Paragraph 103 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 103.

104.     Apple admits that the Scott Report includes the language quoted in the fourth sentence of Paragraph 104. Apple admits that Apple's Opposition to the Class Certification Motion in *Williams* includes the language quoted in the last sentence of Paragraph 104. The remaining allegations in Paragraph 104 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 104.

105.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 105 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 and, on that basis, denies them.

106.     The allegations in Paragraph 106 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 106.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

107.    The allegations in Paragraph 107 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 107.

108.    The allegations in Paragraph 108 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 108.

109.    The allegations in Paragraph 109 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 109.

110.    Apple denies that "iCloud is available only on Apple devices." Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 110 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 110.

111.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 111 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 111.

112.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 112 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 112.

113.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 113 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 113.

114.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 114 are legal

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 114.

115. The allegations in Paragraph 115 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 115.

116. The allegations in Paragraph 116 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 116.

117. The allegations in Paragraph 117 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 117.

118. The allegations in Paragraph 118 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 118.

119. Apple admits that it contracts with third parties to host iCloud data, and it also hosts iCloud data on its own infrastructure. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 119 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 119.

120. The allegations in Paragraph 120 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 120.

121. Apple denies the allegations in Paragraph 121.

122. Apple admits that it has reported company-wide gross margins slightly above 40% from fiscal year 2021 through 2024. The remaining allegations in Paragraph 122 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 122.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

123.    Apple denies the allegations in Paragraph 123.

124.    The allegations in Paragraph 124 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 124.

125.    The allegations in Paragraph 125 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 125.

126.    The allegations in Paragraph 126 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 126.

127.    Apple admits that Apple's Opposition to the Class Certification Motion in *Williams* includes the language quoted in the first sentence of Paragraph 127. The remaining allegations in Paragraph 127 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 127.

128.    The allegations in Paragraph 128 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, on that basis, denies them.

129.    The allegations in Paragraph 129 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 129.

130.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 130 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 130.

131.    The allegations in Paragraph 131 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

1    denies the allegations in Paragraph 131.

2        132.    The allegations in Paragraph 132 are legal conclusions and characterizations, to

3    which no responsive pleading is required. To the extent any responsive pleading is required, Apple

4    denies the allegations in Paragraph 132.

5        133.    The allegations in Paragraph 133 are legal conclusions and characterizations, to

6    which no responsive pleading is required. To the extent any responsive pleading is required, Apple

7    denies the remaining allegations in Paragraph 133.

8        134.    Apple disagrees with the characterizations from the third-party materials and, on

9    that basis, denies them. The remaining allegations in Paragraph 134 are legal conclusions and

10   characterizations, to which no responsive pleading is required. To the extent any responsive

11   pleading is required, Apple denies the remaining allegations in Paragraph 134.

12       135.    Apple admits that core app data and device files are some of the files needed to

13   restore Apple mobile devices. The remaining allegations in Paragraph 135 are legal conclusions

14   and characterizations, to which no responsive pleading is required. To the extent any responsive

15   pleading is required, Apple denies the remaining allegations in Paragraph 135.

16       136.    Apple admits that Apple's Opposition to the Class Certification Motion in *Williams*

17   includes the language referenced in the second sentence of Paragraph 136. The remaining

18   allegations in Paragraph 136 are legal conclusions and characterizations, to which no responsive

19   pleading is required. To the extent any responsive pleading is required, Apple denies the remaining

20   allegations in Paragraph 136.

21       137.    The allegations in Paragraph 137 are legal conclusions and characterizations, to

22   which no responsive pleading is required. To the extent any responsive pleading is required, Apple

23   denies the allegations in Paragraph 137.

24       138.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

25   the allegations in the first sentence of Paragraph 138. The remaining allegations in Paragraph 138

26   are legal conclusions and characterizations, to which no responsive pleading is required. To the

27   extent any responsive pleading is required, Apple denies the remaining allegations in

28   Paragraph 138.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

22

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

139.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding third-party cloud storage products or mobile device manufacturers. Apple disagrees with Plaintiffs' characterization of the iOS Security Guide from October 2014, and, on that basis, denies the allegations in Paragraph 139. The remaining allegations in Paragraph 139 are vague and ambiguous and legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 139.

140.     The allegations in Paragraph 140 are vague and ambiguous and otherwise constitute legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 140.

141.     Apple admits that it contracts with third parties to host iCloud data, and it also hosts iCloud data on its own infrastructure. The remaining allegations in Paragraph 141 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 141.

142.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 142 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 142.

143.     Apple admits that the Scott Report includes the language quoted in the second sentence of Paragraph 143. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 143 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 143.

144.     Apple admits that Advanced Data Protection for iCloud is an optional setting that must be enabled via Apple mobile device settings and offers a higher level of cloud data security than standard data protection. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

1    Paragraph 144 are legal conclusions and characterizations, to which no responsive pleading is

2    required. To the extent any responsive pleading is required, Apple denies the remaining allegations

3    in Paragraph 144.

4        145.    Apple admits that it uses both 128- and 256-bit AES encryption to transmit and

5    store certain iCloud data. Apple lacks knowledge or information sufficient to form a belief as to

6    the truth of the allegations from third-party materials. The remaining allegations in Paragraph 145

7    are legal conclusions and characterizations, to which no responsive pleading is required. To the

8    extent any responsive pleading is required, Apple denies the remaining allegations in

9    Paragraph 145.

10       146.    The allegations in Paragraph 146 are legal conclusions and characterizations, to

11   which no responsive pleading is required. To the extent any responsive pleading is required, Apple

12   lacks knowledge or information sufficient to form a belief as to the truth of the allegations from

13   third-party materials.

14       147.    The allegations in Paragraph 147 are legal conclusions and characterizations, to

15   which no responsive pleading is required. To the extent any responsive pleading is required, Apple

16   denies the allegations in Paragraph 147.

17       148.    The allegations in Paragraph 148 are legal conclusions and characterizations, to

18   which no responsive pleading is required. To the extent any responsive pleading is required, Apple

19   denies the allegations in Paragraph 148.

20       149.    The allegations in Paragraph 149 are legal conclusions and characterizations, to

21   which no responsive pleading is required. To the extent any responsive pleading is required, Apple

22   denies the allegations in Paragraph 149.

23       150.    The allegations in Paragraph 150 are legal conclusions and characterizations, to

24   which no responsive pleading is required. To the extent any responsive pleading is required, Apple

25   denies the allegations in Paragraph 150.

26       151.    Apple admits that Apple's Opposition to the Class Certification Motion in *Williams*

27   includes the language quoted in Paragraph 151. The remaining allegations in Paragraph 151 are

28   legal conclusions and characterizations, to which no responsive pleading is required. To the extent

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

any responsive pleading is required, Apple denies the remaining allegations in Paragraph 151.

152.    The allegations in Paragraph 152 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 152.

153.    The allegations in Paragraph 153 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 153.

154.    The allegations in Paragraph 154 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 154.

155.    Apple denies that Apple mobile device users are required to use iCloud to back up core app data and device files. Apple denies that "anyone requiring more than 5GB of storage . . . must pay for it." The remaining allegations in Paragraph 155 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 155.

156.    The allegations in Paragraph 156 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 156.

157.    Apple admits it manufactured iPhones before iCloud was launched in 2011. Apple admits that Apple mobile device users are not required to purchase or use iCloud. Apple admits that iCloud+ can be purchased and used on its personal computers. The remaining allegations in Paragraph 157 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157 and, on that basis, denies them.

158.    The allegations in Paragraph 158 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 158.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

159.    The allegations in Paragraph 159 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 159.

160.    Apple admits that the iOS Security Guide from October 2014 includes the language quoted in the last sentence of Paragraph 160. The remaining allegations in Paragraph 160 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 160.

161.    The allegations in Paragraph 161 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 161.

162.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 162 are vague and ambiguous and otherwise constitute legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 162

163.    The allegations in Paragraph 163 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 163.

164.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 164 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 164.

165.    Apple admits that it launched iPhone in 2007. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 165 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 165.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

166.    The allegations in Paragraph 166 are vague and ambiguous and otherwise constitute legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 166.

167.    Apple admits that it launched iPad in 2010. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 167 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 167.

168.    Apple admits that iPads have larger screens than iPhones. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168.

169.    Apple admits that tablets have larger screens than mobile phones and tablets can facilitate the activities and functionalities listed in the fourth sentence of Paragraph 169. The remaining allegations in Paragraph 169 are vague and ambiguous and otherwise constitute legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the last sentence in Paragraph 169.

170.    The allegations in Paragraph 170 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 are vague and ambiguous and otherwise constitute legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 171.

172.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations from third-party materials. The remaining allegations in Paragraph 172 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 172.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

1

### IV.    INTERSTATE TRADE AND COMMERCE

2      173.    The allegations in Paragraph 173 are legal conclusions and characterizations, to

3  which no responsive pleading is required. To the extent any responsive pleading is required, Apple

4  denies the allegations in Paragraph 173.

5

### V.    CLASS ALLEGATIONS

6      174.    The allegations in Paragraph 174 are legal conclusions and characterizations, to

7  which no responsive pleading is required.

8      175.    The allegations in Paragraph 175 are legal conclusions and characterizations, to

9  which no responsive pleading is required. To the extent any responsive pleading is required, Apple

10  denies the allegations in Paragraph 175.

11      176.    The allegations in Paragraph 176 are legal conclusions and characterizations, to

12  which no responsive pleading is required. To the extent any responsive pleading is required, Apple

13  denies the allegations in Paragraph 176.

14      177.    The allegations in Paragraph 177 are legal conclusions and characterizations, to

15  which no responsive pleading is required. To the extent any responsive pleading is required, Apple

16  denies the allegations in Paragraph 177.

17      178.    The allegations in Paragraph 178 are legal conclusions and characterizations, to

18  which no responsive pleading is required. To the extent any responsive pleading is required, Apple

19  denies the allegations in Paragraphs 178 through 178(g).

20      179.    The allegations in Paragraph 179 are legal conclusions and characterizations, to

21  which no responsive pleading is required. To the extent any responsive pleading is required, Apple

22  denies the allegations in Paragraph 179.

23      180.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

24  the allegation that "[c]lass counsel have been investigating the claims asserted in [the] Second

25  Amended Complaint since November 2023, have invested substantial resources developing these

26  claims, [and] have developed a proprietary case in that this case is not based on some public

27  announcement of an antitrust violation." The remaining allegations in Paragraph 180 are legal

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 180.

181.    The allegations in Paragraph 181 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 181.

182.    The allegations in Paragraph 182 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 182.

183.    The allegations in Paragraph 183 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 183.

## VI.    STANDING AND ANTITRUST INJURY

184.    Apple admits that the Named Plaintiffs purchased iCloud+ storage plans from Apple. The remaining allegations in Paragraph 184 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the remaining allegations in Paragraph 184.

185.    The allegations in Paragraph 185 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 185.

186.    The allegations in Paragraph 186 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 186.

## VII.    CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### Violation of the Sherman Act – Monopolization (15 U.S.C. §§ 1, 2, 3)

187.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Second Amended Complaint, as though fully set forth herein.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

188.    The allegations in Paragraph 188 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 188.

189.    The allegations in Paragraph 189 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 189.

190.    The allegations in Paragraph 190 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 190.

191.    The allegations in Paragraph 191 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 191.

192.    The allegations in Paragraph 192 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 192.

193.    The allegations in Paragraph 193 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 193.

194.    The allegations in Paragraph 194 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 194.

195.    The allegations in Paragraph 195 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 195.

196.    The allegations in Paragraph 196 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 196.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

1

## SECOND CAUSE OF ACTION

2

**Violation of the Sherman Act – Attempted Monopolization (15 U.S.C. § 2)**

3    197.    Apple reasserts and hereby incorporates by reference its responses to each

4    Paragraph of Plaintiffs' Second Amended Complaint, as though fully set forth herein.

5    198.    The allegations in Paragraph 198 are legal conclusions and characterizations, to

6    which no responsive pleading is required. To the extent any responsive pleading is required, Apple

7    denies the allegations in Paragraph 198.

8    199.    The allegations in Paragraph 199 are legal conclusions and characterizations, to

9    which no responsive pleading is required. To the extent any responsive pleading is required, Apple

10   denies the allegations in Paragraph 199.

11   200.    The allegations in Paragraph 200 are legal conclusions and characterizations, to

12   which no responsive pleading is required. To the extent any responsive pleading is required, Apple

13   denies the allegations in Paragraph 200.

14   201.    The allegations in Paragraph 201 are legal conclusions and characterizations, to

15   which no responsive pleading is required. To the extent any responsive pleading is required, Apple

16   denies the allegations in Paragraph 201.

17   202.    The allegations in Paragraph 202 are legal conclusions and characterizations, to

18   which no responsive pleading is required. To the extent any responsive pleading is required, Apple

19   denies the allegations in Paragraph 202.

20   203.    The allegations in Paragraph 203 are legal conclusions and characterizations, to

21   which no responsive pleading is required. To the extent any responsive pleading is required, Apple

22   denies the allegations in Paragraph 203.

23   204.    The allegations in Paragraph 204 are legal conclusions and characterizations, to

24   which no responsive pleading is required. To the extent any responsive pleading is required, Apple

25   denies the allegations in Paragraph 204.

26   205.    The allegations in Paragraph 205 are legal conclusions and characterizations, to

27   which no responsive pleading is required. To the extent any responsive pleading is required, Apple

28   denies the allegations in Paragraph 205.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

31

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

206.    The allegations in Paragraph 206 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 206.

207.    The allegations in Paragraph 207 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 207.

208.    The allegations in Paragraph 208 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 208.

## THIRD CAUSE OF ACTION

### Violation of the Sherman Act – Tying (15 U.S.C. §§ 1, 2, 3)

209.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Second Amended Complaint, as though fully set forth herein.

210.    The allegations in Paragraph 210 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 210.

211.    The allegations in Paragraph 211 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 211.

212.    The allegations in Paragraph 212 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 212.

213.    The allegations in Paragraph 213 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 213.

214.    The allegations in Paragraph 214 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 214.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

215.    The allegations in Paragraph 215 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 215.

216.    The allegations in Paragraph 216 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 216.

217.    The allegations in Paragraph 217 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 217.

218.    The allegations in Paragraph 218 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 218.

219.    The allegations in Paragraph 219 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 219.

## FOURTH CAUSE OF ACTION

**Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200, et seq.**

**(Limited To California Subclass)**

220.    Apple reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Second Amended Complaint, as though fully set forth herein.

221.    The allegations in Paragraph 221 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 221.

222.    The allegations in Paragraph 222 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 222.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

223.    The allegations in Paragraph 223 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 223.

224.    The allegations in Paragraph 224 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 224.

225.    The allegations in Paragraph 225 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 225.

226.    The allegations in Paragraph 226 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Apple denies the allegations in Paragraph 226.

## APPLE'S DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, and without conceding that it bears the burden of proof or production, hereby asserts the following defenses. None of Apple's affirmative defenses are intended to admit or concede any element of Plaintiffs' claims. Apple reserves the right to supplement these defenses as discovery progresses or in the event Plaintiffs amend their pleadings.

### First Defense

### (Failure to State a Cause of Action)

The Second Amended Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

### Second Defense

### (Legitimate Business Justifications)

Apple alleges, without admitting any liability whatsoever, that at all times its conduct was reasonable and that its actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

1

## Third Defense

2

### (Lack of Injury or Threatened Injury)

3    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have neither sustained

4    nor are threatened by any injury in fact or cognizable antitrust injury proximately caused by an act

5    or omission by Apple.

6

## Fourth Defense

7

### (No Harm to Competition or Consumers)

8    Plaintiffs' claims are barred, in whole or in part, for failure to allege any plausible harm to

9    competition or consumers.

10

## Fifth Defense

11

### (Statute of Limitations)

12    Plaintiffs' claims are barred, in whole or in part, by the statute of limitations applicable to

13    their respective claims.

14

## Sixth Defense

15

### (No Entitlement to Injunctive Relief)

16    Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not

17    immediate or irreparable, and Plaintiffs have an adequate remedy at law.

18

## Seventh Defense

19

### (Relief Contrary to Public Interest, Inequitable, Impractical, and Unworkable)

20    The relief sought by Plaintiffs would be contrary to the public interest, harm consumers,

21    and is otherwise inequitable, impractical, and unworkable.

22

## Eighth Defense

23

### (No Legally Cognizable Relevant Product Market)

24    Plaintiffs' claims are barred, in whole or in part, because the Second Amended Complaint

25    fails to allege any legally cognizable relevant product market.

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

**Ninth Defense**

**(No Market Power)**

Apple has never had, and is unlikely to obtain, market power in any properly defined relevant market.

**Tenth Defense**

**(Protected Rights – Intellectual Property & Other Statutes)**

Plaintiffs' claims are barred, in whole or in part, insofar as they make claims or seek remedies that conflict with Apple's rights under intellectual property law or other statutes.

**Eleventh Defense**

**(Limitation of Liability)**

Plaintiffs are parties to one or more agreements with Apple that bar their claims, in whole or in part, because of applicable limitation of liability provisions contained therein.

**Twelfth Defense**

**(Protected Rights – Contract)**

Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs make claims or seek remedies that conflict with, are barred by, or are waived by the terms of Plaintiffs' agreements with Apple.

**Thirteenth Defense**

**(Ratification/Agreement/Acquiescence/Consent)**

Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' ratification, agreement, acquiescence, authorization, or consent to Apple's alleged conduct, by means of entering into one or more agreements to subscribe to iCloud+ while aware of Apple's alleged conduct.

**Fourteenth Defense**

**(Lack of Standing)**

Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs lack standing to assert any or all of the claims alleged in the Second Amended Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

1

**Fifteenth Defense**

2

**(Improper Class Action)**

3       Plaintiffs' claims, and those of the purported class, are barred in whole or in part, because

4   the action is not properly maintainable as a class action as alleged by Plaintiffs.

5

**Sixteenth Defense**

6

**(Uninjured Class Members)**

7       To the extent Plaintiffs and the alleged class seek relief on behalf of purported class

8   members who have not suffered any injury, the Second Amended Complaint and each of its claims

9   for relief therein violate Apple's rights to due process under the United States Constitution.

10

**Seventeenth Defense**

11

**(Unjust Enrichment)**

12      The claims of Plaintiffs and the alleged class are barred in whole or in part to the extent

13  that they seek or would recover damages or other relief that would result in unjust enrichment to

14  Plaintiffs.

15

**Eighteenth Defense**

16

**(No Entitlement to Declaratory Relief)**

17  Plaintiffs are not entitled to declaratory relief.

18

**Nineteenth Defense**

19

**(Laches)**

20  Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

21

**Twentieth Defense**

22

**(No Entitlement to Interest, Attorney's Fees or Costs)**

23  Plaintiffs are not entitled to interest, attorney's fees, or costs in connection with this action.

24

**ADDITIONAL DEFENSES**

25      Apple presently has insufficient knowledge or information to determine whether it may

26  have additional, as-yet-unstated defenses. Apple has not knowingly or intentionally waived any

27  applicable defenses and reserves the right to assert additional defenses as they become known to

28  it through discovery in this matter. Apple reserves the right to amend this Answer to add, delete,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL

1   or modify defenses based upon legal theories that may be or will be divulged through clarification

2   of Plaintiffs' Second Amended Complaint, through discovery, or through further legal analysis of

3   Plaintiffs' position in this litigation.

4

5   Dated:  July 21, 2025                          Respectfully submitted,

6                                                  LATHAM & WATKINS LLP

7                                                  By:  */s/ Belinda S Lee*

8                                                  Belinda S Lee (SBN 199635)
                                                     *belinda.lee@lw.com*
9                                                  Sarah M. Ray (SBN 229670)
                                                     *sarah.ray@lw.com*
10                                                 Aaron T. Chiu (SBN 287788)
                                                     *aaron.chiu@lw.com*
11                                                 Alicia R. Jovais (SBN 296172)
                                                     *alicia.jovais@lw.com*
12                                                 505 Montgomery Street, Suite 2000
                                                   San Francisco, California 94111-6538
13                                                 Telephone: +1.415.391.0600
                                                   Fax: +1.415.395.8095
14
15                                                 *Attorneys for Defendant Apple Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38

APPLE INC.'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. 5:24-cv-01270-EKL