UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JULIANNA FELIX GAMBOA, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>  Defendant. | Case No. 24-cv-01270-EKL (VKD)<br><br>**ORDER RE DECEMBER 2, 2025 DISCOVERY DISPUTE AND RELATED SEALING MOTIONS**<br><br>Re: Dkt. Nos. 83, 84, 85 |

The parties ask the Court to resolve their disputes regarding plaintiffs' document discovery from defendant Apple, Inc. ("Apple"). Dkt. No. 83. The Court finds this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

Plaintiffs also move to seal portions of the discovery letter brief and Exhibits 2-6 (in their entirety) on the ground that Apple claims the contents are confidential. Dkt. Nos. 84, 85.

## I.  DISCOVERY DISPUTE

The parties' joint discovery dispute letter raises two disputes: (1) whether Apple should be required to search for and produce documents from the custodial files of two high-level executives, Steve Jobs and Eddy Cue; and (2) whether Apple should be required to disclose to plaintiffs the number of documents collected for each of its custodians, by year. Dkt. No. 83 at 1. The Court addresses each dispute separately.

### A.  Custodial Files of Steve Jobs and Eddy Cue

Plaintiffs have demonstrated that Mr. Jobs and Mr. Cue are likely to have relevant information regarding Apple's contention that the product-design decision at issue in this case was made "at the inception of iCloud in 2011." *Id.* at 1 (quoting and citing Apple's motion to dismiss,

Dkt. No. 66 at 22). Although Apple has agreed to search for and produce documents from several custodians with responsibility for different aspects of Apple's iCloud service, those with responsibilities in the 2010-2011 time period appear to have held positions as engineer, engineering director or manager, and applications manager. *See id.* at 6-7. Apple does not contend that any of these custodians had *decision-making* responsibility with respect to the design decision at issue.

Moreover, plaintiffs have shown that Mr. Jobs and Mr. Cue were in unique roles with respect to decision-making about the iCloud service during the period 2010-2011, and are therefore likely to have unique, relevant information that Apple's other custodians would not have. Accordingly, the Court orders Apple to search for and produce relevant documents from the custodial files of Mr. Jobs and Mr. Cue. However, given plaintiffs' reasons for seeking this discovery, appropriate date restrictions on the search and collection from either or both custodians' files may be appropriate. The parties must confer further on this point.

### B. Disclosure of Number of Documents Collected per Custodian, by Year

The Court understands that Apple has agreed to apply all of plaintiffs' proposed search terms to its custodial document collections, and that Apple has also, at plaintiffs' request, provided "hit reports"—i.e., the number of documents hit by each search term. *Id.* at 8-9. Plaintiffs ask that Apple be required to also provide "the number of documents collected for each custodian by year," so that plaintiffs can "understand whether there are gaps in the custodial collections, especially for crucial time frames (such as the time surrounding iCloud's launch)." *Id.* at 4.

As a general matter, the parties are expected to cooperate on issues relating to the collection and production of electronically stored information. Plaintiffs raise concerns that Apple has produced few responsive documents, particularly for "crucial" time periods. Although plaintiffs do not identify the "gaps" they claim exist in Apple's custodial collections or the time periods they consider "crucial," this is the kind of issue the parties should discuss and address without court intervention. While the Court will not require Apple to produce "granular metrics" regarding its document collection efforts, *see id.* at 9, the Court does not understand plaintiffs to demand any such metrics. Plaintiffs want to know only how many documents Apple has collected

for each custodian by year. If, as plaintiffs contend, this information can be easily generated by Apple using an automated process, Apple must provide the information.

## II.   MOTIONS TO SEAL

Plaintiffs move to seal portions of the discovery letter brief and Exhibits 2-6 (in their entirety) on the ground that Apple claims the contents are confidential. Dkt. No. 85. Relatedly, plaintiffs move to seal previously filed copies of Exhibits 2-6 (Dkt. Nos. 82-2 through 82-6), which plaintiffs say they inadvertently filed on the public docket. Dkt. No. 84. Apple submitted a declaration of its counsel in support of the sealing motion, stating that the contents of the subject documents discuss Apple's confidential business strategies and decisions. Dkt. No. 86. As plaintiffs' sealing motion relates to a discovery matter, the good cause standard applies. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Plaintiffs' motion to seal portions of the discovery letter brief is denied, as the designated portions are high-level descriptions of document contents, and Apple has not shown good cause to seal those portions of the letter brief. Good cause appearing, the motion to seal Exhibits 2-6, which comprise internal Apple emails, is granted. Those documents shall remain sealed. Plaintiffs' motion to seal the earlier-filed Exhibits 2-6, which have been provisionally locked by the Clerk of Court from the public docket, is also granted. That earlier filing (Dkt. No. 82) shall remain sealed. By **January 23, 2026**, plaintiffs shall file an unredacted version of the discovery letter brief on the public docket in compliance with this order.

**IT IS SO ORDERED.**

Dated: January 12, 2026

Virginia K. DeMarchi
United States Magistrate Judge