LATHAM & WATKINS LLP
  Belinda S Lee (Cal. Bar No. 199635)
   *belinda.lee@lw.com*
  Sarah M. Ray (Cal. Bar No. 229670)
   *sarah.ray@lw.com*
  Aaron T. Chiu (Cal. Bar No. 287788)
   *aaron.chiu@lw.com*
  Alicia R. Jovais (Cal. Bar No. 296172)
   *alicia.jovais@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JULIANNA FELIX GAMBOA and THOMAS DOROBIALA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>APPLE INC.<br><br>                    Defendant. | CASE NO. 5:24-cv-01270-EKL (VKD)<br><br>**APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS JULIANNA FELIX GAMBOA**<br><br>Date:   July 15, 2026<br>Time:   10:00 am<br>Place:  Courtroom 7<br>Judge:  Hon. Eumi K. Lee |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ......................................................................................................... 1

II.   STATEMENT OF FACTS ........................................................................................... 2

III.  DISCUSSION .............................................................................................................. 5

      A.    The Court should condition Ms. Gamboa's dismissal on responses to all outstanding discovery, including Apple's March 31 Requests.

      B.    Hagens cannot avoid discovery into Ms. Gamboa's spoliation of documents.

      C.    Apple agrees to a significant extension of Ms. Gamboa's discovery responses.

IV.   CONCLUSION ............................................................................................................ 10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

## TABLE OF AUTHORITIES

**CASES**

*Affinity Credit Union, et al v. Apple Inc.*,
No. 22-cv-4174 (N.D. Cal.) ........................................................................................... 4

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
881 F. Supp. 2d 1132 (N.D. Cal. 2012) ....................................................................... 11

*Benanav v. Healthy Paws Pet Insurance LLC*,
No. 2:20-cv-00421-LK, 2023 WL 5227702 (W.D. Wash. Aug. 15, 2023) .......................... 6

*Floyd v. Amazon.com Inc.*,
No. C22-1599-KKE, 2024 WL 3845869 (W.D. Wash. Aug. 16, 2024) ................................ 8

*Floyd v. Amazon.com Inc.*,
No. C22-1599-KKE, 2025 WL 1094391 (W.D. Wash. Apr. 10, 2025) ............................. 2, 4

*Floyd v. Amazon.com Inc.*,
No. C22-1599-KKE, 2025 WL 2768449 (W.D. Wash. Sep. 29, 2025) ................................ 9

*Fraley v. Facebook Inc.*,
No. 11-cv-1726-LHK (PSG), 2012 WL 555071 (N.D. Cal. Feb. 21, 2012) ......................... 8

*In re Cathode Ray Tube Antitrust Litigation*,
No. 07-cv-05944-JST, 2023 WL 5667882 (N.D. Cal. Jan. 27, 2023) ....................... 8, 10, 11

*In re MGM Resorts International Data Breach Litigation*,
No. 2:20-cv-000376-GMN-NJK, 2024 WL 1440902 (D. Nev. Apr. 2, 2024) .................... 10

*In re Vitamins Antitrust Litigation*,
198 F.R.D. 296 (D.D.C. 2000) ................................................................................... 6, 10

*In re Wellbutrin XL Antitrust Litigation*,
268 F.R.D. 539 (E.D. Pa. 2010) .................................................................................... 11

*Johnson v. SmithKline Beecham Corp.*,
No. 11-cv-05782, 2025 WL 3455934 (E.D. Pa. Dec. 2, 2025) .......................................... 2

*Major Tours, Inc. v. Colorel*,
No. 05-cv-3091 (JBS/JS), 2009 WL 2413631 (D.N.J. Aug. 4, 2009) ................................. 9

*Opperman v. Path, Inc.*,
No. 13-cv-00453-JST, 2015 WL 9311888 (N.D. Cal. Dec. 22, 2015) .......................... passim

*Westlands Water District v. U.S.*,
100 F.3d 94 (9th Cir. 1996) ........................................................................................... 6

*Williams v. Peralta Community College District*,
227 F.R.D. 538 (N.D. Cal. 2005) .................................................................................... 5

*Young v. LG Chem Ltd.*,
No. 13-md-02420-YGR(DMR), 2015 WL 8269448 (N.D. Cal. Dec. 9, 2015) ............... 5, 10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

**RULES**

Federal Rule of Civil Procedure 41(a)(2) ................................................................................. 1, 5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

## I.      INTRODUCTION

The instant Motion seeks to voluntarily dismiss the named plaintiff—who initiated this case in March 2024 and then, unbeknownst to Apple, deleted most of her email inbox in 2025—without affording Apple critical discovery central to the core issues in this case.  Fairness dictates that Plaintiffs' counsel Hagens Berman Sobol Shapiro LLP ("Hagens") cannot sweep away this significant breach of discovery protocol by reference to their client's separate health issue belatedly disclosed to Apple.

The timeline is critical to understanding the events here:  On December 16, 2025, Apple served Plaintiffs with a first set of document requests, seeking, among other things, materials reflecting Ms. Gamboa's use of cloud storage services (including competitors to iCloud) and her understanding of the alleged restraint on remote backup of "app data" and "device settings" when she purchased her iPhone.  On February 27, 2026, having failed to produce a single document from Ms. Gamboa in response to Apple's document requests, Hagens informed Apple that Ms. Gamboa had deleted her Gmail inbox almost a year ago—in early 2025.  For that sole-stated reason, Hagens told Apple that "Ms. Gamboa intend[ed] to voluntarily withdraw as a class representative."  Chiu Decl. Ex. 1 (Feb. 27, 2026 Email from B. Harrington).  On a March 5, 2026 meet and confer call, Apple previewed that while it was not outright opposed to Ms. Gamboa's desire to step down as a named Plaintiff, it would not agree to her dismissal without additional discovery, as document discovery would be largely futile now.  On March 31, 2026, Apple followed through, serving sets of interrogatories, requests for admission, and a single request for production on Ms. Gamboa, targeted at both the issues in the now-futile document requests and Ms. Gamboa's apparent spoliation.  This discovery—which is modest and well-supported as a condition of dismissal under Rule 41(a)(2)—is essential to Apple's defense of the alleged aftermarket monopolization claim.  Among other things, the requests probe whether consumers were aware of the purported restraint when they bought Apple mobile devices and whether they were "locked in" to purchasing iCloud+.

Hagens now asserts that Ms. Gamboa's dismissal is due to health issues, but that is different from the sole reason Hagens gave when it first approached Apple regarding the proposed dismissal:  Ms. Gamboa's apparent spoliation.  Although Apple has sympathy for Ms. Gamboa's

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

1

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

health issues, Hagens did not disclose those concerns until after Apple had already prepared its additional discovery requests, several weeks after Apple had informed Hagens of its intent to seek this additional discovery from Ms. Gamboa.  Apple does not intend to impose any undue burden on Ms. Gamboa.  But Hagens should not be permitted to make an opportunistic escape from the consequences of failing to preserve Ms. Gamboa's documents.  Indeed, Hagens has a history of gamesmanship regarding named plaintiff discovery, and Apple is thus concerned that Hagens seeks to paper over lost evidence with this dismissal request.  *See Floyd v. Amazon.com Inc.*, No. C22-1599-KKE, 2025 WL 1094391, at *1 (W.D. Wash. Apr. 10, 2025) (sanctioning counsel at Hagens who "failed to candidly and/or accurately describe their client's intentions to Defendants or the Court"); *Johnson v. SmithKline Beecham Corp.*, No. 11-cv-05782, 2025 WL 3455934, at *1 (E.D. Pa. Dec. 2, 2025) (finding that Hagens "obstructed discovery; recklessly (or, perhaps, intentionally) made false and baseless allegations intended to toll the limitations clock; doctored evidence; and, when their misconduct came to light, sought to abandon Plaintiffs to evade Defendants' sanctions requests").

Apple accordingly seeks limited discovery from Ms. Gamboa that is critical to its defenses before Ms. Gamboa is dismissed.  Courts regularly provide such relief.  *See*, *e.g.*, *Opperman v. Path, Inc.*, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015) ("[I]t would be unfair to allow [plaintiff] to 'walk away from' her discovery obligations when she may have 'information pertinent to the case [she] initiated and that defendants must continue to defend.'") (citation omitted).  Apple respectfully requests that the Court order the same here.

## II.    STATEMENT OF FACTS

Plaintiffs' Motion misrepresents the parties' meet-and-confer history and the events preceding their Motion.  Apple sets the record straight here.

Hagens first informed Apple of Ms. Gamboa's intent to voluntarily dismiss her claims on February 27, 2026.  Chiu Decl. Ex. 1.  Hagens explained that "at some point in early 2025, Ms. Gamboa deleted her Gmail inbox (or most of it) to free up inbox space." *Id*.  Hagens asserted that "Ms. Gamboa [did] not recall sending or receiving any emails about the subject matter of this case" but nevertheless deleted her inbox "reflexively, and without ill intent, in response to a prompt

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

from Google that she was running out of storage." *Id.* For that *sole* reason, Hagens said, "Ms. Gamboa intend[ed] to voluntarily withdraw as a class representative." *Id.* Hagens did not mention any health concerns that might be guiding Ms. Gamboa's decision. *Id.*

Nor did Hagens inform Apple about Ms. Gamboa's health concerns when the parties met and conferred a week later, on March 5, 2026, to discuss Plaintiffs' proposal to stipulate to Ms. Gamboa's dismissal. Chiu Decl. ¶ 9. During that meet and confer, Hagens represented that Ms. Gamboa intended to dismiss her claims without prejudice so that she may continue to seek recovery as an absent class member. *Id.* ¶ 5. Apple informed Hagens that it intended to seek discovery from Ms. Gamboa as a condition of her dismissal. *Id.* ¶¶ 6–8. Apple further explained that the deletion of Ms. Gamboa's emails created a spoliation issue that entitles Apple to discovery of Ms. Gamboa's instructions and efforts to preserve documents. *Id.* Apple stated it would consider stipulating to Ms. Gamboa's dismissal after it received and reviewed that discovery. *Id.*[1]

Following that meet and confer, Apple immediately began preparing additional discovery requests, including interrogatories and requests for admission that would address core class and merits issues, the circumstances surrounding Ms. Gamboa's deletion of her Gmail inbox, and any preservation instructions Ms. Gamboa received related to this litigation. *Id.* ¶ 11.

During the parties' March 5 meet and confer and while preparing the additional discovery requests, Apple understood, based on Hagens' representations, that Ms. Gamboa's *sole* basis for dismissing her claims was her admitted spoliation. Discovery into those circumstances is critical, especially because this is yet another instance of suspect dismissal-related maneuvers by Hagens in litigation against Apple. Hagens was recently sanctioned in another matter for "fail[ing] to candidly and/or accurately describe their client's intentions" to Apple and the Court, including that their client wished to withdraw from the litigation in order to avoid discovery. *Floyd*, 2025 WL

---

[1] The declaration of Eli Freedman misrepresents Apple's statements during the parties' March 5, 2026 meet and confer. Mr. Freedman declares that "[d]uring this meet-and-confer, Apple did not suggest it was contemplating serving any further discovery on Ms. Gamboa." Freedman Decl. ¶ 6. That is false. Apple explicitly informed Plaintiffs that it intended to seek discovery into Ms. Gamboa's spoliation as a condition of any stipulation. Chiu Decl. ¶¶ 6–7, 10.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

1094391, at *1.[2]  Against this backdrop—and because Apple's document requests are now futile—it is especially important to obtain discovery from Ms. Gamboa before Hagens secures her dismissal, particularly as it relates to instructions she received from counsel to preserve documents.

It was not until March 30, 2026—when Apple's additional discovery requests were nearly ready to serve—that Hagens first informed Apple that Ms. Gamboa had health-related concerns that factored into her decision to voluntarily dismiss her claims.  Chiu Decl. Ex. 4 (March 30, 2026 Email from B. Harrington).  Hagens asserts they were unaware of Ms. Gamboa's health concerns until mid-March, several weeks after Hagens first informed Apple that it sought to dismiss Ms. Gamboa's claims given the deletion of her email inbox, and after Apple had announced its intention to request additional discovery.  *See* Freedman Decl. ¶ 8.

On March 31, 2026, Apple served Plaintiffs with limited additional discovery requests (the "March 31 Requests").  Chiu Decl. ¶ 17; Exs. 5–7.  Those consisted of 20 Requests for Admission, 22 Interrogatories, and one Request for Production.  *See id*.  Consistent with its prior statements, Apple told Hagens that it would consider stipulating to Ms. Gamboa's dismissal after Plaintiffs responded to all discovery requests.  Chiu Decl. Ex. 8 (March 31, 2026 Email from J. Siddoway).

Over two weeks later, on April 17, 2026, Hagens informed Apple for the first time that they now intended to dismiss Ms. Gamboa with prejudice and would only agree to produce documents responsive to Apple's first set of document requests—not Apple's interrogatories, its requests for admission, or its single additional document request—even though Ms. Gamboa had deleted her Gmail inbox and thus was unlikely to have many documents at all.  Chiu Decl. Ex. 9 (April 17, 2026 Email from E. Freedman).  Hagens informed Apple that they intended to move to voluntarily dismiss Ms. Gamboa's claims with prejudice and without other conditions—*i.e.*, without responding to the March 31 Requests.  *Id*.

On April 20, 2026, Hagens provided Apple with yearly search term hit reports for Ms. Gamboa for Apple's first set of document requests.  Those hit reports revealed, as expected

---

[2] Hagens' preservation efforts have also been called into question in another case against Apple: *Affinity Credit Union, et al v. Apple Inc.*, No. 22-cv-4174 (N.D. Cal.).  Apple has deposed eight employees of the plaintiff issuer banks in that litigation; of those, every witness asked about receiving a litigation hold (five of the eight) testified that they could not recall ever receiving instructions to preserve documents from counsel.  Chiu Decl. ¶ 12.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

4

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

given her inbox deletion, that Ms. Gamboa's collections yielded de minimis hits in response to Apple's search terms for every year prior to 2025. Chiu Decl. Ex. 10.

On April 28, 2026, Hagens sent a letter to Apple falsely accusing Apple of "gamesmanship" in delaying Ms. Gamboa's dismissal. Chiu Decl. Ex. 11. The letter also represented certain facts relating to preservation instructions Ms. Gamboa received and the circumstances relating to the deletion of her inbox. *Id.* That same day, Plaintiffs filed their motion to voluntarily dismiss Ms. Gamboa with prejudice.

## III.    DISCUSSION

Under Federal Rule of Civil Procedure 41(a)(2), once a defendant has answered, a plaintiff may voluntarily dismiss its action only "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The court "must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). Apple does not object to Plaintiffs' request that Ms. Gamboa be dismissed or that her dismissal be with prejudice. Rather, Apple only requests that Ms. Gamboa's dismissal be conditioned on her responses to all outstanding discovery requests, including Apple's March 31 Requests, on a schedule that accommodates her health concerns.

Courts regularly condition a class representative's dismissal on the plaintiffs' provision of requested discovery. *See Opperman*, 2015 WL 9311888, at *3; *Young v. LG Chem Ltd.*, No. 13-md-02420-YGR(DMR), 2015 WL 8269448, at *6 (N.D. Cal. Dec. 9, 2015); *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 305 (D.D.C. 2000). That is true even where a plaintiff seeks to be dismissed with prejudice. *Benanav v. Healthy Paws Pet Ins. LLC*, No. 2:20-cv-00421-LK, 2023 WL 5227702, at *9–10 (W.D. Wash. Aug. 15, 2023) (conditioning dismissal with prejudice on plaintiff responding to interrogatories and sitting for a deposition). Holding otherwise would permit plaintiffs and their counsel to "walk away from" their discovery obligations despite having relevant information and initiating the case. *Id.* at *10 (citing *Opperman*, 2015 WL 9311888, at *3).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

**A.    The Court should condition Ms. Gamboa's dismissal on responses to all outstanding discovery, including Apple's March 31 Requests.**

Plaintiffs seek to dismiss Ms. Gamboa from the litigation having (i) deleted years of potentially relevant emails, (ii) prevented any written discovery into class and merits issues that now cannot be obtained through document discovery, and (iii) prohibited Apple from any meaningful discovery into the circumstances surrounding her participation in the case and deletion of documents. Plaintiffs' position is unfair, unreasonable, and contrary to law. *See Opperman*, 2015 WL 9311888, at *3 (conditioning a withdrawing class representative's voluntary dismissal on responses to outstanding written discovery, recognizing that "[t]he inability to conduct sufficient discovery for a defense can constitute legal prejudice" and that responses could be relevant to class certification issues such as commonality, predominance, and typicality).

**1.    The discovery Apple seeks from Ms. Gamboa is critical.**

Ms. Gamboa's responses to Apple's initial discovery requests and the March 31 Requests are critical to Apple's defenses on the merits and at class certification. Plaintiffs assert an aftermarket claim, alleging that consumers who purchase Apple mobile devices are unaware of an alleged restraint on remote backup of "app data" and "device settings" at purchase, and are "locked in" to purchasing iCloud+ subscriptions. Sec. Am. Class Action Compl. ("SAC") ¶¶ 5, 97–100, ECF No. 64. Important to Apple's defenses is whether consumers were aware of the alleged restraint at the time of their foremarket purchase (of an Apple mobile device), the extent to which they were allegedly "locked in" to the purported aftermarket (the purchase of iCloud+), and whether the purported aftermarket is ascertainable with common proof. Several of Apple's initial document requests sought that very information from Ms. Gamboa. *See* Chiu Decl. Ex. 2 (RFP Nos. 17, 18, 41). Upon learning that Ms. Gamboa deleted most of her emails, including from years when she purchased an Apple mobile device, Apple issued additional interrogatories and requests for admission to ascertain this information through sworn responses.[3] *See* Chiu Decl. Ex. 5 (RFA Nos. 3–5); Ex. 6 (Interrogatory Nos. 9, 11).

---

[3] Plaintiffs' search term hit reports show that Apple is unlikely to receive meaningful document discovery for 14 of the 16 years in the agreed relevant period, *see* Chiu Decl. Ex. 10, including the years in which Ms. Gamboa purchased her iPhone and her 200GB iCloud plan, SAC ¶ 26.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

Ms. Gamboa's responses to Apple's outstanding discovery are also necessary to understand the extent to which consumers like Ms. Gamboa utilize the services of cloud storage competitors and the degree to which they "multi-home" (*i.e.*, use more than one cloud storage service). Again, Apple's initial document requests probed this issue; now that Ms. Gamboa has deleted her emails, including from the year she initially purchased an iCloud+ subscription, Apple's interrogatories and requests for admission directed at this issue are critical. *See* Chiu Decl. Ex. 2 (RFP Nos. 1–6); Ex. 5 (RFA Nos. 1, 9); Ex. 6 (Interrogatory Nos. 1–5).

Ms. Gamboa's responses to Apple's spoliation-related requests are also important to Apple's defenses. *See* Chiu Decl. Ex. 5 (RFA Nos. 14–20); Ex. 6 (Interrogatory Nos. 16–22); Ex. 7 (RFP No. 42). For instance, Ms. Gamboa's actions call into question the adequacy of her counsel. Whether Hagens properly instructed their class representatives to preserve documents and communications is a relevant consideration at class certification. Hagens cannot dodge this spoliation-related discovery by gaming the timing of disclosing the spoliation with their disclosure of Ms. Gamboa's intention to dismiss her claims. *See In re Cathode Ray Tube Antitrust Litig.*, No. 07-cv-05944-JST, 2023 WL 5667882, at *2 (N.D. Cal. Jan. 27, 2023) ("[I]f a moving party makes a preliminary showing of spoliation, courts have allowed discovery of litigation hold communications.") (collecting cases).

### 2.    Plaintiffs' arguments to the contrary all fail.

Plaintiffs make several arguments about the purported lack of necessity of discovery from Ms. Gamboa, but they all fail.

*First*, the fact that Apple has also sought discovery from Mr. Dorobiala—who was not part of this litigation when it was filed—does not render discovery from Ms. Gamboa "any less relevant." *See Fraley v. Facebook Inc.*, No. 11-cv-1726-LHK (PSG), 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012) ("Even if Fraley is dismissed from the case, the court may consider the relevance of her earlier testimony to Facebook's ongoing defense."); *Floyd v. Amazon.com Inc.*, No. C22-1599-KKE, 2024 WL 3845869, at *3 (W.D. Wash. Aug. 16, 2024) (plaintiffs had not "shown that the information sought does not meet the low threshold of relevance or that it is not proportional to the needs of the case"). A similar argument was rejected in *Opperman*, where the

plaintiff sought to avoid discovery by asserting her allegations were "not unique among the other named plaintiffs" as they "var[ied] from the other plaintiffs' only by the apps she downloaded, the iDevice she used, and the Apple marketing claims she recalls." 2015 WL 9311888, at *3. The court rejected those arguments and compelled responses as a condition of dismissal because they "[could] be relevant to class certification issues, such as commonality, predominance, and typicality." *Id.* The Court should hold the same here, especially because the same spoliation issues may or may not apply to Mr. Dorobiala.

*Second*, Plaintiffs' offer to produce documents responsive to Apple's initial document requests does not cure the prejudice to Apple that would result from Ms. Gamboa's spoliation or her failure to respond to Apple's March 31 Requests. Those initial document requests sought materials on cloud storage usage, decision-making, satisfaction, service provider communications, and device purchases (among other things)—*i.e.*, the very categories of documents that would be found primarily in the pre-2025 emails that Ms. Gamboa deleted. The appropriate remedy is for Ms. Gamboa to provide responses to Apple's March 31 Requests, which Apple designed to obtain the same type of information Apple is now prevented from obtaining via documents. Without responses to those requests, Apple would be limited to roughly 18 months of potentially responsive documents from Ms. Gamboa, despite the parties' agreed 15-year discovery period.

*Third,* Plaintiffs' representations in their April 29, 2026 letter to Apple regarding their preservation efforts are not an adequate substitute for discovery into spoliation issues. Counsel's unsworn statement does not detail the scope of what Ms. Gamboa was instructed to preserve or even the format of those preservation instructions. That statement carries even less weight in light of the "well-documented" history of Hagens' "misrepresentations of the status of" class representatives. *Floyd v. Amazon.com Inc.*, No. C22-1599-KKE, 2025 WL 2768449, at *1 (W.D. Wash. Sep. 29, 2025). Hagens should not be permitted to evade this discovery—to which Apple is entitled—by providing unsworn and inadequate representations that Ms. Gamboa was informed to preserve documents. *See Major Tours, Inc. v. Colorel*, No. 05-cv-3091 (JBS/JS), 2009 WL 2413631, at *3–5 (D.N.J. Aug. 4, 2009) (ordering the production of litigation holds received by a

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

defendant who "did not save any of his emails," despite representations by defendant that "he was 'probably' told by his lawyers" to preserve documents).

*Fourth*, contrary to Plaintiffs' arguments, there is no rule barring the Court from conditioning dismissal on responses to discovery served after a plaintiff notices their intent to withdraw. Courts in this District have done exactly that. *See Young*, 2015 WL 8269448, at *5–6 (allowing the depositions of "up to five departing class representatives" as a condition of dismissal where depositions were noticed two months after defendants were informed of representatives' intent to withdraw). Any rule barring discovery in circumstances such as these would allow a spoliating class representative and their counsel to avoid the consequences of their preservation failures by noticing their intent to voluntarily dismiss at the same time they admit to spoliation.

*In re MGM Resorts International Data Breach Litigation ("MGM")*, No. 2:20-cv-000376-GMN-NJK, 2024 WL 1440902 (D. Nev. Apr. 2, 2024) is not to the contrary. The court in *MGM* declined to condition dismissal on "potential or hypothetical discovery." 2024 WL 1440902, at *3. Apple seeks no such "potential or hypothetical discovery"; it seeks responses to discovery *already served*, on key class certification, merits, and spoliation issues that will otherwise go unanswered. Any dismissal should be conditioned on completion of outstanding discovery, including the March 31 Requests.

### B. Hagens cannot avoid discovery into Ms. Gamboa's spoliation of documents.

Plaintiffs admit that Ms. Gamboa voluntarily deleted potentially relevant documents in early 2025, less than a year after filing this lawsuit. That admission alone warrants discovery into spoliation issues, including any preservation instructions Ms. Gamboa received from counsel. *See In re Cathode Ray Tube Antitrust Litig.*, 2023 WL 5667882, at *2.

The request to dismiss Ms. Gamboa with prejudice is an improper attempt to avoid spoliation-related discovery. Courts routinely reject similar gamesmanship. *See In re Vitamins Antitrust Litig.*, 198 F.R.D. at 304 (conditioning voluntary dismissal of class plaintiffs on production of all documents and answers to interrogatories already served by defendants, where it was "fairly obvious" plaintiffs sought dismissal "merely to avoid having to give defendants the discovery"); *In re Wellbutrin XL Antitrust Litig.*, 268 F.R.D. 539, 544 (E.D. Pa. 2010) ("[T]he

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

avoidance of an adverse discovery ruling . . . is not a compelling grounds for dismissal without prejudice."). The sole reason Hagens provided for dismissing Ms. Gamboa in their initial outreach was Ms. Gamboa's spoliation. Chiu Decl. ¶¶ 3–9. Indeed, Hagens was apparently unaware of Ms. Gamboa's health concerns until mid-March, weeks after they requested Apple stipulate to her dismissal. Freedman Decl. ¶ 8. Hagens did not raise any health-related concerns until after Apple expressed its intent to seek discovery regarding Ms. Gamboa's spoliation. Chiu Decl. ¶¶ 3–9, 16.

Plaintiffs are not absolved of their discovery obligations merely because emails were deleted by mistake. The law entitles a party to preservation-related discovery where, as here, the party makes a preliminary showing of spoliation. *See In re Cathode Ray Tube Antitrust Litig.*, 2023 WL 5667882, at *2. Further, bad faith is not required for spoliation sanctions, should they arise; "[a]ll that the court must find" is that Ms. Gamboa "acted with a 'conscious disregard' of [her] obligations." *Apple Inc. v. Samsung Elec. Co., Ltd.*, 881 F. Supp. 2d 1132, 1142 (N.D. Cal. 2012). Given Ms. Gamboa's admitted spoliation, Apple is entitled to discovery to assess these preservation issues, including whether Hagens provided adequate instructions to their client.

**C.    Apple agrees to a significant extension of Ms. Gamboa's discovery responses.**

Apple respects that Ms. Gamboa's health concerns may affect her ability to timely respond to Apple's outstanding discovery requests, and Apple is willing to extend the deadline significantly for her responses. Fact discovery does not close for five months, allowing plenty of time for the parties to reach a reasonable compromise on timing. Should the Court order Plaintiffs to respond to Apple's outstanding discovery requests, including the March 31 Requests, Apple will meet and confer with Plaintiffs to ascertain an appropriate schedule for Ms. Gamboa's responses to accommodate her needs.

**IV.    CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' motion to dismiss Ms. Gamboa with prejudice only on the condition that Ms. Gamboa respond to all outstanding discovery requests, including Apple's March 31 Requests.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)

Dated: May 12, 2026

LATHAM & WATKINS LLP

By:  /s/ *Aaron T. Chiu*
     Aaron T. Chiu

Belinda S Lee (Cal. Bar No. 199635)
 *belinda.lee@lw.com*
Sarah M. Ray (Cal. Bar No. 229670)
 *sarah.ray@lw.com*
Aaron T. Chiu (Cal. Bar No. 287788)
 *aaron.chiu@lw.com*
Alicia R. Jovais (Cal. Bar No. 296172)
 *alicia.jovais@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

APPLE INC.'S OPP'N TO PLS.' MOT.
TO DISMISS GAMBOA
CASE NO. 5:24-cv-01270-EKL (VKD)