Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
Eli R. Freedman (SBN 345432)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
benh@hbsslaw.com
bens@hbsslaw.com
eli.freedman@hbsslaw.com

Mark Vazquez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
markv@hbsslaw.com

*Attorneys for Plaintiffs*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JULIANNA FELIX GAMBOA and THOMAS DOROBIALA, individually and behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>APPLE INC.,<br><br>                Defendant. | Case No. 5:24-cv-01270-EKL<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS PLAINTIFF JULIANNA FELIX GAMBOA**<br><br>Date:  July 15, 2026<br>Time:  10:00 am<br>Place:  Courtroom 7<br>Judge: Hon. Eumi K. Lee |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...............................................................................................1

II.   ARGUMENT ....................................................................................................1

    A.    Apple's opposition confirms there is no basis to condition Gamboa's withdrawal on further discovery. ............................................................1

        1.    Apple's late-served requests are improper. ...................................1

        2.    Gamboa is not uniquely positioned to provide the requested discovery. .....................................................................................2

    B.    Apple devotes its opposition to misdirection and *ad hominin*. ................................4

III.  CONCLUSION..................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Affinity v. Apple Inc.*,
No. 22-cv-4714 (N.D. Cal.) ...................................................................................5

*In re Amazon Consumer Speech Litig.*,
2025 WL 2995481 (C.D. Cal. Aug. 15, 2025)....................................................1

*Apple Inc. v. Samsung Elecs. Co.*,
2012 WL 2862613 (N.D. Cal. July 11, 2012)....................................................5

*In re Banc of Cal. Sec. Litig.*,
2024 WL 4597254 (C.D. Cal. Sept. 30, 2024) ..................................................5

*Epic Games, Inc. v. Apple, Inc.*,
67 F.4th 946 (9th Cir. 2023) .............................................................................2

*Epic Games, Inc. v. Apple Inc.*,
781 F. Supp. 3d 943 (N.D. Cal.), *aff'd in pertinent part*, 161 F.4th 1162 (9th
Cir. 2025)............................................................................................................5

*Fraley v. Facebook Inc.*,
2012 WL 555071 (N.D. Cal. Feb. 21, 2012) .....................................................3

*Furdek, et al. v. Amazon.com, Inc., et al.*,
No. 2:22-cv-01599-KKE (W.D. Wash.), ECF No. 256 .....................................5

*In re Live Concert Antitrust Litig.*,
247 F.R.D. 98 (C.D. Cal. 2007) ........................................................................2

*Lopez v. Apple, Inc.*,
2024 WL 4561320 (N.D. Cal. July 17, 2024).....................................................5

*In re MGM Resorts Int'l Data Breach Litig.*,
2024 WL 1440902 (D. Nev. Apr. 2, 2024).....................................................1, 3

*Young v. LG Chem Ltd.*,
2015 WL 8269448 (N.D. Cal. Dec. 9, 2015)..................................................1, 2

## I.    INTRODUCTION

Apple's *ad hominin* opposition does not rebut Plaintiffs' showing that, under applicable law, Ms. Gamboa is entitled to withdraw without responding to further discovery. The issues are not complicated. *First*, courts do not permit defendants to condition a plaintiffs' withdrawal on responding to discovery that—like the discovery in dispute here—was propounded *after* the plaintiff noticed his or her intent to withdraw. That alone is dispositive, and Apple has no good response. *Second*, in the class context, defendants also must establish that the withdrawing plaintiff is *uniquely positioned* to provide the requested information. Apple comes nowhere close to meeting that requirement either. Instead, Apple uses its opposition to cast aspersions on counsel that serve only to distract from the otherwise straightforward issue this Court must resolve. Ms. Gamboa's motion to withdraw should be adjudicated under applicable law on the merits, which are strong and not meaningfully rebutted.

## II.    ARGUMENT

### A.    Apple's opposition confirms there is no basis to condition Gamboa's withdrawal on further discovery.

#### 1.    Apple's late-served requests are improper.

Apple distorts the caselaw in an effort to justify its late-served requests. For starters, Apple ignores *In re Amazon Consumer Speech Litig.*, 2025 WL 2995481 (C.D. Cal. Aug. 15, 2025), which is directly on point. The court there held that discovery served after a plaintiff noticed her intent to withdraw was impermissible because it is not "a proper condition of dismissal." *Id.* at \*2.  Apple then claims *MGM Resorts* merely rejected "potential or hypothetical discovery," but that is not correct. The *MGM Resorts* court held that the threshold question in these circumstances is: "was the propounded discovery requested before or after the plaintiffs indicated their intent to withdraw." *In re MGM Resorts Int'l Data Breach Litig.*, 2024 WL 1440902, at \*4 (D. Nev. Apr. 2, 2024). Only if the requests were "issued before," do courts then assess potential prejudice. *See id.*

Tellingly, Apple has been able to identify just *one* case in which a plaintiffs' withdrawal was conditioned on responding to discovery propounded after notice of her intent to withdraw—*Young v. LG Chem Ltd.*, 2015 WL 8269448, at \*6 (N.D. Cal. Dec. 9, 2015)—and *Young* lends Apple no assistance. The plaintiffs in *Young* (unlike here) did not argue that discovery served after the plaintiffs'

notice of intent to withdraw was improper for that reason, and thus the court did not squarely address this issue. *Young* also held the withdrawing plaintiffs would remain in the class, and thus further discovery might be relevant to class-member ascertainability. *Id.* at *6, 7. Here, by contrast, Gamboa is withdrawing from the class entirely and thus there is no reason to adjudicate whether she is an ascertainable class member.

Every other case Apple cites involved discovery propounded *prior* to the plaintiff providing notice of her intent to withdraw. Accordingly, they prove Plaintiffs' point.

### 2.    Gamboa is not uniquely positioned to provide the requested discovery.

The caselaw also confirms that even if Apple had served its requests earlier, Gamboa would not be required to respond because Gamboa is not uniquely positioned to provide the requested information. *See* Mot. at 8-10. Apple does not meaningfully address this issue either. Apple asserts in the most conclusory terms that discovery from Gamboa is "critical," but Apple offers no rationale for how that might be so.

Analytically, it is helpful to distinguish between Apple's late-served merits and preservation-related discovery. With respect to the merits discovery, Apple does not even attempt to show that Gamboa is uniquely positioned vis-à-vis the remaining plaintiff (Dorobiala). She is not. *See* Mot. at 9-10. Nor does Apple attempt to justify the full breadth of its sweeping merits-related requests, which demand exhaustive details about Gamboa's mobile device and cloud storage usage and purchase patterns over a 16-year period. *Id.* at 4-5.

Apple focuses more narrowly on two pieces of information it claims go to market definition—namely, consumer awareness of Apple's restraints and multi-homing. *See* Opp. at 6-7. Apple has no theory on how discovery from a single representative could be probative on these market-definition issues, which by definition require *marketwide proof. See, e.g.*, *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 127 (C.D. Cal. 2007) (market definition "examine[s] the aggregate demand of consumers as represented by a demand curve rather than the purchasing decisions of an individual consumer"); *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 977 (9th Cir. 2023) (aftermarket issue is whether restraints are "generally known"). But more importantly, to the extent Apple wants to pursue market-

definition discovery from a class representative, Apple can pursue it from Dorobiala. Indeed, Apple served identical supplemental merits requests on Gamboa *and* Mr. Dorobiala, and Mr. Dorobiala has answered them. Apple cannot show that Gamboa is uniquely positioned to provide information when Apple has requested, and received, it from Dorobiala.

This distinguishes the cases on which Apple relies. *See Fraley v. Facebook Inc.*, 2012 WL 555071, at *2 (N.D. Cal. Feb. 21, 2012) (citing "earlier statements" by withdrawing plaintiff that distinguished her from remaining representatives in ways that bore on class certification); *see also MGM Resorts*, 2024 WL 1440902, at *4 ("[I]t bears noting that the *Dysthe*, *Fraley*, and *Opperman* courts each observed that the plaintiff seeking voluntary dismissal had information unique among the class representatives.").

Gamboa is also not uniquely situated to provide preservation-related discovery, but for an even more fundamental reason: Apple already has all the preservation-related information it could legitimately seek. Gamboa's declaration, combined with counsel's declaration and correspondence, disclose that Gamboa received instructions to preserve relevant documents in February 2024, and those instructions covered any emails relevant to this case. *See* Gamboa Decl. ¶ 9; Freedman Decl. ¶¶ 2-3 & Ex. H. Plaintiffs have also detailed the circumstances leading to Gamboa's deletion of emails in early 2025—i.e., a prompt from Google about depleted email storage. *See* Gamboa Decl. ¶¶ 6-7; Freedman Decl. ¶¶ 2-3 & Ex. H. While Gamboa is not aware of any relevant email (other than iCloud receipts) that could have been deleted, she recognizes her mistake and has expressed contrition. *See* Gamboa Decl. ¶ 9.

Apple does not explain why this disclosure is inadequate. The details Apple claims it needs have been provided. For instance, Apple claims discovery is necessary because it has only "unsworn" representations. Opp. at 8. Not correct. Gamboa's declaration regarding preservation is sworn, as is counsel's. Apple claims it does not know the "format" of Gamboa's preservation instructions. Not correct. Both declarations confirm she received instructions in writing. Gamboa Decl. ¶ 9; Freedman Decl. ¶ 3. Apple also claims ignorance as to what Gamboa was instructed to preserve, but she has

confirmed her preservation obligation extended to "all documents, including emails, related to the issues in this case." Gamboa Decl. ¶ 8.

All that is left are counsel's privileged communications with Gamboa regarding her duty to preserve, and Apple has not provided grounds to break privilege. Apple speculates that the preservation guidance may have been inadequate, which might somehow bear on counsel's adequacy. But Apple has not cited, and Plaintiffs could not find, any case compelling production of privilege communications based on this sort of speculation and inuendo.

**B.     Apple devotes its opposition to misdirection and *ad hominin*.**

With no answers on the legal merit of this dispute, Apple's opposition is geared more toward smearing opposing counsel. Plaintiffs are compelled to respond briefly on a few points.

*First*, Plaintiffs have not misrepresented events precipitating this motion. Apple never stated during the parties' March 5 meet-and-confer that it was taking the objectionable step of propounding *additional* discovery on Gamboa. The discussion centered on the extent to which Apple would insist on responses to discovery it had already propounded. *See* Freedman Decl. ¶ 6. This is reflected in the ensuing correspondence, which shows Apple requesting time to evaluate its "position" on Gamboa's voluntary dismissal, not time to draft more discovery. *See* Chiu Decl., Ex. L. Far from referencing more discovery, Apple stated that Gamboa had an "outstanding obligation to provide documents responsive to the discovery requests Apple issued" previously.  *See id.* Regardless, even if Apple had notified Plaintiffs on March 5 that Apple wanted further discovery, the requests would be improper for reasons already addressed.

*Second*, Plaintiffs have not misrepresented the bases for Gamboa's withdrawal. As the motion clearly states, Plaintiffs notified Apple of Gamboa's preservation issues and requested Apple's consent to her voluntary dismissal *on that basis*. *See* Mot. at 1, 3; Freedman Decl. Ex. A. Counsel were subsequently notified of Gamboa's health concerns and advised Apple accordingly. The motion states this unambiguously. *See* Mot. at 1, 4. That Gamboa raised health concerns with counsel after noticing her intent to withdraw does not render those concerns a nullity. They are legitimate and deserve appropriate consideration, as Gamboa's declaration attests.

*Third*, with nothing to suggest that anything untoward has occurred, Apple questions the bona fides of Plaintiffs' counsel, pointing to decisions from *Floyd* and *Johnson*. Opp. at 2. Hagens Berman strongly disagrees with those decisions and notes that the ethics issues they address have not been fully adjudicated. In *Floyd*, for example, Hagens Berman has sought reconsideration with the support of three ethics experts who have reviewed the entire record—including material the district court did not—and independently concluded that Hagens Berman abided by all applicable ethical obligations. *See Floyd, et al. v. Amazon.com, Inc., et al.*, No. 2:22-cv-01599-KKE (W.D. Wash.), ECF No. 256.

More to the point: the *Floyd* and *Johnson* decisions have no bearing on this motion. They are no more relevant than the alarming number of instances in which Apple or its counsel here have been sanctioned for misconduct. Most recently, Apple was held in civil contempt, and referred for criminal investigation, because it schemed to defy an injunction and engaged in an "obvious cover-up" to preserve "a revenue stream worth billions." *See Epic Games, Inc. v. Apple Inc.*, 781 F. Supp. 3d 943, 952 (N.D. Cal.), *aff'd in pertinent part*, 161 F.4th 1162 (9th Cir. 2025); *see also, e.g.*, *Lopez v. Apple, Inc.*, 2024 WL 4561320, at *7 (N.D. Cal. July 17, 2024) (sanctioning Apple and noting "Apple misled Plaintiffs and the Court" regarding data preservation); *In re Banc of Cal. Sec. Litig.*, 2024 WL 4597254, at *8 (C.D. Cal. Sept. 30, 2024) (sanctioning Latham & Watkins for "flagrant violations of a Protective Order"); *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 2862613, at *5 (N.D. Cal. July 11, 2012).[1]

*Finally*, Gamboa's withdrawal cannot be characterized as some scheme to evade discovery. Gamboa has agreed to provide responses to the requests Apple had outstanding when she noticed her intent to withdraw. She agreed to this even though it often is not required. *See* Mot. at 7. What Gamboa is contesting are discovery requests Apple strategically served late, after stringing Plaintiffs along for more than a month. Those requests are improper and cumulative to information Apple already has or can pursue from Dorobiala.

### III.   CONCLUSION

Respectfully, Ms. Gamboa should be permitted to withdraw without further conditions.

---

[1] Apple distorts *Affinity v. Apple Inc.*, No. 22-cv-4714 (N.D. Cal.). There has been no showing that plaintiffs failed to preserve evidence there. Far more relevant is the Court's ruling that "sanctions may be warranted" against Apple for violating court orders. *See id.* ECF No. 125 at 2.

DATED: May 19, 2026

Respectfully submitted,

*/s/ Ben M. Harrington*
Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
Eli R. Freedman (SBN 345432)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
benh@hbsslaw.com
bens@hbsslaw.com
eli.freedman@hbsslaw.com

Mark Vazquez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
markv@hbsslaw.com

*Attorneys for Plaintiffs*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO VOLUNTARILY
DISMISS PLAINTIFF JULIANNA FELIX GAMBOA – 6
011225-11/3583011 V1

Case No. 5:24-cv-01270-EKL