UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNA FELIX GAMBOA, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>APPLE INC.,<br><br>   Defendant. | Case No. 24-cv-01270-EKL<br><br>**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL WITH CONDITIONS**<br><br>Re: Dkt. No. 94 |

Plaintiff Julianna Felix Gamboa brought this putative class action against Apple Inc. on March 1, 2024, asserting antitrust and unfair competition claims relating to Apple devices and iCloud, Apple's cloud storage service.  ECF No. 1; *see also* Freedman Decl. ¶ 2, ECF No. 96 (Gamboa "signed up" to be a named plaintiff in February 2024.).  At the time, Gamboa was the sole named plaintiff and putative class representative.  Since then, a second named plaintiff has joined the litigation, the parties briefed – and the Court decided – two motions to dismiss, and the parties have undertaken more than a year of fact discovery.

On December 16, 2025, Apple served Gamboa with its first set of document requests.  Freedman Decl. ¶ 4.  In February 2026, Plaintiffs' counsel at the law firm Hagens Berman Sobol Shapiro LLP ("Hagens Berman") "reached out to Ms. Gamboa to work on collecting her documents."  *Id*.  During this process, Gamboa informed Hagens Berman that "she had deleted emails prior to early 2025 because she was running out of space in her Google account."  *Id*. ¶ 4; Gamboa Decl. ¶ 7, ECF No. 95 ("In response to [a Google] notification, I instinctively deleted emails in my primary account.").  Both Hagens Berman and Gamboa acknowledge that Gamboa's deleted emails should have been preserved because they were subject to a litigation hold.  *See* Freedman Decl. ¶ 3; Gamboa Decl. ¶ 9.  Hagens Berman determined that the deleted emails

"could not be recovered." Freedman Decl. ¶ 5. However, Hagens Berman agreed to produce seventeen responsive emails from Gamboa, collected from other sources. *Id*. ¶ 10.

On February 27, 2026, Hagens Berman informed Apple that Gamboa had deleted her emails, and that she intended to "voluntarily withdraw as a class representative in light of this issue." Freedman Decl. Ex. A, ECF No. 96-1. In mid-March 2026, Hagens Berman added that Gamboa wished to withdraw from the action in light of health issues. Freedman Decl. ¶ 8. On March 31, 2026, Apple served Gamboa with an additional document request, 20 requests for admission, and 22 interrogatories. *See id*. Gamboa now moves for voluntary dismissal of her individual claims against Apple with prejudice, and without being required to respond to these discovery requests. *See* Mot., ECF No. 94.

Under Federal Rule of Civil Procedure 41(a)(2), after an opposing party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). When ruling on a motion for voluntary dismissal, the Court must determine: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2015 WL 9311888, at *2 (N.D. Cal. Dec. 22, 2015). The first two issues are undisputed here because Apple does not object to Gamboa's dismissal, and the parties agree that her claims should be dismissed with prejudice. Opp. at 5, ECF No. 100. Therefore, the Court must determine whether to condition Gamboa's dismissal on responding to Apple's recently served discovery requests.

"A court may, but need not, condition a Rule 41(a)(2) dismissal on a plaintiff's deposition or production of discovery." *Sherman v. Yahoo! Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015). Here, given the facts recounted above, it is proper to require Gamboa to respond to discovery relating to her decision to bring this lawsuit, litigation hold instructions, the circumstances surrounding her email deletion, and the contents of the deleted emails. Chiu Decl. Ex. 5, ECF No. 101-5 (RFA Nos. 14-20); *id*. Ex. 6, ECF No. 101-6 (Interrogatories 16-22); *id*. Ex. 7, ECF No. 101-7 (RFP No. 42). It is undisputed that Gamboa had a duty to preserve the deleted emails. *See OOO Brunswick Rail Mgmt. v. Sultanov*, No. 17-cv-

United States District Court
Northern District of California

United States District Court
Northern District of California

00017-EJD, 2017 WL 67119, at *1 (N.D. Cal. Jan. 6, 2017) ("Parties have a duty to preserve evidence  once a complaint is filed."); *see also* ESI Order ¶ 15, ECF No. 44.  Therefore, discovery related to email preservation and deletion may be relevant to spoliation sanctions or arguments that Apple may raise regarding the adequacy of Hagens Berman to serve as class counsel.[1]  *See* Opp. at 7.  Although the Court expresses no view on the merits of these arguments, foreclosing discovery altogether would prejudice Apple's ability to make them.  *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument.").

Plaintiffs argue that courts "do not permit defendants to condition withdrawal on providing responses to discovery served 'after the plaintiffs indicated their intent to withdraw.'"  Mot. at 2 (quoting *In re MGM Resorts Int'l Data Breach Litig.*, No. 20-cv-000376-GMN-NJK, 2024 WL 1440902, at *4 (D. Nev. Apr. 2, 2024)).  Plaintiffs are right that, in general, courts do not condition voluntary dismissal on the plaintiff responding to future or "hypothetical" discovery requests.  *Opperman*, 2015 WL 9311888, at *5.  But none of the cases Plaintiffs rely upon involved a plaintiff seeking voluntary dismissal due in part to spoliation.[2]  Moreover, the discovery that Apple seeks is related to the requests that Apple served before Gamboa indicated her intent to withdraw.  Fundamentally, Apple wants to know whether Gamboa had other information responsive to the December 2025 discovery requests, and if so, why and how it was deleted.  Under these circumstances, it would be arbitrary to prevent Apple from pursuing discovery related to preservation efforts merely because Gamboa's email deletion was disclosed only after Apple served its initial document requests.

---

[1] Apple argues that "Hagens [Berman] has a history of gamesmanship regarding named plaintiff discovery, and Apple is thus concerned that Hagens [Berman] seeks to paper over lost evidence with this dismissal request."  Opp. at 2.  Hagens Berman bristled at Apple's accusations but retreated from the moral high ground to hurl its own accusations against Apple and its counsel.  *See* Reply at 5, ECF No. 106.  None of this mudslinging was relevant or persuasive.  Discovery into preservation efforts is relevant given Gamboa's admitted email deletion in this case.

[2] *See In re Amazon Consumer Speech Litig.*, No. 24-cv-00089-HDV-E, 2025 WL 2995481 (C.D. Cal. Aug. 15, 2025); *Opperman*, 2015 WL 9311888, at *2 (seeking dismissal "because of increased work demands"); *Fraley v. Facebook Inc.*, No. 11-cv-1726-LHK (PSG), 2012 WL 555071, at *1 (N.D. Cal. Feb. 21, 2012) (seeking dismissal "based on privacy concerns").

United States District Court
Northern District of California

Plaintiffs also argue that Apple could obtain discovery from other sources, including the remaining putative class representative, third parties, and Apple's own records. *See* Mot. at 8-9. The Court agrees that some of the recently served discovery requests seek information that Apple can obtain from other sources. Burdening Gamboa with these discovery requests is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). By contrast, information concerning Gamboa's preservation efforts and email deletion are uniquely available from Gamboa. Plaintiffs argue that they "have answered every legitimate question Apple might have on preservation," Mot. at 10, but Apple has demonstrated that formal discovery is appropriate. Apple is not required to rely on letters from counsel and Gamboa's untested declaration.

The Court is mindful of the burden that additional discovery will place on Gamboa. Bringing an antitrust class action is a significant undertaking and a great responsibility. The discovery process is time-consuming and expensive. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) ("[P]roceeding to antitrust discovery can be expensive."). Discovery obligations under the Federal Rules of Civil Procedure apply to plaintiffs and defendants alike. Given the stakes of this litigation, it would be unfair to unilaterally foreclose discovery on relevant subjects through Gamboa's withdrawal, when the information Apple seeks cannot be obtained from another source.

Accordingly, Gamboa may voluntarily dismiss her claims with prejudice and withdraw as a putative class representative on the condition that she responds to Apple's requests for admission (Nos. 14-20), interrogatories (Nos. 16-22), and request for production (No. 42). The parties shall stipulate to a reasonable response deadline. Any objections based on Gamboa's contemplated dismissal are OVERRULED. Any other objections that the parties cannot resolve shall be presented to Magistrate Judge DeMarchi after the parties engage in substantial, good faith meet-and-confer efforts. Within fourteen days after Gamboa serves her discovery responses, the parties shall file appropriate dismissal papers or a status report identifying any remaining disputes.

**IT IS SO ORDERED.**

Dated: July 14, 2026

Eumi K. Lee
United States District Judge