<u>**VIA CM/ECF FILING**</u>

August 12, 2026

The Honorable Virginia K. DeMarchi
United States District Court, Northern District of California
Robert F. Peckham Federal Building
Courtroom 2 – 5th Floor
280 South 1st Street

Re:    *Julianna Felix Gamboa, et al., v. Apple Inc.*, Case No. 5:24-cv-01270-EKL (VKD)
       Joint Discovery Letter Concerning Eddy Cue's Deposition

Dear Judge DeMarchi:

Pursuant to the Court's Standing Order for discovery disputes, and following meet and confers via email and videoconference on June 25, 2026, July 7, 2026, July 13, 2026, July 15, 2026, July 17, 2026, July 20, 2026, July 29, 2026, and July 31, 2026, Plaintiffs and Apple Inc. ("Apple") submit this joint letter regarding a discovery dispute.

\*        \*        \*

## I.    JOINT STATEMENT OF THE DISPUTE

Plaintiffs have requested the deposition of Apple employee, Eddy Cue. Apple has declined to make him available for a 7-hour deposition and has instead offered a 2-hour deposition limited to the 2010-2011 period. Plaintiffs move to compel.

## II.    PARTIES' STATEMENTS[1]

### A.  Plaintiff's Position

This Court should compel Eddy Cue to appear for a full seven-hour deposition.

iCloud is one of Apple's core services, providing cloud storage for Apple devices. This case challenges fundamental strategic choices Plaintiffs allege enabled Apple to monopolize the cloud storage market on its mobile devices and caused hundreds of millions of dollars, if not billions, in damages to the class. Cue oversees iCloud as Apple's Senior Vice President of Services and Health. As detailed below, from iCloud's inception and throughout the class period (March 1, 2020 forward), Cue has repeatedly decided pivotal questions about iCloud's pricing and strategy. This Court has held that executives possess "unique first-hand knowledge" when they make decisions on "matters at issue in [a] case." *See In re Meta Pixel Healthcare Litig.,* 2025 WL 1413402, at \* 2 (N.D. Cal. 2025) (DeMarchi, J.); *In re Uber Techs., Inc., Passenger Sexual Assault*

---

[1] Pursuant to Section 4(c)(vi) of the Court's Standing Order for Civil Cases, the parties have not attached to this submission the Apple internal documents cited in each party's position statement. If the Court wishes to review these documents, Apple is happy to provide the Court with copies.

*Litig.*, 2025 WL 896412 (N.D. Cal. 2025) (allowing depositions to "probe executives' subjective approach to relevant decisions"). Plaintiffs seek to depose Mr. Cue to understand *his* motivations, not another employee's, for *his* decisions.

In an analogous antitrust case, Magistrate Judge Hixson ordered the deposition of Cue, and held, "it is very unusual for a court to prohibit the taking of a deposition [of an apex witness] altogether absent extraordinary circumstances." *In re Apple Iphone Antitrust Litig*, 2021 WL 485709, at *5 (N.D. Cal. 2021). Judge Hixson explained that "[w]hen a lawsuit concerns important aspects of a company's business model that are plainly the result of high-level executive decisions, we should expect that high-level executives will be deposed." *Id.* at *4. When evaluating a challenge to the deposition of a high-level employee, courts analyze: "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *1 (N.D. Cal. 2015). With respect to the first factor, "[t]he party seeking to take the deposition need not prove conclusively that the deponent certainly has unique non-repetitive information; rather, where a corporate officer *may* have any first-hand knowledge of relevant facts, the deposition should be allowed." *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2023 WL 6132961, at *2 (N.D. Cal. 2023)); *accord Jackson Fam. Wines, Inc. v. Zurich Am. Ins. Co.*, 2024 WL 3325485, at *2 (N.D. Cal. 2024). When analyzing the second factor, "[f]ormal 'exhaustion' of other requirements is not 'an absolute requirement; instead, exhaustion of other discovery methods is an important, but not dispositive, consideration for a court to take into account in deciding how to exercise its discretion.'" *Apple Iphone Antitrust Litig*, 2021 WL 485709, at *5 (citing *Finisar*, 2015 WL 3988132, at *2).

Apple cannot show that extraordinary circumstances justify precluding Cue's deposition. Despite Apple's claim of a rebuttable presumption, in this district "courts have rejected burden-shifting for. . . 'apex' depositions." *See In re Transpacific Passenger Air Transportation Antitrust Litig.*, 2014 WL 939287, at *2 (N.D. Cal. 2014); *see Hunt v. Cont'l Cas. Co.*, 2015 WL 1518067, at *1 n.1 (N.D. Cal. 2015) ("cases in this district make clear that the burden remains on the party seeking a protective order when the 'apex doctrine' is asserted"); *Jackson Fam. Wines*, 2024 WL 3325485, at *1 n.1. In *Apple Iphone*, Judge Hixson compelled Cue to sit for a deposition in part because "Cue . . . [is] not a classic apex witness," as he is "not a CEO or the head of an agency" and therefore "less is required to justify [his] deposition." *See Apple Iphone Antitrust Litig*, 2021 WL 485709, at *4. Cue's deposition is justified under any standard.

Since iCloud's inception, Cue has repeatedly made instrumental decisions that are critical to this litigation. Dkt. 89 (noting Cue's "unique role with respect to decision-making" at iCloud's beginning); APL-GAMBOA_01057965 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As iCloud's ultimate decisionmaker, Cue is endowed with "unique information" no other Apple employee has. *See Meta Pixel Healthcare Litig.,* 2025 WL 1413402, at * 2 ("[I]t is difficult to understand how another executive or employee could testify about how Mr. Zuckerberg arrived at the decisions attributed to him, what factors he considered, or why he decided as he did, without engaging in speculation."). How Apple priced iCloud and why is integral to Plaintiffs' antitrust case. Throughout the proposed class period, and before, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Additionally, Cue has made consequential strategic decisions for iCloud for years and through the class period. *See e.g.*, APL-GAMBOA_00974632 ███████████████ ███████████████████████████████████ Plaintiffs' allegations concern Apple's rules regarding which cloud storage services can be used for backing up files on Apple mobile devices, and ████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ████████████████ APL-GAMBOA_00974221.

Apple is incorrect that Plaintiffs have not shown unique, non-repetitive information; executives possess "unique first-hand knowledge" when they make decisions on "matters at issue in [a] case." *Meta Pixel Healthcare Litig.*, 2025 WL 1413402, at *2. Apple does not, and cannot, argue that the ████████████████████████████████. Apple points to Patrice Gautier as a substitute because he managed engineering projects, but he stopped two years before the class period, ████████████████████████████████████ ███████████████████████████████████ ████████████████████████████████████████. Apple's citations to *Roblox Corp* and *Handloser* demonstrate the weakness of its arguments, as both cases are about custodians for ESI productions and not depositions. *See Handloser v. HCL Am., Inc.*, No. 2020 WL 7405686 (N.D. Cal. 2020) (DeMarchi, J); *Roblox Corp. v. WowWee Grp. Ltd.*, 2023 WL 5507176 (N.D. Cal. 2023).

Plaintiffs have exhausted other discovery methods, like document productions, in pursuit of relevant information. *See Meta Pixel Healthcare Litig.*, 2025 WL 1413402, at * 3 (allowing a deposition of CEO Mark Zuckerberg after Meta produced his documents). It was this Court's order that compelled production of Cue's custodial documents. *See* Dkt. 89. Many documents cited above are from that production. *See e.g.*, APL-GAMBOA_00984896; APL-GAMBOA_00974221; APL-GAMBOA_00976494.While helpful, these documents raise critical questions, like how Cue "arrived at the decisions attributed to him, what factors he considered, or why he decided as he did," which no one but Cue can answer. *See Meta Pixel Healthcare Litig.*, 2025 WL 1413402, at * 2. Plaintiffs are doggedly pursuing other depositions and contrary to Apple's claims of delay, sought depositions in August—but Apple only proposed for a single person a single date at the end of August Plaintiffs could not do. In any event, no employee, other

than Cue, can explain why *he* made the decisions for iCloud that he did. *Meta Pixel Healthcare Litig.*, 2025 WL 1413402, at *2.

Any time or subject matter limitations on the deposition would prejudice Plaintiffs' ability to adequately depose Mr. Cue. ███████████████████████████████████████████
███████████████████████████████████████. To cabin Cue's deposition to 2010-2011, as Apple requests in the alternative, would prevent Plaintiffs from asking Cue about the majority of documents cited in this letter and the pricing and strategic decisions he made during the class period.

## B. Apple's Position

The Court should deny Plaintiffs' request to depose Eddy Cue. Mr. Cue is an apex witness: he sits on Apple's Executive Team, reports directly to Apple's CEO, and oversees ████████
████████████████ across Apple's diverse services business. Yet Plaintiffs seek his deposition before deposing Apple witnesses with direct responsibility for iCloud engineering, infrastructure, business, and pricing decisions. Plaintiffs rely on documents suggesting only Mr. Cue's high-level oversight of one of many verticals while ignoring Apple's repeated explanation that Mr. Cue lacks unique, non-repetitive knowledge of the iCloud design and pricing issues in this case. The apex doctrine exists to prevent precisely this kind of overreach.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including foreclosing or limiting a deposition. *Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*, 2026 WL 2056975, at *2 (N.D. Cal. July 15, 2026) (DeMarchi, J.). Under the apex doctrine, courts recognize that deposing a high-ranking executive is highly likely to impose an undue burden. *See United States v. Anthem, Inc.*, 2026 WL 1410165, at *5 (S.D.N.Y. May 20, 2026). For that reason, Plaintiffs must show: (1) Mr. Cue has unique, non-repetitive, firsthand knowledge that cannot be obtained from other sources; and (2) Plaintiffs have exhausted other, less intrusive means of discovery. *Affinity Labs of Tex. v. Apple Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011). Plaintiffs cannot make either showing.

### 1.    Mr. Cue Is an Apex Witness

Mr. Cue sits at the apex of Apple's organizational hierarchy, reporting directly to CEO Tim Cook. As SVP of Services and Health, Mr. Cue oversees numerous products—including Apple Music, Apple News, Apple Podcasts, Apple TV, Apple Pay, Apple Card, Apple Maps, Apple Ads, iCloud, and Apple's productivity and creativity apps—and leads Apple's health and fitness teams. He oversees a business group with ███████████████████ which posted revenues last quarter exceeding $30 billion. Apple Inc., *Quarterly Report* (Form 10-Q) (July 31, 2026). Given this apex role, Mr. Cue should not forgo multiple workdays preparing for and giving cumulative testimony about a fifteen-year-old iCloud design decision. Courts have denied depositions of apex witnesses with fewer reports and responsibilities. *AbCellera Biologics Inc. v. Bruker Cellular Analysis*, 2025 WL 1135681, at *2-3 (N.D. Cal. Apr. 16, 2025) (DeMarchi, J.); *Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *5 (N.D. Cal. Feb. 2, 2012).

Plaintiffs argue that Judge Hixson's order in *In re Apple iPhone Antitrust Litigation* forecloses finding that Mr. Cue is an apex witness. Not so. Judge Hixson *agreed* that Mr. Cue

4

was an apex witness, although afforded him a "lesser degree of apex-ness" than Apple's CEO. 2021 WL 485709, at *4 (N.D. Cal. Jan. 26, 2021). The court in *Arcell v. Google LLC* more recently found Mr. Cue an apex witness and repeatedly denied his deposition because plaintiffs there (like Plaintiffs here) failed to exhaust less intrusive discovery. No. 22-cv-02499-RFL (N.D. Cal. Mar. 9, 2026), ECF No. 221.

## 2.    Plaintiffs Have Not Shown Mr. Cue Has Unique, Non-Repetitive Knowledge

Given Mr. Cue's apex status, Plaintiffs must identify unique, non-repetitive knowledge that Mr. Cue possesses. *Roblox Corp. v. WowWee Grp. Ltd.*, 2023 WL 5507176, at *3 (N.D. Cal. Aug. 25, 2023); *Affinity Labs*, 2011 WL 1753982, at *6. They have not done so.

As SVP of Services and Health overseeing many verticals, Mr. Cue has no unique day-to-day involvement with the iCloud design decision at issue. "Where a high-level decision maker is removed from the daily subjects of the litigation and has no unique personal knowledge of the facts at issue, a deposition of the official is improper." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007).

Mr. Cue's documents prove this point. Many of Mr. Cue's produced emails were sent to, received from, or copied to Patrice Gautier, Apple's 2010-2018 Cloud Infrastructure Engineering Manager, whom Apple added as a custodian for his iCloud experience and decision-making authority, and who will be deposed in October. These include several years of emails in which Mr. Gautier provided Mr. Cue updates on iCloud features and developments. *See* APL-GAMBOA_00180103; APL-GAMBOA_00560691; APL-GAMBOA_00431081; APL-GAMBOA_00449910. Mr. Gautier briefed Mr. Cue about iCloud team organization, informed Mr. Cue about the daily workings of the business, and shared suggestions on leadership transitions. *E.g.*, APL-GAMBOA_00425309.

Many of Plaintiffs' examples of Mr. Cue's purported "unique knowledge" reference projects managed by Mr. Gautier. ███████████████████████████████████████████████ ███████████████████████ APL-GAMBOA_00979106. ███████████████████████████ ██████████████████████. And documents from Mr. Gautier's files show his leadership role in ███████████████████████████ Plaintiffs attribute to Mr. Cue. APL-GAMBOA_00442007 (███████████████); APL-GAMBOA_00442997 (███ ███████████████).

Plaintiffs' other documents similarly show Mr. Cue approving projects managed by or involving other custodians. *See* APL-GAMBOA_00974632 (███████████████████████ ███████████████████████████████████████ ███████████████████████████████████████████████████████. APL-GAMBOA_00545467; APL-GAMBOA_00163052. ███████████████████████████ ████████████████████████████

5

████████████████████████████████████████████████████████.  APL-GAMBOA_00949107; APL-GAMBOA_00221615.[2]

At best, Plaintiffs' cited documents show that Mr. Cue maintained final approval authority over projects across his many verticals.  Such approval authority does not establish unique knowledge sufficient to justify an apex deposition.  *Celerity*, 2007 WL 205067, at *5 (rejecting deposition where plaintiffs claimed executives "participated" in relevant events but knowledge was not unique).  The decision in *In re Uber Technologies, Inc., Passenger Sexual Assault Litigation* does not suggest otherwise.  There, the court granted the depositions of apex witnesses because "their personal, subjective intent may be relevant to Plaintiffs' claims for punitive damages." 2025 WL 896412, at *3 (N.D. Cal. 2025).  There is no such need to assess Mr. Cue's subjective intent.  Rather, Plaintiffs appear to be seeking testimony from Mr. Cue related to his "general management responsibilities," which is disallowed by the case they repeatedly cite. *See In re Meta Pixel Healthcare Litig.*, 2025 WL 1413402, at *1 (N.D. Cal. May 14, 2025) ("[N]othing in the record suggests that plaintiffs here seek Mr. Zuckerberg's deposition based on his high-level, general management responsibilities.").

### 3.    Plaintiffs Have Not Exhausted Less Intrusive Means

Plaintiffs must exhaust testimony from Apple's other custodians before seeking to depose Mr. Cue on cumulative issues.  *See Affinity Labs*, 2011 WL 1753982, at *15; *BAE Sys. San Diego Ship Repair Inc. v. United States*, 670 F. Supp. 3d 1064, 1070 (S.D. Cal. 2023).

Plaintiffs have not yet taken a single deposition in this case (and won't until mid-September, despite Apple's offer of several deposition dates in August and early September). Multiple witnesses scheduled to be deposed in the coming months—including Apple's former Senior Manager of Apple One and iCloud and the current director of iCloud business—will overlap significantly with any testimony Mr. Cue could offer, and those depositions must be exhausted first.

Further, Apple has concerns that Plaintiffs have strategically avoided noticing Apple witnesses who have the same knowledge as Mr. Cue. With two months left in discovery, Plaintiffs have not noticed the deposition of Apple's Senior Director of iCloud Engineering—who started at Apple in February 2010, was one of the first employees assigned to iCloud, and is a custodian precisely because he has knowledge of the iCloud design decision at the core of this case. Likewise, despite claiming that "[h]ow Apple priced iCloud and why is integral" to their case, Plaintiffs have not noticed the deposition of Apple's pricing team lead who was also designated as a custodian.  Plaintiffs' attempt to bypass these witnesses is further evidence that they have not exhausted less intrusive means.

### 4.    Any Deposition Should Be Limited to Two Hours and the 2010–2011 Period

---

[2] Plaintiffs also cite documents that are not probative of relevant issues. *See, e.g.*, APL-GAMBOA_00976494, APL-GAMBOA_00974221 (documents regarding Apple One, which is never referenced in the complaint and has nothing to do with Apple's design decision regarding backup).

Should the Court permit Mr. Cue's deposition, Apple requests it be limited to two hours and restricted to the 2010–2011 period, when the design decision at issue was made. This Court previously found that Mr. Cue had an important role in "decision-making about the iCloud service during the period 2010–2011" when directing Mr. Cue to be a document custodian. ECF No. 89 at 2. The resulting productions reveal that other individuals—including the custodians discussed above—can speak to the same design and pricing decisions. Any deposition of Mr. Cue should be limited to this two-year period. *Teva Pharms.*, 2026 WL 2056975, at *4 (DeMarchi, J.) (limiting CEO deposition to certain topics and two hours).

## III. PARTIES' VIEW ON HEARING

### A. Plaintiffs' Position

Unless the Court has specific questions for the parties, Plaintiffs do not consider a hearing necessary. Plaintiffs believe that the arguments presented, and authorities and materials cited, are sufficient to decide this dispute.

### B. Apple's Position

Given Apple's desire to stick to the current case schedule (see ECF No. 88) and to promptly resolve this issue before the close of fact discovery on October 13, Apple requests that the Court resolve this dispute on the papers.

## IV. DISCOVERY CUT-OFF DATES

- **October 13, 2026**: Close of fact discovery

- **November 4, 2026**: Deadline for Apple to file early motion for summary judgment on statute of limitations issues ("SOL MSJ")

- **December 1, 2026**: Plaintiffs' Opposition to Apple's SOL MSJ due

- **December 22, 2026**: Apple's Reply in support of SOL MSJ due

- **January 27, 2027**: Hearing on Apple's SOL MSJ

- **4 weeks after order on Apple's SOL MSJ, if denied**: Plaintiffs' Class Certification Motion and Supporting Expert Report(s) due

- **8 weeks after the deadline for Plaintiffs' Class Certification Motion and Supporting Expert Report(s)**: Apple's Opposition to Plaintiffs' Class Certification Mot. and Supporting Expert Report(s) and any Motions to Exclude Plaintiffs' Supporting Expert Testimony

- **6 weeks after the deadline for Apple's Opposition to Plaintiffs' Class Certification Mot. and Supporting Expert Report(s)**: Plaintiffs' Reply in Support of Class Certification Mot. and Rebuttal Expert Report(s)

- **4 weeks after Plaintiffs' Reply in Support of Class Certification Mot. and Rebuttal Expert Report(s)**: Class Certification Hearing

## V.      STATEMENT OF COMPLIANCE

The parties attest that they have complied with the requirement that counsel for the parties confer about the discovery dispute. The parties conferred on numerous occasions by email and by videoconference on June 25, 2026, July 7, 2026, July 13, 2026, July 15, 2026, July 17, 2026, July 20, 2026, July 29, 2026, and July 31, 2026. The parties reached impasse on the July 31, 2026 videoconference, which was attended by Ben Siegel, Ben Harrington, and Eli Freedman, for Plaintiffs, and Alicia Jovais, Jack Siddoway, and Juliette Brezin for Defendant. The parties subsequently agreed to modify the briefing submission date by email.

8

Respectfully submitted,

By: */s/ Ben M. Harrington*
      Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
Eli R. Freedman (SBN 345432)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com
eli.freedman@hbsslaw.com

Mark Vazquez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
Facsimile: (708) 628-4950
markv@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

By: */s/  Alicia R. Jovais*
      Alicia R. Jovais
Belinda S Lee (Cal. Bar No. 199635)
*belinda.lee@lw.com*
Sarah M. Ray (Cal. Bar No. 229670)
*sarah.ray@lw.com*
Aaron T. Chiu (Cal. Bar No. 287788)
*aaron.chiu@lw.com*
Alicia R. Jovais (Cal Bar No. 296172)
*alicia.jovais@lw.com*
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

## SIGNATURE OF ATTESTATION

I, Ben M. Harrington, am the CM/ECF user whose ID and password are being used to file this Joint Discovery Letter Brief. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

DATED: August 12, 2025        HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Ben M. Harrington*
      Ben M. Harrington

9