LATHAM & WATKINS LLP
Belinda S Lee (Cal. Bar No. 199635)
*belinda.lee@lw.com*
Sarah M. Ray (Cal. Bar No. 229670)
*sarah.ray@lw.com*
Aaron T. Chiu (Cal. Bar No. 287788)
*aaron.chiu@lw.com*
Alicia R. Jovais (Cal. Bar No. 296172)
*alicia.jovais@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JULIANNA FELIX GAMBOA and THOMAS DOROBIALA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC.

Defendant.

Case No. 5:24-cv-01270-EKL (VKD)

**DECLARATION OF ALICIA R. JOVAIS IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 115)**

Judge: The Honorable Virginia K. DeMarchi

Pursuant to Civil Local Rule 79-5(f)(3), I, Alicia R. Jovais, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California and a member of the Bar of this Court. I am a partner at Latham & Watkins LLP, counsel of record for Defendant Apple Inc. ("Apple") in the above-titled action. I am familiar with Apple's treatment of proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this Declaration pursuant to this Court's Civil Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 115).

3. Apple designated certain information contained or reflected in the parties' Joint Discovery Letter Concerning Eddy Cue's Deposition (ECF No. 116, "Joint Discovery Letter") as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order entered in this case (ECF No. 48).

4. In determining whether to permit discovery materials such as "documents produced between private litigants" to be filed under seal, courts apply the "good cause" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *see also, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (courts apply the "good cause" test when considering motions to seal materials filed in connection with a "discovery motion unrelated to the merits of a case"). Good cause to seal is generally found when "the disclosure of proprietary information could cause a party competitive injury." *Model Drug, Inc. v. Amerisourcebergen Drug Corp.*, 2013 WL 12497455, at *2 (E.D. Cal. Nov. 27, 2013). To determine whether competitive

[1] Courts in this Circuit routinely grant motions to seal based on declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 5:10-cv-02863-EJD, ECF No. 544 (N.D. Cal. Apr. 3, 2015); *id.*, ECF No. 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 5:13-00282-EJD, ECF Nos. 76, 82 (N.D. Cal. Oct. 8, 2013); *In re Qualcomm Litig.*, No. 3:17-00108-GPC-MDD, ECF No. 398-1 (S.D. Cal. Mar. 26, 2018); *id.*, ECF No. 413 (S.D. Cal. Apr. 10, 2018). I am personally familiar with Apple's practices of safeguarding proprietary and confidential information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration in support of filing under seal.

injury would ensue upon disclosure of information, courts "balanc[e] the needs for discovery against the need for confidentiality," *Pintos*, 605 F.3d at 678, taking into consideration whether public access to each document to be sealed will result in "annoyance, embarrassment, oppression, or undue burden or expense," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations omitted), such as by "divulg[ing] confidential business information," *Guzman v. Chipotle Mexican Grill, Inc.*, 2020 WL 1171112, at *2 (N.D. Cal. Mar. 11, 2020); *see also SC Innovations, Inc. v. Uber Techs., Inc.*, 2021 WL 2302728, at *2 (N.D. Cal. May 11, 2021) (finding good cause for sealing where party asserted that documents contained "confidential commercial information" and "highly sensitive transactional data and business strategy documents" that would cause competitive harm if publicly disclosed).

5. The limited information Apple seeks to keep sealed is confidential, strategic, and competitively sensitive information regarding iCloud, including nonpublic financial information, pricing and approval processes, internal business and product strategy, and product design and development details. Apple operates in an intensely competitive environment with multiple rival cloud storage competitors, and public disclosure of this information would put Apple at a competitive and commercial disadvantage. Because of the sensitivity of this information, Apple takes extensive measures to protect its confidentiality.

6. Apple's sealing request is narrowly tailored. Apple seeks to seal only limited portions of the Joint Discovery Letter that contain confidential, strategic, and competitively sensitive content—precisely the type of information that courts in this District routinely seal. *See WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (granting motion to file under seal where "the documents to be sealed contain[ed] highly sensitive, non-public information" and "the material to be sealed in the briefs [was] narrowly tailored" to "only sealable material"); *Stemmelin v. Matterport, Inc.*, 2022 WL 1422567, at *1 (N.D. Cal. May 5, 2022) (same); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2014 WL 7387206, at *1 (N.D. Cal. Dec. 19, 2014) (same).

7. Accordingly, Apple requests that the Court find "good cause" to seal certain limited portions of the Joint Discovery Letter as set forth in the chart below:

| Portion(s) to Seal | Basis for Sealing |
|---|---|
| Pg. 2, parenthetical after "APL-GAMBOA_01057965" | Reflects a confidential internal product strategy decision regarding iCloud. Public disclosure could reveal Apple's product and architecture decisions to cloud-storage competitors, potentially allowing competitors to leverage Apple's design and product strategy decisions. |
| Pgs. 2-3, entire paragraph after sentence starting "Throughout the proposed class period, and before" | Reflects Apple's internal iCloud pricing governance structure, pricing decisions, and related discussions over an extended period of time. Public disclosure could reveal Apple's pricing strategies, including when pricing decisions were made and what considerations went into various pricing decisions, allowing competitors to leverage Apple's pricing decisions and potentially disadvantaging Apple in competition and related commercial negotiations. |
| Pg. 3, parenthetical after "APL-GAMBOA_00974632" | Reflects competitively sensitive information regarding data-related practices, disclosure of which could reveal Apple's decision-making related to user data and operational policies, harming Apple's competitive and commercial position. |
| Pg. 3, after "on Apple mobile devices, and" to before "APL-GAMBOA_00974221." | Reflects competitively sensitive product-design strategy, including sensitive decisions that were made relating to backup and other Apple product offerings. Public disclosure could reveal Apple's product-development priorities and decision-making to competitors, enabling them to leverage Apple's product and service direction and causing competitive harm. |
| Pg. 4, after "and oversees" to before "across Apple's diverse" | Reflects confidential, specific internal headcount figures not publicly disclosed. Public disclosure could provide competitors with insight into Apple's internal staffing and organizational priorities, potentially informing their competitive planning and causing competitive harm. |
| Pg. 4, after "a business group with" to before "which posted revenues" | Reflects confidential, specific internal headcount figures not publicly disclosed. Public disclosure could provide competitors with insight into Apple's internal staffing and organizational priorities, potentially informing their competitive planning and causing competitive harm. |
| Pg. 5, entire sentence after "managed by Mr. Gautier." to before "APL-GAMBOA_00979106." | Reflects competitively sensitive product-design strategy, including sensitive decisions that were made relating to backup and other Apple product offerings. Also reflects internal reporting relationships and responsibility not publicly disclosed. Public disclosure could reveal Apple's product-development priorities and organizational decision-making structure, enabling competitors to leverage Apple's product decision-making and how Apple assigns responsibility for those initiatives, causing competitive harm. |

| | |
|---|---|
| Pg. 5, entire sentence after "APL-GAMBOA_00979106." to before "And documents from Mr. Gautier's files" | Reflects nonpublic internal reporting relationships and responsibility. Public disclosure could reveal Apple's organizational structure and decision-making channels, giving competitors insight into how Apple assigns responsibility for iCloud-related initiatives and potentially aiding their competitive planning, causing competitive harm. |
| Pg. 5, after "his leadership role in" to before "Plaintiffs attribute to Mr. Cue." | Reflects confidential internal project codename, links the codename to iCloud pricing decisions, and reveals Apple's internal product-development structure. Public disclosure could identify a confidential Apple project and reveal internal product-development priorities, allowing competitors to leverage Apple's strategic decisions and causing competitive harm. |
| Pg. 5, parenthetical after "APL-GAMBOA_00442007" | Reflects the same confidential internal project codename in the previous row. Public disclosure could identify a confidential Apple project and reveal internal product-development priorities, allowing competitors to leverage Apple's strategic decisions and causing competitive harm. |
| Pg. 5, parenthetical after "APL-GAMBOA_00442997" | Reflects the same confidential internal project codename in the previous row. Public disclosure could identify a confidential Apple project and reveal internal product-development priorities, allowing competitors to leverage Apple's strategic decisions and causing competitive harm. |
| Pg. 5, portion after "APL-GAMBOA_00974632" to before "APL-GAMBOA_00545467" | Reflects internal reporting relationships and responsibility not publicly disclosed and the timing of pricing decisions. Public disclosure could reveal Apple's internal pricing-decision process and when pricing decisions are made, allowing competitors to anticipate pricing changes and potentially disadvantaging Apple in pricing competition and related commercial negotiations. |
| Pg. 5-6, complete sentence after "APL-GAMBOA_00163052" | Reflects internal reporting relationships and responsibility not publicly disclosed and the timing of pricing decisions. Public disclosure could reveal Apple's internal pricing-decision process and when pricing decisions are made, allowing competitors to anticipate pricing changes and potentially disadvantaging Apple in pricing competition and related commercial negotiations. |

8. Apple does not seek to seal the following portions of the Joint Discovery Letter that were included in Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 115):

- Pg. 3, remaining portion of sentence after "Apple does not, and cannot, argue that the"
- Pg. 3, after "he stopped two years before the class period" to before "Apple's citations to"

- Pg. 4, after "depose Mr. Cue" to before "To Cabin Cue's"

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 19, 2026, in San Francisco, California.

/s/ *Alicia R. Jovais*
Alicia R. Jovais