UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JULIANNA FELIX GAMBOA, et al.,

Plaintiffs,

v.

APPLE INC.,

Defendant.

Case No. 24-cv-01270-EKL (VKD)

**ORDER RE AUGUST 12, 2026 DISCOVERY DISPUTE RE CUE DEPOSITION**

Re: Dkt. Nos. 115, 116

The parties ask the Court to resolve their dispute about the duration and scope of plaintiffs' deposition of Eddy Cue, a senior executive of defendant Apple Inc. ("Apple"). Dkt. No. 116.[1] Plaintiffs demand a full-day deposition of seven hours, while Apple offers to produce Mr. Cue for a two-hour deposition limited to the period 2010 – 2011. *Id.* at 1. The Court finds this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

The Court has considered the parties' arguments and the applicable authority. Recognizing that the Ninth Circuit has provided little guidance on the nature and scope (or existence) of the so-called "apex" doctrine, the Court assumes for purposes of this dispute that Mr. Cue qualifies as an

[1] Plaintiffs move to seal portions of the discovery letter revealing information Apple designated as confidential or highly confidential. Dkt. No. 115. In its statement re sealing (Dkt. No. 117), Apple narrowed the scope of the discovery letter contents for which Apple says sealing is warranted. As plaintiffs' sealing motion relates to a discovery matter, the good cause standard applies. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Good cause appearing, the Court grants plaintiffs' sealing motion, as narrowed by Apple. As Apple has confirmed that certain information in the discovery letter need not be sealed, the Court finds no basis to seal anything in this order. By **September 3, 2026**, plaintiffs shall file a revised redacted version of the August 12, 2026 discovery letter.

apex witness—i.e., a high-level executive of an adverse party with respect to whom plaintiffs' request for deposition creates a risk of abuse or harassment. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012); *see also In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580-WHO (VKD), 2025 WL 1413402, at *3 (N.D. Cal. May 14, 2025) (recognizing opportunity for abuse or harassment in deposition of Meta CEO). Plaintiffs have shown that Mr. Cue is a key decision-maker who is likely to have unique first-hand, non-repetitive knowledge regarding Apple's iCloud pricing and strategy. The Court does not expect plaintiffs to examine Mr. Cue about "day-to-day" decisions within the scope of other employees' responsibility or the details of specific projects managed by others whom plaintiffs will separately depose. There is some question whether plaintiffs have made diligent efforts to depose other knowledgeable witnesses before seeking Mr. Cue's deposition, but exhaustion of such other discovery means is not an absolute bar to taking Mr. Cue's deposition, particularly where plaintiffs appear to have completed extensive document discovery, on which they now rely to show that Mr. Cue is likely to have relevant testimony. *See In re Apple iPhone Antitrust Litig.,* No. 11-cv-06714-YGR (TSH), 2021 WL 485709, at *5 (N.D. Cal. Jan. 26, 2021).

The Court finds no reason to limit Mr. Cue's deposition to the specific time period 2010 – 2011 merely because that was the time period pertinent to an earlier discovery dispute. *See* Dkt. No. 89. Plaintiffs have shown that Mr. Cue's relevant testimony likely spans a broader period of time. Conversely, given the specific scope of discovery plaintiffs seek from Mr. Cue—the reasons behind his pricing and strategy decisions—the Court is not persuaded that plaintiffs require seven hours of deposition. Accordingly, the Court orders Apple to produce Mr. Cue for deposition at a date and time, mutually convenient to the parties, before the close of fact discovery. The deposition shall not be limited to the period 2010 – 2011 but shall be limited to four hours on the record.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge