LATHAM & WATKINS LLP
Belinda S Lee (Cal. Bar No. 199635)
*belinda.lee@lw.com*
Sarah M. Ray (Cal. Bar No. 229670)
*sarah.ray@lw.com*
Aaron T. Chiu (Cal. Bar No. 287788)
*aaron.chiu@lw.com*
Alicia R. Jovais (SBN 296172)
*alicia.jovais@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JULIANNA FELIX GAMBOA and THOMAS DOROBIALA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC.

Defendant.

CASE NO. 5:24-cv-01270-EKL-VKD

**APPLE INC.'S NOTICE OF MOTION AND MOTION FOR REQUEST FOR ISSUANCE OF A LETTER OF REQUEST TO SAMSUNG ELECTRONICS COMPANY, LTD. IN THE REPUBLIC OF KOREA**

Date: December 2, 2026

Time: 10:00 AM

Location: Courtroom 7, 4th Floor, 280 South 1st Street, San Jose, CA 95113

TO THIS HONORABLE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT, on December 2, 2026 at 10:00 AM, or as soon thereafter as counsel can be heard, before the Honorable Eumi K. Lee, United States District Judge, of the Northern District of California, at Courtroom 7, on the 17th Floor, Defendant Apple Inc. ("Apple") hereby moves, pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, and 28 U.S.C. § 1781, for the issuance of a Letter of Request for International Judicial Assistance directed to the National Court Administration of the Supreme Court of the Republic of Korea (which is the appropriate judicial authority under Korean law). The purpose of this request is to obtain documents from Samsung Electronics Company, Ltd.

This motion is based upon this Notice of Motion for Issuance of a Letter of Request, the accompanying Memorandum of Points and Authorities, the declaration of Alicia R. Jovais, the files and records in this action, and such other written or oral argument that may be presented to the Court.

Dated: August 31, 2026

LATHAM & WATKINS LLP
By: /s/ Alicia R. Jovais
Alicia R. Jovais

Belinda S Lee (Cal. Bar No. 199635)
*belinda.lee@lw.com*
Sarah M. Ray (Cal. Bar No. 229670)
*sarah.ray@lw.com*
Aaron T. Chiu (Cal. Bar No. 287788)
*aaron.chiu@lw.com*
Alicia R. Jovais (Cal. Bar No. 296172)
*alicia.jovais@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I. INTRODUCTION .......... 3
II. RELEVANT BACKGROUND .......... 3
III. LEGAL STANDARD .......... 5
IV. ARGUMENT .......... 5
A. The Requested Evidence Is Central to Apple's Defense of Plaintiff's Claims .......... 6
B. The Letter of Request Is Specific and Narrowly Tailored .......... 7
C. No Adequate Alternative Means Exist to Obtain the Information .......... 7
V. CONCLUSION .......... 8

## I. INTRODUCTION

Defendant Apple Inc. ("Apple") respectfully requests the issuance of a Letter of Request seeking evidence from non-party Samsung Electronics Company, Ltd. ("SEC"), which is located in the Republic of Korea. Plaintiff Thomas Dorobiala ("Plaintiff") seeks to represent a proposed class of consumers who purchased iCloud storage plans and were allegedly overcharged by Apple. Plaintiff specifically alleges that Apple monopolizes an alleged market for "Full-Service Cloud Storage on Apple Mobile Devices" (or, alternatively, an alleged market for "all cloud services on Apple's mobile devices") because third-party cloud storage service providers cannot remotely back up core app data and device settings on iPhone and iPad. *See, e.g.*, Second Am. Compl., ECF No. 64 ("SAC") ¶¶ 5, 188, 194. Plaintiff references "Samsung" 25 times in its complaint, including alleging that Samsung's cloud-storage practices supposedly show there is "no plausible technological or security justification for Apple's conduct." *Id.* ¶ 7. Discovery regarding SEC's Samsung Cloud service is thus important to Apple's defense of Plaintiff's claims, including on issues such as market definition, market power, and the procompetitive justifications for the alleged restraint. As set forth in **Exhibit A**, Apple seeks targeted, existing documents concerning Samsung Cloud's backup functionality and restrictions, backup-related security assessments, the 2020-2021 changes to the Samsung Cloud service offering, pricing and free-storage capacity over time, operating costs, and competition and market share. Though Apple subpoenaed Samsung's relevant U.S. entity, Samsung Electronics America, Inc., seeking these documents, the U.S. entity's counsel advised that any responsive documents would reside with SEC. Accordingly, Apple respectfully requests that the Court issue a Letter of Request to the Republic of Korea seeking SEC documents relevant to the parties' claims and defenses here.

## II. RELEVANT BACKGROUND

Plaintiff alleges that Apple prevents rival cloud-storage providers from accessing and hosting core app data and device settings on Apple mobile devices, to ensure that only iCloud can offer users a "full service" device backup. SAC ¶¶ 55-58. Plaintiff claims this alleged "restraint" allows Apple to monopolize an alleged market for "Full-Service Cloud Storage on Apple Mobile Devices"—*i.e.*, a single-brand market limited to iCloud only—and that Apple can therefore charge

inflated prices for iCloud. *Id.* ¶ 10. Plaintiff further alleges that Apple has unlawfully "tied" iCloud to its mobile devices by preventing device holders from using any service other than iCloud to back up core app data and device settings. *Id.* ¶¶ 155-160.

"Samsung" features prominently in Plaintiff's case. Plaintiff identifies Samsung as Apple's "chief competitor[] in device markets" and relies heavily on Samsung's cloud-storage practices to try to undermine Apple's anticipated defenses. *Id.* ¶¶ 8, 52, 139, 146. For instance, Plaintiff alleges that Samsung device holders have been permitted to choose between Samsung Cloud and Google Drive to back up the entirety of their devices, including all files needed for device restoration, "while [Samsung] continu[es] to offer state-of-the art security and encryption that matches, if not bests, anything Apple can offer." *Id.* ¶ 52. Likewise, Plaintiff asserts that Samsung's cloud-storage practices are evidence that Apple's design decision to limit third-party remote backup of core app data and device settings has no legitimate technological or security justification. *Id.* ¶¶ 7-8.

Given Samsung Cloud's relevance to the case, Apple subpoenaed Samsung Electronics America, Inc. ("SEA"), SEC's U.S. subsidiary, in September 2025. Decl. of Alicia R. Jovais in Support of Apple's Motion for Issuance of Letter of Request ("Jovais Decl.") ¶ 6. That subpoena sought, among other things, documents relating to Samsung Cloud's pricing tiers and changes thereto; Samsung's consideration of whether to offer Samsung Cloud on Apple Mobile Devices; competition between Samsung Cloud and iCloud; consumer surveys and analyses regarding cloud storage services; and Samsung Cloud's revenue, subscriber data, and technical capabilities, including encryption and storage capacity. *Id.* ¶ 7. Through several rounds of negotiations, SEA explained that multiple categories of documents Apple seeks are not within its possession, custody, or control and instead are likely held exclusively by its parent company, SEC, in the Republic of Korea. *Id.* ¶ 9. During the meet-and-confer process, SEA's counsel further explained that (1) SEA is the American sales entity, but that its Korean parent, SEC, makes many of the relevant decisions regarding Samsung Cloud, (2) higher-level strategy and technical aspects of Samsung Cloud are not handled by SEA, and (3) inquiries concerning the newer, paid Samsung Cloud storage service should be directed to SEC. *Id.* ¶ 10.

## III. LEGAL STANDARD

A letter of request "is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004). The United States and the Republic of Korea are both signatories to the Hague Evidence Convention (the "Convention"), which permits "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner." 28 U.S.C. § 1781(b)(2). Like all discovery, motions for letters of request are subject to Rule 26(b), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b).

Where the requirements of the Convention are met, courts in this district generally grant motions requesting issuance of a letter of request, even over objections. *See, e.g.*, *Zoho Corp. Pvt. Ltd v. Freshworks, Inc.*, 2021 WL 2769009, at *3 (N.D. Cal. July 2, 2021) (granting motion for issuance of letter of request over defendant's objections that plaintiff was not diligent in pursuing the discovery and that it was duplicative of other discovery, citing "the liberal standard for issuance of letters of request" and the relevance of the information sought); *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, 2020 WL 7042860, at *2 (N.D. Cal. Dec. 1, 2020) (issuing letter of request over objections, explaining that the "requested discovery is highly relevant to the central issue" in the case and that "plaintiffs' proposed deponents appear likely, by virtue of their former positions and responsibilities, to have personal knowledge regarding various relevant issues"). In considering a motion for issuance of a letter of request, a "court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that information will actually be obtained." *Doe v. Uber Techs., Inc.*, 2022 WL 562749, at *1 (N.D. Cal. Feb. 24, 2022). Instead, the test is relevance under Rule 26(b). *Id.* at *1-2.

## IV. ARGUMENT

The information Apple seeks from SEC falls well within Rule 26(b). As set forth in **Exhibit A**, Apple seeks identified internal specifications and policies concerning supported backup and restoration data types and third-party cloud storage; review and decision records

concerning the 2020-2021 changes to Samsung Cloud's service; technical and security assessments; policies and reviews concerning availability to users of Apple mobile devices and Verizon-network users; pricing and free-storage-capacity specifications; annual backup-storage operating-cost reports; and annual competitive-intelligence and market-share reports. These documents go to core issues in this litigation, including: Plaintiff's allegations that Apple foreclosed competition by preventing rival cloud-storage providers like Samsung Cloud from backing up core app data and device settings; Plaintiff's reliance on Samsung's alleged practices as a benchmark for how cloud-storage providers can or should design their products; and Apple's defenses concerning market definition, competitive effects, procompetitive justifications, and damages. The requests are also proportional and targeted. They seek existing documents concerning the specific Samsung Cloud functionalities, strategies, pricing, security features, and competitive issues that Plaintiff put directly in issue with their allegations about Samsung in the complaint. And, according to SEA, these documents must be obtained from SEC.

### A. <u>**The Requested Evidence Is Central to Apple's Defense of Plaintiff's Claims**</u>

Documents from SEC are relevant and necessary to Apple's defenses. Plaintiff's case is based on the allegation that Apple "arbitrarily sequesters … app data and settings" such that rival cloud-storage providers—including Samsung Cloud—cannot "offer users a comprehensive backup solution." SAC ¶ 5. Plaintiff specifically invokes Samsung as a comparator, alleging that "Samsung has historically offered its own proprietary cloud storage platform (Samsung Cloud) while also giving users the option of backing up the entirety of their devices (all file types) on Google Drive, and Samsung has done so while maintaining state-of-the art security on its devices that rivals, if not exceeds, anything Apple offers." *Id.* ¶ 7; *see also id.* ¶¶ 52, 139, 146. Plaintiff claims that Samsung's differing design choices mean that Apple's iCloud design "can be coherently explained only as an attempt to stifle competition." *Id.* ¶ 8. SEC's documents are directly relevant to Apple's defense of Plaintiff's antitrust theory. More broadly, Plaintiff contends that Samsung Cloud (and every other cloud storage service) is not a substitute for iCloud, and he alleges that Apple's design decisions have caused higher prices, diminished choice, lower output, and reduced quality. *Id.* ¶¶ 117-154. Documents showing how Samsung Cloud has functioned

over time, how Samsung views competition in the cloud storage space, and the pricing, free-storage capacity, and operating costs reflected in SEC's identified pricing lists, service specifications, and annual cost reports, together with SEC's competitive-intelligence and market-share reports, will bear directly on disputed issues in the case.

**B. The Letter of Request Is Specific and Narrowly Tailored**

The Letter of Request targets discrete categories of existing documents tied to Plaintiff's theory and Apple's defenses. It does not seek all documents about Samsung Cloud or all of Samsung's cloud-storage business. Instead, it seeks discrete existing documents or recurring reports, including internal specifications and policies concerning backup data types, third-party cloud storage, pricing lists, and free-storage-capacity specifications; review and decision records concerning Samsung Cloud's 2020-2021 service changes; engineering and security assessments; policies and reviews concerning the availability to Verizon-network users and Apple mobile device users; annual backup-storage operating-cost reports; and annual competitive-intelligence and market share reports. Each request identifies one or more such documents or recurring reports by title or substantial title, describes the internal function and subject matter of each, and specifies an approximate date or time period, including designated dates or identified fiscal years where applicable. Apple's Letter of Request thus seeks only the identified documents or recurring reports as they exist; it does not require SEC to create any new documents, lists, or compilations. And the requested documents are tied directly to the Samsung-specific allegations Plaintiff put in issue via his complaint, and to the categories SEA has identified as outside its possession and likely held by SEC.

**C. No Adequate Alternative Means Exist to Obtain the Information**

Apple cannot secure the requested information through ordinary domestic discovery from SEA. Apple first pursued discovery from SEA by serving a Rule 45 subpoena on SEA, but SEA objected to requests seeking information outside SEA's possession, custody, or control and, through the meet and confer process, made clear it was not aware of responsive information in its possession, custody, or control for key categories. Jovais Decl. ¶ 8. SEA's counsel also explained that (1) SEA merely sells tablets and phones in the United States, while SEC makes the relevant

decisions; (2) higher-level strategy and technical aspects of Samsung Cloud are not handled by SEA; and (3) information concerning a paid Samsung Cloud storage service would be within SEC. *Id.* ¶ 10. The Hague Evidence Convention process is therefore the appropriate and necessary mechanism to obtain responsive documents from the Korean entity that appears to possess or control key information relevant to Plaintiff's allegations and Apple's defenses.

### D. Apple's Request Is Timely

Apple exercised reasonable diligence in seeking Samsung documents. Apple issued a subpoena to SEA in September 2025; met and conferred with SEA's counsel multiple times between October 2025 and March 2026 regarding SEA counsel's investigation into whether SEA had responsive documents; received confirmation from SEA counsel in late March 2026 that SEC—not SEA—would have responsive documents; engaged Korean counsel in the spring of 2026; prepared Hague papers in the summer of 2026; and significantly revised those papers pursuant to a change in administration in the National Court Administration in Korea in June 2026. Jovais Decl. ¶¶ 7-12. Upon finalizing the Letter of Request, Apple provided notice to Plaintiff that it intended to serve SEC through the Hague on August 14, 2026 and has not received a response. *Id.* ¶ 13. Apple therefore "acted with sufficient diligence." *See, e.g.*, *Wadeea v. Mercedes-Benz USA, LLC*, 2025 WL 2417180, at *4 (S.D. Cal. Aug. 21, 2025) (moving party was diligent where it first tried to serve discovery requests on US entity; spent months "research[ing] the process to serve a subpoena through the Hague Convention" on German parent and "draft[ing] the subpoena"; and filed the motion with about three months left in fact discovery); *Zoho Corp. Pvt. Ltd v. Freshworks, Inc.*, 2021 WL 2769009, at *3 (N.D. Cal. July 2, 2021) (finding diligence where movant "engage[d] Indian counsel regarding issuance of the letters of request" five months before the close of discovery, "due to factors outside of [movant's] control . . . it took approximately two months for Indian counsel to revert with the requested guidance," and "[a]t that point, [movant] contacted [the opposing party] regarding its request and filed the present motion after receiving [a] response").

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court sign under seal and

issue the attached Letter of Request to the appropriate authority in conformity with Article 2 of the Hague Convention, including a request for documents, in the form attached as **Exhibit A**. Apple further requests that the Court provide an original of the executed Letter of Request to Apple's undersigned counsel for forwarding to the appropriate authority in the Republic of Korea. Apple's counsel will then transmit the executed Letter of Request to the authority for execution.

Dated: August 31, 2026

LATHAM & WATKINS LLP
By: */s/ Alicia R. Jovais*
Alicia R. Jovais

Belinda S Lee (Cal. Bar No. 199635)
*belinda.lee@lw.com*
Sarah M. Ray (Cal. Bar No. 229670)
*sarah.ray@lw.com*
Aaron T. Chiu (Cal. Bar No. 287788)
*aaron.chiu@lw.com*
Alicia R. Jovais (Cal. Bar No. 296172)
*alicia.jovais@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*