Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

*[Additional counsel on signature page]*

Belinda S. Lee (SBN 199635)
*belinda.lee@lw.com*
Sarah M. Ray (SBN 229670)
*sarah.ray@lw.com*
Aaron T. Chiu (SBN 287788)
*aaron.chiu@lw.com*
Alicia R. Jovais (SBN 296172)
*alicia.jovais@lw.com*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JULIANNA FELIX GAMBOA and THOMAS DOROBIALA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC.,

Defendant.

CASE NO. 5:24-cv-01270-EKL (VKD)

**STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING EXPERT DISCOVERY**

Judge: The Honorable Eumi K. Lee

Re: Dkt. No. 135

Plaintiffs Julianna Felix Gamboa and Thomas Dorobiala ("Plaintiffs") and Defendant Apple Inc. ("Defendant"), by and through their respective attorneys of record herein stipulate that the following terms (the "Stipulation") will govern expert discovery in the above-captioned action:

1. **Expert Reports and Summaries**: The parties will make all disclosures required by Federal Rule of Civil Procedure 26(a)(2), as modified or limited below, at the times and in the manner provided for by separate order of the Court. The term "expert" as used in this document refers to a witness a party may use to present evidence under Federal Rules of Evidence 702, 703, or 705. For the avoidance of doubt, the term does not include non-testifying consulting experts, whom the parties agree shall not be the subject of discovery or disclosure requirements. Each party that intends to offer the testimony of one or more experts must serve by email an expert report for each expert in compliance with Federal Rule of Civil Procedure 26(a)(2)(B) (or, as applicable, a summary for each expert in compliance with Federal Rule of Civil Procedure 26(a)(2)(C)); provided, however, that the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this action. The parties must include in any expert report produced in connection with this action: (1) a description of the expert witness's qualifications, including a list of all publications authored in the previous ten years and a list of all other cases in which, during the previous ten years, the expert witness has testified as an expert at trial or by deposition; and (2) a statement of the hourly rate paid for the expert witness's time in the case.

2. **Associated Documents, Data, and Other Information**: No later than three (3) business days after serving an expert report, the serving party must produce to all other parties a copy of all documents, data, or other information relied upon by the expert as a basis for the expert's opinion, except for any documents, data, or other information that have been produced previously, which can instead be referred to by Bates (or other identifying) number. The parties may agree not to produce any printed publications which both parties and/or their experts already possess. To the extent the disclosures in an expert report include, rely upon, or describe exhibits, information, or data processed or modeled by a computer at the direction of an expert in the course of forming the expert's opinions, the party offering the expert's opinions must produce native

copies of the data along with the appropriate programs, software, and instructions, except that no party need produce programs, software, or instructions that are commercially available at a reasonable cost. No party need produce databases, programs, or software that (1) are used in the ordinary course of a party's business and (2) are not practicable to copy, as long as the party offering the expert's opinion provides timely and reasonable access for purposes of replication or analysis of disclosed results. Documents, data, and other information should be produced (i) electronically (via email, disk, external drive, or FTP site) where reasonably feasible, and (ii) in compliance with the governing ESI Protocol Order entered in this case, where appropriate. Documents that are publicly available must be identified (e.g., by a working URL where the materials can be accessed or obtained) but need not be produced absent specific request. Publications which exist only behind a paywall or in print shall not be considered publicly available.

3. **Expert Discovery Limitations:** The provisions of Federal Rule of Civil Procedure 26(b)(4)(C), as modified or limited in this document and the governing Protective Order in this case, will apply to expert discovery in this litigation. However, no expert or party is required to produce or describe on a privilege log and no party may seek discovery or disclosure of by any method (including by deposition): (1) any communication between an expert (including his or her staff, assistants, or agents) and a party offering the testimony of such expert (including the party's employees, agents, consultants, and counsel, and their employees, staff, or agents); (2) any communication between an expert and his or her staff, assistants, or agents; (3) any communication between an expert (including his or her staff, assistant, or agents) and any other expert or non-testifying consulting expert retained by the party (including his or her staff, assistants, or agents); (4) drafts of any report, exhibit, study, work paper, computation, calculation, compilation, or any other material prepared by, for, or at the direction of an expert (including his or her staff, assistants, or agents) regardless of the form in which the draft is recorded; (5) any notes or other writings made by, for, or at the direction of an expert (including his or her staff, assistants, or agents) in connection with this matter including (i) preliminary work created by or for an expert and (ii) copies of materials produced by any party bearing the notes, markings, or comments of an expert

or his or her staff, assistants, or agents; (6) any comments, whether oral or written, related to a report or draft report of an expert prepared in connection with this litigation by (i) counsel for a party retaining the expert, (ii) counsel working with counsel for a party retaining the expert, (iii) an expert's staff, assistants, or agents, (iv) a non-testifying consulting expert, or (v) any other expert, or their staff, assistants, or agents; or (7) any information concerning fees paid or to be paid to experts with the exception of (i) an expert's hourly rate and (ii) total hours personally billed by an expert in this litigation. For the avoidance of doubt, invoices submitted by experts or consultants shall not be discoverable. Nothing in this paragraph relieves an expert or party from the duty to identify the facts, data, and assumptions that the expert relied upon in forming his or her opinions, as provided for under Rule 26(b)(4)(C).

4. **Finality of Expert Evidence:** Subject to the duty to correct under Federal Rule of Civil Procedure 26(a)(2)(E) and Rule 26(e)(2), no expert report, summary, or other expert evidence may be supplemented, and no expert evidence may be offered or admitted that has not been timely and properly disclosed, except by leave of Court.

5. **Limitations.** Nothing in this Stipulation implies that any of the information restricted from discovery by this Stipulation would otherwise be discoverable. Nothing herein shall be construed to prevent questions relating to the substance of an expert's opinion(s), including alternative analyses, methodologies, or approaches to issues on which an expert is testifying, regardless of whether the expert relied on them in forming the expert's opinions. Nothing in this Stipulation shall limit or waive any party's rights to object for any reason to the admission of any opposing party's expert testimony into evidence or to the qualification of any person to serve as an expert witness. Nothing in this Stipulation shall preclude any party from seeking to modify it later for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: September 10, 2026

By: */s/ Alicia R. Jovais*
Alicia R. Jovais (SBN 296172)

Belinda S Lee (SBN 199635)
*belinda.lee@lw.com*
Sarah M. Ray (SBN 229670)
*sarah.ray@lw.com*
Aaron T. Chiu (SBN 287788)
*aaron.chiu@lw.com*
Alicia R. Jovais (SBN 296172)
*alicia.jovais@lw.com*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

Dated: September 10, 2026

By: */s/ Ben M. Harrington*
Ben M. Harrington (SBN 313877)

Benjamin J. Siegel (SBN 256260)
Eli R. Freedman (SBN 435432)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com
eli.freedman@hbsslaw.com

Mark Vazquez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
Facsimile: (708) 628-4950
markv@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

**ATTESTATION**

I, Alicia R. Jovais, am the CM/ECF user whose ID and password are being used to file the parties' Stipulation and [Proposed] Order Regarding Expert Discovery. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: September 10, 2026

*/s/ Alicia R. Jovais*

Alicia R. Jovais

## ~~[PROPOSED]~~ ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: September 11, 2026

Virginia K. DeMarchi
THE HONORABLE VIRGINIA K. DEMARCHI
United States Magistrate Judge