UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THOMAS DOROBIALA,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 24-cv-01270-EKL (VKD)

**ORDER GRANTING DEFENDANT'S MOTION FOR ISSUANCE OF LETTER OF REQUEST TO SAMSUNG ELECTRONICS COMPANY, LTD. IN THE REPUBLIC OF KOREA**

Re: Dkt. No. 123

Defendant Apple Inc. ("Apple") requests that the Court issue a letter of request to Samsung Electronics Company, Ltd. in the Republic of Korea. Dkt. No. 123. The Court has received no opposition to that motion, and the time for filing one has passed. *See* Civil L.R. 7; *see also* Dkt. No. 139. The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). The October 27, 2026 hearing is vacated. Upon consideration of the moving papers, the Court grants Apple's motion. The Clerk is directed to send the original of the appended letter of request, affixed with the Court's seal, to Apple's counsel, Alicia R. Jovais, for forwarding to the appropriate authority in the Republic of Korea.

**IT IS SO ORDERED.**

Dated: October 1, 2026

Virginia K. DeMarchi

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

LATHAM & WATKINS LLP
Belinda S Lee (Cal. Bar No. 199635)
*belinda.lee@lw.com*
Sarah M. Ray (Cal. Bar No. 229670)
*sarah.ray@lw.com*
Aaron T. Chiu (Cal. Bar No. 287788)
*aaron.chiu@lw.com*
Alicia R. Jovais (SBN 296172)
*alicia.jovais@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JULIANNA FELIX GAMBOA and THOMAS DOROBIALA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC.

Defendant.

CASE NO. 5:24-cv-01270-EKL-VKD

**APPLE INC.'S REQUEST FOR ISSUANCE OF A LETTER OF REQUEST TO SAMSUNG ELECTRONICS COMPANY, LTD. IN THE REPUBLIC OF KOREA**

Date: December 2, 2026

Time: 10:00 AM

Location: Courtroom 7, 4th Floor, 280 South 1st Street, San Jose, CA 95113

**LETTER OF REQUEST**

*Request for International Judicial Assistance*
*Pursuant to the Hague Convention of 18 March 1970 on*
*the Taking of Evidence in Civil or Commercial Matters*
By the United States District Court,
Northern District of California

**TO THE NATIONAL COURT ADMINISTRATION OF THE REPUBLIC OF KOREA:**

The United States District Court for the Northern District of California presents its compliments to the National Court Administration of the Republic of Korea and requests assistance in obtaining evidence from Samsung Electronics Company, Ltd., a corporation organized under the laws of the Republic of Korea, which is located at the following address:

129 Samsung-ro, Yeongtong-gu
Suwon-si, Gyeonggi-do, 16677
Republic of Korea

This request is made pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("The Hague Convention"), as implemented in the United States of America at 28 U.S.C. §§ 1781 and 1782, to which both the United States and the Republic of Korea are parties. The United States District Court for the Northern District of California is a competent court of law and equity which properly has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses and production of documents both within and outside its jurisdiction.

The documents and things are intended for use in *Gamboa et al. v. Apple Inc.*, No. 5:24-cv-01270-EKL-VKD (N.D. Cal.), and in the view of this Court will be relevant to the alleged antitrust claims asserted in this action. This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in the Republic of Korea. In the proper exercise of its authority, this Court has determined that the evidence sought is directly relevant to the issues in dispute and is not discovery within the meaning of Article 23 of the Hague Evidence Convention, that is, discovery intended to lead to relevant evidence for trial.

The particulars for this Letter of Request are as follows:

**1. Sender**

Honorable Virginia K. DeMarchi
~~Honorable Judge Eumi K. Lee~~

United States District Court for the Northern District of California
San Jose Federal Courthouse
280 South 1st Street
San Jose, CA 95113
U.S.A.

**2. Central Authority of the Requested State**

National Court Administration
Attn.: Director of International Affairs
Seocho-daero 219
Seocho-gu
SEOUL 06590
Republic of Korea
Tel: 82 (2) 3480 1734
Fax: 82 (2) 533 2824
Email: international@scourt.go.kr

**3. Persons to whom the executed request is to be returned**

Alicia R. Jovais
*alicia.jovais@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

**4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

A response to this Letter of Request is requested by September 18, 2026, or as soon thereafter as is reasonably possible.

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

**5a. Requesting judicial authority (Article 3(a))**

Honorable Virginia K. DeMarchi
~~The Honorable Judge Eumi K. Lee~~

United States District Court for the Northern District of California
San Jose Federal Courthouse
280 South 1st Street
San Jose, CA 95113
U.S.A.

**5b. To the competent authority of (Article 3(a))**

The Republic of Korea

**5c. Name of case and identifying number**

*Gamboa et al. v. Apple Inc.*, No. 5:24-cv-01270-EKL-VKD (N.D. Cal.)

**6. Names and addresses of the parties and their representatives (including representatives in the requesting state) (Article 3(b))**

**a. Plaintiffs**

Thomas Dorobiala et al.

Represented in the United States by:

Ben M. Harrington
Benjamin J. Siegel
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com
bens@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000

Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com
catherineg@hbsslaw.com

Mark T. Vazquez
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr.
Chicago, IL 60611
Telephone: (708) 628-4962
Facsimile: (206) 628-4950
markv@hbsslaw.com

**b. Defendant**

Apple Inc.

Represented in the United States by:

Belinda S Lee
belinda.lee@lw.com
Sarah M. Ray
sarah.ray@lw.com
Aaron T. Chiu
aaron.chiu@lw.com
Alicia R. Jovais
alicia.jovais@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

**c. Other Parties**

None.

**7. Nature and purpose of the proceedings and summary of the facts and defenses:**

An issue in the case is whether Apple Inc. prevents competing cloud storage providers from hosting so-called "Restricted Files" on its mobile devices — thereby ensuring that only iCloud can offer full-service cloud storage — and whether this is anticompetitive or instead justified by

legitimate security concerns, and Plaintiff's complaint repeatedly alleges that Samsung Electronics Company, Ltd., Apple Inc.'s chief competitor in device markets, has historically offered its own proprietary cloud storage platform (Samsung Cloud) while also permitting its device holders to back up the entirety of their devices (including "Restricted Files") on third-party cloud storage providers without limiting any particular file types, all while maintaining "defense-grade" security with no public record of cloud-related breaches. Samsung Electronics Company, Ltd. possesses information directly relevant to the main issues between the parties, including information concerning Samsung Electronics Company, Ltd.'s cloud storage policies, the technical and security implications of permitting third-party cloud providers to host all file types on mobile devices, and Samsung Electronics Company, Ltd.'s experience maintaining device security without imposing file-access restrictions. The United States District Court for the Northern District of California believes that this information is not available from any other source.

**8. a. Evidence to be obtained or other judicial act to be performed (Article 3(d))**

Apple Inc. seeks documents from Samsung Electronics Company, Ltd. as set forth in Exhibit 1.

**b. Purpose of the evidence or judicial act sought**

The evidence will be used to decide the case between Plaintiff and Apple. It may be used by the parties to show whether Apple has or has not engaged in anticompetitive practices, and is also potentially relevant to determining Apple's share of the alleged full-service cloud storage market.

**9. Documents or other property to be inspected (Article 3(g))**

*See* Exhibit 1, attached.

**10. Special methods or procedure to be followed (Articles 3(i) and 9)**

None.

**11. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)**

This Court respectfully requests that you notify this Court, the representatives of the parties indicated above, and such other person(s) that you deem proper.

**12. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)**

The United States District Court for the Northern District of California respectfully requests that Apple Inc.'s and Plaintiff's counsel in the United States be notified of the time and place for the execution of the Request.

**13. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11(b))**

Under the laws of the United States, certain immunities may exist such as the limited protection of work product created by attorneys during or in anticipation of litigation.

**14. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

Defendant Apple Inc.

**15, 16. Date of Request and the Signature and Seal of Requesting Authority:**

This Court expresses its appreciation to you for your courtesy and assistance in this matter and states that, pursuant to the authority of 28 U.S.C. § 1782, it stands ready and willing to do the same for you in a similar matter when required.

Dated: October 1, 2026

Virginia K. DeMarchi

~~The Honorable Eumi K. Lee~~
~~United States District Judge~~
~~Northern District of California~~

Virginia K. DeMarchi
United States Magistrate Judge
Northern District of California

# Exhibit 1

**LIST OF DOCUMENTS REQUESTED**

**REQUEST FOR PRODUCTION NO. 1**

a. The document entitled (or substantially entitled) "Samsung Cloud Backup Supported Data Types and Feature Definition" — being the internal specification or feature definition document setting out the categories of mobile device data and file types that Samsung Cloud supports for backup and restoration — as prepared or last updated as of January 1 of each of the years 2021, 2022, 2023, 2024, 2025, and 2026.

b. The document entitled (or substantially entitled) "Samsung Mobile Device Backup and Restore Policy by Data/File Type and Cloud Service Provider" — being the internal policy document, as effective as of January 1 of each of the years 2021, 2022, 2023, 2024, 2025, and 2026, setting out SEC's policy governing which categories of mobile device data and file types may be backed up or restored through Samsung Cloud and through each supported third-party cloud storage service.

**REQUEST FOR PRODUCTION NO. 2**

a. The document entitled (or substantially entitled) "Review Report on Termination of Samsung Cloud Gallery Sync and Media Backup Functions" — being the internal review or recommendation report prepared in or about 2020 or early 2021, which recorded the analysis and rationale for SEC's decision to discontinue the option to back up photos and videos through Samsung Cloud.

b. The document entitled (or substantially entitled) "Samsung Cloud Service Restructuring Decision — Transition from Paid Full-Device Backup to Free Core Application Data Backup" — being the principal internal decision record prepared in or about the second half of 2020 or first quarter of 2021, recording SEC's corporate decision to restructure Samsung Cloud from a paid full-device backup service to a free service limited to core application data backup.

c. The document entitled (or substantially entitled) “Review Report on Transition of Samsung Mobile Device Media Backup to Microsoft OneDrive” — being the internal review or recommendation report prepared in or about 2020 or 2021, which recorded the analysis and rationale for SEC’s decision to redirect Samsung mobile device users to Microsoft OneDrive (or other third-party cloud storage services) for backup of media files following the discontinuation of Samsung Cloud’s media backup function.

**REQUEST FOR PRODUCTION NO. 3**

a. The document entitled (or substantially entitled) “Policy on Authorization of Third-Party Cloud Storage Services for Samsung Mobile Device Media Backup” — being the internal policy decision document prepared in or about 2020 or 2021, recording SEC’s authorization of third-party cloud storage services to back up media files and other user-generated data from Samsung mobile devices.

**REQUEST FOR PRODUCTION NO. 4**

The document entitled (or substantially entitled) “Engineering and Security Assessment on Restriction of Samsung Cloud Backup to Core Application Data” — being the principal internal technical or security assessment document prepared in or about 2020 or 2021 by SEC’s engineering or information security division, assessing the technical and security implications of limiting Samsung Cloud backup to core application data and of permitting third-party cloud storage providers to access all other file types on Samsung mobile devices.

**REQUEST FOR PRODUCTION NO. 5**

a. The document entitled (or substantially entitled) “Policy Decision on Availability of Samsung Cloud for Verizon Network Users in the United States” — being the principal internal policy decision document prepared after 2020, recording SEC’s decision regarding whether and on what basis Samsung Cloud would be made available to users of Samsung mobile devices on the Verizon wireless network in the United States.

b. The document entitled (or substantially entitled) “Policy on Backup and Storage Service Options for Samsung Mobile Device Users on the Verizon Network” — being the internal

policy document prepared after 2020, setting out the backup and storage service options available to users of Samsung mobile devices on the Verizon wireless network in the United States.

**REQUEST FOR PRODUCTION NO. 6**

a. The document entitled (or substantially entitled) “Samsung Cloud Pricing List for Paid Cloud Storage Plans” — being the internal pricing list or schedule for paid Samsung Cloud storage plans offered to mobile device users, as in effect as of January 1 of each of the years 2021, 2022, 2023, 2024, 2025, and 2026.

b. The document entitled (or substantially entitled) “Samsung Cloud Free Storage Capacity Service Specification” — being the internal service specification or policy setting out the amount of free Samsung Cloud storage available to mobile device users, as in effect as of January 1 of each of the years 2021, 2022, 2023, 2024, 2025, and 2026.

**REQUEST FOR PRODUCTION NO. 7**

The document entitled (or substantially entitled) “Samsung Cloud Backup Storage Operations Annual Cost Report” (or the Korean-language equivalent thereof) — being the principal internal financial report prepared for each of the fiscal years 2021, 2022, 2023, 2024, and 2025, setting out the total costs incurred by SEC in operating Samsung Cloud backup storage services during each such fiscal year.

**REQUEST FOR PRODUCTION NO. 9**

The document entitled (or substantially entitled) “Review on Provision of Samsung Cloud Storage Services to Users of Apple Mobile Devices” (or the Korean-language equivalent thereof) — being the internal review or analysis prepared after 2021, which addressed whether and on what terms Samsung Cloud could be made available to users of Apple iPhones or iPads.

**REQUEST FOR PRODUCTION NO. 10**

The document entitled (or substantially entitled) “Technical Assessment on Apple iOS Restrictions Affecting Samsung Cloud Access to File Types on Apple Mobile Devices” (or the Korean-language equivalent thereof) — being the internal technical review document prepared after 2021, which assessed the technical restrictions imposed by Apple (including sandboxing limitations or file system access restrictions) on the ability of SEC or its customers to store or access file types from Apple mobile devices on Samsung Cloud.

**REQUEST FOR PRODUCTION NO. 11**

The document entitled (or substantially entitled) “Samsung Cloud Annual Competitive Intelligence and Market Share Report” (or the Korean-language equivalent thereof) — being the principal internal competitive strategy and market analysis report prepared for each of the fiscal years 2021, 2022, 2023, and 2024, addressing competition between Samsung Cloud and other cloud storage and backup service providers and including market share estimates for Samsung Cloud and its principal competitors.