Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
Eli Freedman (SBN 345432)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
benh@hbsslaw.com
bens@hbsslaw.com
eli.freedman@hbsslaw.com

Mark Vazquez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
markv@hbsslaw.com

*Attorneys for Plaintiff*

Belinda S Lee (Cal. Bar No. 199635)
Sarah M. Ray (Cal. Bar No. 229670)
Aaron T. Chiu (Cal. Bar No. 287788)
Alicia R. Jovais (Cal. Bar No. 296172)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
belinda.lee@lw.com
sarah.ray@lw.com
aaron.chiu@lw.com
alicia.jovais@lw.com

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

THOMAS DOROBIALA, individually and behalf of all others similarly situated,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 5:24-cv-01270-EKL (VKD)

**STIPULATION AND [PROPOSED] ORDER TO AMEND STANDING ORDER FOR CIVIL CASES AS APPLIED TO THIS CASE**

Pursuant to Civil Local Rules 6-2 and 7-12, Plaintiff Thomas Dorobiala ("Plaintiff") and Defendant Apple Inc. ("Apple") (together, the "Parties"), by and through their respective attorneys of record herein and without waiving any rights, claims, or defenses they have in this action, enter into this Stipulation pursuant to Civil Local Rule 6-2.

WHEREAS, the Parties have been working diligently to complete fact discovery in this case by the discovery deadline of October 13, 2026 (Dkt. 88);

WHEREAS, there is discovery that remains to be completed prior to the October 13, 2026 deadline, including depositions, written discovery, and production of documents (*see* Dkt. 130);

WHEREAS, the Parties are meeting and conferring to attempt to address several discovery disputes, and other discovery disputes may arise prior to the completion of fact discovery (*see id.*);

WHEREAS, the Parties are and will continue to work in good faith to resolve discovery disputes in an attempt to avoid Court intervention to the maximum extent possible, and to satisfy the meet and confer requirements in Magistrate Judge DeMarchi's Standing Order for Civil Cases, available at https://cand.uscourts.gov/sites/default/files/standing-orders/VKD-StandingOrderForCivilCases-7-2025.pdf ("Judge DeMarchi Standing Order") (*see* Judge DeMarchi Standing Order at 3);

WHEREAS, however, there may be discovery disputes that need to be presented to Judge DeMarchi for resolution in accordance with Judge DeMarchi's Standing Order (*see* Judge DeMarchi Standing Order at 3-4), both with respect to matters upon which the parties are currently meeting and conferring and with respect to discovery that has yet to be completed;

WHEREAS, this Court's Standing For Civil Cases, available at https://cand.uscourts.gov/sites/default/files/standing-orders/EKL-CivilStandingOrder_8-31-2026.pdf ("Judge Lee Standing Order"), states, regarding the deadlines related to fact discovery disputes, that "[t]he close of fact discovery is the date by which all discovery must be completed, including motions to compel, hearings on discovery motions, and any additional discovery resulting from orders on discovery motions" (Judge Lee Standing Order at 4);

WHEREAS, at the August 26, 2026 Further Case Management Conference ("Aug. 26 Further CMC"), this Court indicated that it was not inclined to extend the case schedule but that it could be open to extending the deadline to bring certain discovery disputes that may arise from the remaining ongoing discovery that is being completed at the end of the discovery period (Tr. of Aug. 26 Further CMC at 28-29);

WHEREAS the Court indicated that it made sense to discuss any potential extension to the case schedule with Magistrate Judge DeMarchi who would be hearing and deciding the discovery disputes (*id.*);

WHEREAS, Magistrate Judge DeMarchi subsequently issued an Order Setting Discovery Status Conference, to be held on September 8, 2026 ("Sept. 8 DSC"), and ordered the parties to complete a Joint Status Report prior to the Discovery Status Conference (Dkt. 120);

WHEREAS, Magistrate Judge DeMarchi at the Discovery Status Conference, after discussing this Court's Standing Order regarding the deadlines related to bringing discovery disputes, discussed *supra*, stated she was "in general[,] reluctant to allow kind of a global extension of a deadline to bring a discovery dispute," but stated that it was her opinion, which could be shared with this Court, that an appropriate path forward in this case, provided that "it doesn't interfere with Judge Lee's work," would be for all remaining discovery disputes to be brought pursuant to the applicable rule in the Local Rules for the United States District Court for Northern District of California ("Local Rules"), which provides that "[w]here the Court has set separate deadlines for fact and expert discovery, no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off" (Local Rule 37-3), and that, in addition, if a party wished to raise a dispute past that deadline, it may be permitted if the party provides good cause as to why the dispute could not reasonably have been raised by the deadline provided by the Local Rules (Tr. of Sep. 8 DSC at 42);

WHEREAS, the Parties met and conferred and agreed to a specific subset of pending or future discovery disputes that the Parties are unlikely to resolve under Judge DeMarchi's joint discovery motion procedures prior to the Court's current October 13, 2026 deadline;

WHEREAS, the Parties' identification of this subset is not intended to be exhaustive or to preclude either Party from raising a dispute that could not reasonably have been identified or raised by the applicable deadline, consistent with Magistrate Judge DeMarchi's guidance at the Sept. 8 DSC;

THEREFORE, for the good cause explained *supra*, the Parties, through their respective counsel, HEREBY STIPULATE AND JOINTLY REQUEST that the Court enter the accompanying Proposed Order:

1. Modifying this Court's existing deadline for the parties to bring fact discovery disputes before Magistrate Judge DeMarchi for resolution, related to the following issues which the Parties agree are potentially incapable of being briefed and resolved pursuant to the Court's existing deadline:
    a. Disputes pertaining to transactional data productions, to the extent those disputes cannot reasonably be resolved through 30(b)(6) testimony about these data;
    b. Disputes pertaining to depositions occurring on or after October 1, 2026, as well as issues regarding 30(b)(6) depositions that have yet to be scheduled;
    c. Disputes related to Apple's productions in response to Plaintiffs' Second Set of Requests for Production, including but not limited to any disputes regarding the production of source code;
    d. Disputes related to Apple's production of usage data, except for any disputes that could have reasonably been ascertained and raised prior to October 1, 2026;
    e. Disputes related to Apple's Objections and Response to Plaintiff's First Set of Interrogatories;
    f. Disputes related to Plaintiff's and Apple's deposition subpoenas to Google LLC.

2. Modifying the deadline for the parties to bring fact discovery disputes related to the aforementioned issues before Magistrate Judge DeMarchi for resolution to the following:
   a. No motion related to the aforementioned issues may be filed
      i. More than seven (7) days after the fact discovery cut-off of October 13, 2026, unless
      ii. The party wishing to bring such a discovery dispute past this deadline shows good cause that the dispute could not reasonably have been raised within seven (7) days of the fact discovery cut-off of October 13, 2026.
3. Nothing in this Stipulation precludes a Party from bringing a fact discovery dispute not identified in Paragraph 1 after the fact discovery cut-off of October 13, 2026, if the Party shows good cause that the dispute could not reasonably have been identified or raised by that date.

The case schedule in this matter has been previously modified by an order extending the Parties' pleading deadlines (Dkt. 17); an order continuing the Parties' case management conference (Dkt. 21); an order modifying the deadlines for Plaintiffs' Amended Complaint and Apple's responses thereto (Dkt. 23); an order to extend the Parties' deadline to submit a stipulated protective order and ESI protocol (Dkt. 33); this Court's Case Management and Scheduling Order (Dkt. 63); an order to extend Apple's deadline to answer Plaintiffs' Second Amended Complaint (Dkt. 72); an order modifying the briefing schedule and deadlines (Dkt. 81); the Second Stipulation and Order to Amend Case Schedule (Dkt. 88); and the Amended Stipulation and Order to Extend ADR Deadline (Dkt. 105).

**IT IS SO STIPULATED.**

DATED: October 5, 2026

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Ben M. Harrington*

Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
Eli Freedman (SBN 345432)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
benh@hbsslaw.com
bens@hbsslaw.com
eli.freedman@hbsslaw.com

Mark Vazquez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
markv@hbsslaw.com

*Attorneys for Plaintiff*

DATED: October 5, 2026

Respectfully submitted,

*/s/ Belinda S Lee*

Belinda S Lee (Cal. Bar No. 199635)
Sarah M. Ray (Cal. Bar No. 229670)
Aaron T. Chiu (Cal. Bar No. 287788)
Alicia R. Jovais (Cal. Bar No. 296172)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
belinda.lee@lw.com
sarah.ray@lw.com
aaron.chiu@lw.com
alicia.jovais@lw.com

*Attorneys for Defendant Apple Inc.*

**ATTESTATION**

I, Ben M. Harrington, am the CM/ECF user whose ID and password are being used to file the Parties' STIPULATION AND [PROPOSED] ORDER TO AMEND STANDING ORDER FOR CIVIL CASES AS APPLIED TO THIS CASE. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

DATED: October 5, 2026

*_/s/ Ben M. Harrington_*
BEN M. HARRINGTON

**[PROPOSED] ORDER**

Having considered the Parties' stipulation, IT IS HEREBY ORDERED THAT this Court's Standing For Civil Cases, with respect to the deadlines related to fact discovery disputes, is modified as following:

No motion regarding the issues identified in Paragraph 1 of the Parties' Stipulation may be filed—

(a) More than seven (7) days after the fact discovery cut-off of October 13, 2026, unless

(b) The party wishing to bring a discovery dispute past this deadline shows good cause, subject to Magistrate Judge DeMarchi's determination, that the dispute could not reasonably have been raised within seven (7) days of the fact discovery cut-off of October 13, 2026.

A Party may bring any other fact discovery dispute after the fact discovery cut-off of October 13, 2026 upon a showing of good cause that the dispute could not reasonably have been identified or raised by that date.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ______________________

______________________________________
THE HONORABLE EUMI K. LEE
United States District Judge