United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THOMAS DOROBIALA,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 24-cv-01270-EKL (VKD)

**ORDER RE OCTOBER 9, 2026 DISCOVERY DISPUTE RE DEPOSITION OF GOOGLE LLC**

Re: Dkt. No. 151

Plaintiff, defendant Apple Inc. ("Apple"), and non-party Google LLC ("Google") ask the Court to resolve their dispute regarding plaintiff's deposition subpoena to Google. Dkt. No. 151. The Court finds this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court quashes the subpoena in part, modifies it in part, and orders Google to produce a corporate witness to testify to regarding the topics as modified.

## I. BACKGROUND

In this action, plaintiff alleges that Apple has engaged in anticompetitive conduct by requiring consumers who use Apple mobile devices to use iCloud to back up and store certain files, and by monopolizing (and attempting to monopolize) the market for "full-service" cloud storage on Apple mobile devices. *See* Dkt. No. 64 ¶¶ 9-11. According to the operative complaint, non-party Google provides its own cloud storage service in competition with Apple's iCloud storage service, and it also provides cloud storage services *to* Apple. *See id.* ¶¶ 7, 39, 119.

As reflected in plaintiff's subpoena to Google, plaintiff seeks testimony from a corporate

representative on six topics. Dkt. No. 151-1 at 10-11.[1] The subpoena recites that the topics cover the period from January 1, 2015 to the present. *Id.* at 10.[2] Plaintiff says that he requires no more than 3.5 hours for Google's deposition on these topics. Dkt. No. 151 at 3.

Plaintiff contends that he has a substantial need for Google's testimony on these topics because: (1) Google is a "potential cloud-service competitor" impacted by the restraints Apple allegedly imposes; (2) Google's "Android ecosystem" provides a "useful point of comparison for evaluating the necessity and impact of Apple's restraints"; (3) Google's security practices and Apple's own use of Google's cloud storage "undermine[]" Apple's defense that security considerations drive its restrictions against third-party providers' access to certain Apple mobile device files; and (4) the parties dispute whether the relevant antitrust market includes cloud storage services for Android devices. *See* Dkt. No. 151 at 1-2.

Google objects that the subpoena (1) seeks competitively sensitive information for which plaintiff has not demonstrated substantial need, (2) seeks expert testimony from Google, and (3) is otherwise overbroad and unduly burdensome. *Id.* at 5-7.

Apple takes no position on the dispute between plaintiff and Google, except to state that if a deposition is ordered, Apple should be permitted to conduct its own examination of Google on the same topics as plaintiff. *Id.* at 7-8. Apple also asks that any such deposition occur no later than October 23, 2026. *Id.* at 8.

## II. LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties. The scope of discovery available by subpoena under Rule 45 is the same as the scope of discovery available under Rule 26. *See* Fed. R. Civ. P. 45, advisory committee's note to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). That is, a party may obtain discovery of any non-privileged

---

[1] For filed documents, all pin citations refer to the page appearing on the ECF document header.

[2] Because Apple has withdrawn its own subpoena to Google, plaintiff no longer seeks testimony from Google regarding the seventh topic in their subpoena, which cross-references Apple's withdrawn subpoena. *See* Dkt. No. 151 at 7.

matter that is relevant to a party's claim or defense in the action, so long as that discovery is also proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). However, Rule 45 also requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and instructs that "the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (3)(A)(iv). Additionally, Rule 26 provides that the court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). While the non-party moving to quash or modify a subpoena under Rule 45(c)(3) bears the burden of persuasion, the party issuing the subpoena must demonstrate that the discovery sought is relevant to a claim or defense in the proceedings. *See Optimize Tech. Sols., LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK (HRL), 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014).

Where a subpoena requires a non-party to disclose a trade secret or other confidential information, the court may protect such non-party by quashing or modifying the subpoena, or by ordering compliance under specified conditions, if the subpoenaing party shows a "substantial need" for the information that cannot be otherwise met without undue hardship. Fed. R. Civ. P. 45(d)(3)(C); *see also* Fed. R. Civ. P. 45(d)(3)(B).

## III. DISCUSSION

The Court considers plaintiff's and Google's arguments as to each deposition topic:

### A. Topic 1

Topic 1 asks for testimony about: "Restrictions imposed by Apple on the ability of You or Your customers to store or access Restricted File types from their Apple Mobile Devices on Your Cloud Storage Services, Including Your view on the competitive implications and necessity of these restrictions and Communications with Apple related to enforcement of any such restrictions or requests that Your customers be permitted to store or access any particular digital file types, or all digital files types, from their Apple Mobile Devices on Your Cloud Storage Services." Dkt. No. 151-1 at 10-11.

Google objects that this topic seeks competitively sensitive commercial information as well as improper expert testimony regarding its "views," and that because the scope of the request is so broad, providing responsive testimony would impose an undue burden. Dkt. No. 151 at 5, 6, 7. Plaintiff responds that he has a substantial need for Google's information, and that the protective order (amended at Google's request) provides sufficient protection for Google. In addition, plaintiff emphasizes that he seeks only "high level" testimony and "historic facts." *Id.* at 3, 4.

The Court agrees with Google that topic 1 seeks some testimony that is likely to reveal competitively sensitive information, as well as testimony about Google's "views" that may be considered unretained expert testimony. Plaintiff has not shown a substantial need for testimony from Google about how *Apple* restricts Google's or its customers' ability to store or access Restricted Files on Google's cloud storage services; that information can be obtained directly from Apple. Nor does plaintiff require Google's views about the "competitive implications and necessity" of the challenged restrictions. Plaintiff is correct that only Google knows its views about the challenged restraints, but plaintiff has not shown why discovery of Google's views on this point is necessary, let alone relevant. Presumably, plaintiff can retain an expert witness who will opine on exactly this issue.

To the extent topic 1 additionally asks Google to prepare a corporate witness to testify about Google's "Communications with Apple related to enforcement of any such restrictions or requests that Your customers be permitted to store or access any particular digital file types, or all digital files types, from their Apple Mobile Devices on Your Cloud Storage Services" since January 1, 2015, the Court agrees with Google that the burden of preparing a corporate representative to testify about all such communications during a more than 10-year period would be unduly burdensome, particularly because information about any responsive communications between Google and Apple can be obtained directly from Apple. Plaintiff does not say whether he has sought such discovery from Apple or why he cannot do so.

Google need not provide corporate testimony responsive to topic 1.

**B. Topic 2**

Topic 2 asks for testimony about: "Which Cloud Storage Services users of Mobile Devices that utilize the Android operating system, Including Samsung Mobile Devices, can or could use to store, access, Back Up, and restore their Android Mobile Devices." Dkt. No. 151-1 at 11.

Google objects that this topic seeks competitively sensitive commercial information about the "interoperability capabilities or limitations" of cloud storage services used with Android devices, which threatens to "expose Google's understanding of competitors' technical strengths and weaknesses and its own competitive differentiation." Dkt. No. 151 at 5. Plaintiff responds that the capabilities of Android-based cloud storage services are an important point of comparison for plaintiff's antitrust analyses, and that the information he seeks does not implicate competitively sensitive information. *Id.* at 2, 3.

The Court agrees with plaintiff that topic 2 does not appear to implicate particularly sensitive information. Simply stated, topic 2 seeks Google's testimony about which cloud storage services can be used to store, access, back up, and restore Android devices. The Court does not read this topic as requiring Google to disclose sensitive technical information about its devices or services or its analyses of competitors' strengths and weaknesses, but rather to provide testimony about information likely available to existing or prospective customers of Google's cloud storage services. And even if complete information responsive to topic 2 does implicate some limited non-public, confidential information about the capabilities of Google's cloud storage services, plaintiff has shown a substantial need for this relevant information that cannot be obtained from another source. The amended protective order (Dkt. No. 133) affords Google adequate protection for disclosure of such information in a manner that minimizes the risk of competitive harm to Google.

Google shall prepare a witness to testify on its behalf regarding topic 2, subject to the further proceedings discussed below.

**C. Topics 3 and 4**

Topic 3 asks for testimony about: "Google's storage of iCloud Data, including . . . the

security practices used by You for storing Enterprise Consumer Data." Dkt. No. 151-1 at 11.[3] Topic 4 asks for testimony about: "Google's security practices for Google's Cloud Storage Services, Including Google Drive."

Google does not assert a specific objection to topic 3, but it objects to topic 4 as seeking unduly burdensome testimony because "Google's high-level security practices . . . could be addressed through publicly available security materials without exposing sensitive internal security information through open-ended testimony." Dkt. No. 151 at 7. Plaintiff responds that these topics seek information relevant to Apple's "security defense." *Id.* at 2.

The Court agrees with plaintiff that topics 3 and 4 seek relevant information and appear not to implicate particularly sensitive information or to unduly burden Google. According to the second amended complaint, Apple uses Google's cloud storage services to store iCloud data, including Restricted Files, while simultaneously preventing its users from contracting directly with Google for this service. Dkt. No. 64 ¶¶ 7, 39, 141. The information plaintiff seeks in topics 3 and 4 is relevant to his argument that Apple's purported security concerns do not justify the challenged restraints. Google acknowledges that it has already produced to plaintiff detailed, non-public documents regarding at least topic 4. *See* Dkt. No. 151 at 7. Similar information likely exists for topic 3. And even if complete information responsive to topics 3 and 4 does implicate some limited non-public, confidential information about Google's security practices for cloud storage services, plaintiff has shown a substantial need for this relevant information that cannot be obtained from another source. The amended protective order (Dkt. No. 133) affords Google adequate protection for disclosure of such information in a manner that minimizes the risk of competitive harm to Google.

Google shall prepare a witness to testify on its behalf regarding topics 3 (as narrowed) and 4, subject to the further proceedings discussed below.

**D. Topic 5**

Topic 5 asks for testimony about: "Google's understanding of whether, and the extent to

[3] This topic has been narrowed for purposes of this dispute. Dkt. No. 151 at 2 n.2

United States District Court
Northern District of California

which, Mobile Device users value Cloud Storage Services that can provide a comprehensive Back Up of a Mobile Device." Dkt. No. 151-1 at 11.

Google objects that this topic seeks competitively sensitive commercial information as well as improper expert testimony regarding its "understanding." Dkt. No. 151 at 5, 6. Plaintiff responds that he has a substantial need for Google's information, and that the protective order provides sufficient protection for Google. In addition, plaintiff emphasizes that he seeks only "high level" testimony and "historic facts." *Id.* at 3, 4.

The Court agrees with Google that, like topic 1, topic 5 seeks some testimony about Google's "understanding" that may be considered unretained expert testimony. This topic also calls for testimony revealing competitively sensitive information, and not merely "historic facts." Plaintiff has not shown a substantial need for testimony from Google about Google's understanding of consumer preferences for comprehensive cloud storage services. Plaintiff can retain an expert witness to conduct the necessary market research and render an opinion on this topic.

Google need not provide corporate testimony responsive to topic 5.

**E. Topic 6**

Topic 6 asks for testimony about: "The extent to which consumers of Mobile Devices switch Mobile Device ecosystems (from Apple to Android, or vice versa) due to Apple's restriction preventing Cloud Storage Services other than iCloud from storing Restricted Files to provide a comprehensive Back Up of Apple Mobile Devices." Dkt. No. 151-1 at 11.

Google objects that this topic seeks competitively sensitive commercial information as well as improper expert testimony regarding its own "consumer-behavior and causation analysis." Dkt. No. 151 at 5, 6. Plaintiff responds that he has a substantial need for Google's information, and that the protective order provides sufficient protection for Google. In addition, plaintiff emphasizes that he seeks only "high level" testimony and "historic facts." *Id.* at 3, 4.

Unlike topics 1 and 5, topic 6 does not necessarily implicate Google's own analyses of consumer behavior and causation. As drafted, it appears to ask for data: the number (or percentage) of mobile device users that switch from Apple to Android or from Android to Apple

because of Apple's restrictions on backing up Restricted Files. Although it is not entirely clear that Google has this data, Google acknowledges that it has already produced to plaintiff "a detailed presentation" describing "the practical barriers to switching from iOS to Android, including data transfer limitations and completion rates," which Google says directly addresses the subject matter of topic 6. *See* Dkt. No. 151 at 7 (citing GOOG-DOROB-00000212-214, -218). This suggests that Google has at least some information within the scope of topic 6, as reflected in the document it cites, and that providing testimony on the same subject matter would not implicate particularly sensitive information beyond what Google has already disclosed. Likewise, given the existence of the presentation to which Google refers, the Court expects that it would not be unduly burdensome for Google to prepare a corporate representative to testify about it and the corresponding subject matter within the scope of topic 6.[4]

Google shall prepare a witness to testify on its behalf regarding topic 6 (limited to responsive data and the subject matter encompassed by the cited presentation), subject to the further proceedings discussed below.

**F. Apple's Request**

Although Apple apparently has withdrawn its own deposition subpoena to Google, it nevertheless asks the Court to order that it may also take Google's deposition "on any court-approved topics" for up to three hours. Dkt. No. 151 at 8. Neither plaintiff nor Google responds to Apple's request. As Apple's request for examination is expressly permitted by Rule 30(c)(1), and because no one objects, Apple's request is granted.

Apple also asks that Google's deposition be scheduled for a date no later than October 23, 2026, because Apple is due to file a motion for summary judgment on its statute of limitations defense on November 4, 2026. *Id.* Apple does not explain how Google's testimony is relevant to

---

[4] To the extent Google suggests that *because* it has produced a document containing information within the scope of topic 6, a deposition is unnecessary, this argument is not persuasive here. *See Sec. & Exch. Comm'n v. Prakash*, No. 23-cv-03300-BLF (SVK), 2025 WL 786351, at *2 (N.D. Cal. Mar. 12, 2025) (deny motion quash non-party deposition subpoena, in part because "deposition testimony may provide clarity and context missing from the face of [previously produced] documents").

United States District Court
Northern District of California

this motion. In any event, Apple's request is denied.

**G. Further proceedings**

Plaintiff may take Google's deposition, consistent with the topic-specific rulings in this order. Google's request for an opportunity to provide a further submission regarding the "scope" of its deposition (*see* Dkt. No. 151 at 7) is denied. The deposition shall be scheduled for a mutually agreeable date no later than **November 10, 2026**, if relief from the scheduling order is obtained.

Because this Court does not have the authority to alter the scheduling order set by the presiding judge so as to permit fact discovery past the October 13, 2026 deadline, by **October 23, 2026**, the parties (plaintiff and Apple) shall file a stipulated request addressed to Judge Lee seeking relief from the October 13, 2026 fact discovery deadline for the sole purpose of conducting the deposition authorized by this order.

**IT IS SO ORDERED.**

Dated: October 20, 2026

Virginia K. DeMarchi
United States Magistrate Judge