Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
Eli Freedman (SBN 345432)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
benh@hbsslaw.com
bens@hbsslaw.com
eli.freedman@hbsslaw.com

Mark Vazquez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
markv@hbsslaw.com

*Attorneys for Plaintiff*

Belinda S Lee (Cal. Bar No. 199635)
Sarah M. Ray (Cal. Bar No. 229670)
Aaron T. Chiu (Cal. Bar No. 287788)
Alicia R. Jovais (Cal. Bar No. 296172)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
belinda.lee@lw.com
sarah.ray@lw.com
aaron.chiu@lw.com
alicia.jovais@lw.com

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

THOMAS DOROBIALA, individually and behalf of all others similarly situated,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 5:24-cv-01270-EKL (VKD)

**REVISED STIPULATED ~~[PROPOSED]~~ PROTECTIVE ORDER GOVERNING REVIEW, PRODUCTION, AND HANDLING OF SOURCE CODE IN THIS ACTION**

Judge: The Honorable Eumi K. Lee
Re: Dkt. No. 163

On December 16, 2024, the Court entered a Stipulation and Protective Order Regarding the Disclosure and Use of Discovery Material. ECF No. 48. On September 9, 2026, the Court entered a Stipulation and Amended Protective Order Regarding the Disclosure and Use of Discovery Material, which is the operative protective order in this Action (the "Prior Discovery Protective Order"). ECF No. 133. The Prior Discovery Order states that it "does not address the production of source code" and that "[b]efore any Party specifically requests such source code," the "Parties agree to collectively negotiate in good faith a protective order governing the production of source code." *Id*. at 3. In the interests of (1) ensuring efficient and prompt resolution of this Action; (2) facilitating discovery by the Parties to this Action; and (3) protecting confidential source code from improper disclosure or use, the Parties filed a Stipulated Proposed Protective Order Governing Review, Production, and Handling of Source Code in this Action, ECF No. 152, which the Court denied without prejudice as it "would require the Court to return or destroy materials that are made a part of the Court's records." ECF No. 154 (citing Sections 9(b), 15, and 18 of ECF No. 152). The Parties submit this Revised Stipulated Proposed Protective Order to address the Court's concerns. The Court, upon good cause shown and pursuant to Federal Rule of Civil Procedure 26(c)(1), ORDERS as follows:

1. The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that any designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly withdraw the designation, or modify it accordingly, and notify all other Parties that it is withdrawing or changing the designation.

2. Notwithstanding any other provision of this Order, this Order shall not apply to Non-Parties.

## I. DEFINITIONS

3. As used herein:

(a) "Action" means the action filed in this Court under the caption *Dorobiala v. Apple Inc.*, No. 5:24-cv-01270 (N.D. Cal.).

(b) "Defendant" or "Apple" means Apple Inc. and its employees, agents, representatives, parents, subsidiaries, affiliates, successors, and assigns.

(c) "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

(d) "Prior Discovery Protective Order" means the Stipulation and Amended Protective Order Regarding the Disclosure and Use of Discovery Material (ECF No. 133) entered in this Action on September 9, 2026.

(e) "Document" means any document or electronically stored information, as the term is used in Federal Rule of Civil Procedure 34(a).

(f) "Expert" means a Person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

(g) "Confidential" or "Highly Confidential – Attorneys' Eyes Only" means any information designated as such in accordance with Sections 8 and 9 of the Prior Discovery Protective Order.

(h) "Highly Confidential – Source Code" means "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designated information containing proprietary "Source Code," as that term is defined herein.

(i) "Including" means including, but not limited to.

(j) "Discovery Material" or "Discovery Materials" means all items or information, including from any Non-Party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case. For purposes of clarity, "Discovery Material" or "Discovery Materials" have the same meaning as in the Prior Discovery Protective Order.

(k) "Non-Party" means any natural person, partnership, corporation,

association, or other legal entity not named as a Party to this Action.

(l) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, paralegals and staff (including, but not limited to copying or clerical litigation support staff) of such counsel to whom it may be reasonably necessary to disclose the information for this litigation. For purposes of clarity, "Outside Counsel" has the same meaning as in the Prior Discovery Protective Order.

(m) "Party" or "Parties" means, for the purposes of this Order only, the Plaintiff or Defendant in the above-captioned action, or Plaintiff and Defendant collectively.

(n) "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust. For purposes of clarity, the Court is not a "Person."

(o) "Producing Party" means any Party that discloses or produces or reproduces any Discovery Materials or Source Code in this Action.

(p) "Protected Material" as used in this Order means any Discovery Material that is designated as "Highly Confidential – Source Code." Protected Material shall not include materials that show on their face they have been disseminated to the public.

(q) "Protected Person" means any Person (including any Party or Non-Party) that provides Discovery Materials in this Action.

(r) "Receiving Party" means any Party who receives Source Code from a Producing Party.

(s) "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component. For purposes of clarity, "Source Code" has the same meaning as in the Prior Discovery Protective Order.

**A. Procedures Governing Source Code Availability and Review**

4. Any Source Code that is produced by Apple will be made available for inspection at any office of Apple's Outside Counsel or any other location mutually agreed by the Parties. Source Code will be made available for inspection between the hours of 9:00 a.m. and 5:00 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspection at other times. Prior to the inspection of any requested Source Code beyond the nine (9) documents already identified by Plaintiff, the Receiving Party shall provide five (5) business days' notice of the Source Code that it wishes to inspect.[1] The Receiving Party may specify, by any reasonable means, the Source Code it wishes to inspect, including but not limited to the Source Code's function, operation, location, or relationship to other code provisions, operations, or functions. The Receiving Party may also specify a time period covering its request, including the relevant date of the Source Code. The Receiving Party shall provide three (3) business days' notice prior to any additional inspections of previously reviewed Source Code. For avoidance of doubt, the three (3) business days' notice only applies to Source Code previously reviewed by the Receiving Party. The Receiving Party must provide five (5) business days' notice for any requests to inspect newly identified Source Code beyond the nine (9) documents already identified by Plaintiff.

5. Source Code shall be made available for inspection and review subject to the following provisions unless otherwise agreed to by the Producing Party:

(a) All Source Code provided shall be provided as it is kept in the usual course of business and shall include in-line comments and any other documents stored in the folder or code package in which the Source Code is stored in the regular course of business.

(b) To the extent Source Code redacted from previously produced Documents is provided, the Producing Party shall make such Source Code available on the Source Code Computer by providing, subject to the procedures set forth herein, versions of those previously produced Documents with the Source Code redactions removed.

[1] Apple reserves all rights to oppose any future requests for Source Code review.

(c) All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or Experts in a secure room ("Source Code Review Room") on a secured computer ("Source Code Computer"). The Source Code Computer shall be designed for the type of Source Code being produced and have a recent version of an operating system compatible with the tools necessary to review the Source Code installed, unless the Producing Party and Receiving Parties agree otherwise. The Source Code Computer's Internet access, network access to other computers, and all access ports may be disabled except for ports to allow use of a printer, a keyboard, a mouse, and two (2) external monitors. The Producing Party shall provide the Source Code Computer, a keyboard, a mouse, and two (2) external monitors that are connected to and functional with the Source Code Computer. The Producing Party shall provide, in accessible and useable form on the Source Code Computer, tools that are sufficient for viewing, searching, and navigating the Source Code provided for inspection on the Source Code Computer. The Parties shall meet and confer regarding any additional tools that the Receiving Party may request to be added. To the extent additional tools are provided at the request of a Receiving Party, the Receiving Party is responsible for securing the appropriate licenses to such software tools and must provide the Producing Party with a CD or DVD, or via SFTP, containing such licensed software tool(s) at least fifteen (15) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. If no license is required, the Receiving Party must provide the Producing Party with the name of the software tools it requests be available on the Source Code Computer at fifteen (15) days in advance of the date upon which the Receiving Party requests that the tools be available but need not provide a CD or DVD or file via SFTP.

(d) Upon reasonable request from the Receiving Party and after a meet and confer to identify the scope, if necessary, Apple will make available on the Source Code Computer during Source Code inspection materials that Apple has produced, agreed to produce, or been ordered to produce that are related to the requested Source Code and are identified by the Receiving Party.

(e) No recordable media or recordable devices, including without limitation

sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. For the avoidance of doubt, the Receiving Party's outside counsel and Experts shall be entitled to have devices, including computer(s) and cellular telephone(s), outside of the Source Code Review Room. The Receiving Party's outside counsel and Experts shall be permitted to leave the Source Code Review Room at any time to use their devices, including computer(s) and/or cellular telephone(s), and may bring their handwritten notes when accessing their device(s).

(f) The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code. The Producing Party shall not listen to conversations in the Source Code Review Room while Source Code is being reviewed or review notes taken by Receiving Party or their Expert(s).

(g) No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise permitted herein.

(h) The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. Plaintiff may print out no more than 750 pages total and no more than eighteen (18) pages of a continuous block of Source Code. The Receiving Party may make reasonable requests to print pages beyond the page limits provided herein. The Parties agree to meet and confer in an effort to resolve a dispute regarding page limits before seeking judicial intervention. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of the Source Code for review and analysis elsewhere. The Receiving Party may print limited portions of the Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers or for depositions, hearings, conferences, or trial. Upon printing any such portions of Source Code, the printed pages shall be collected by the

Producing Party. Within three (3) business days, the Producing Party shall Bates number, copy, and affix confidentiality designations to any pages printed by the Receiving Party and send via overnight mail four (4) copy sets of such pages to the Plaintiff for his use or four (4) copy sets of such pages to Defendant, which the Parties agree is a sufficient number of copies for the Parties and their Experts. The printed pages shall constitute part of the Source Code produced by the Producing Party in this Action.

(i) When Apple is the Producing Party, the number of representatives of Plaintiff entitled to have access to printed portions of the Source Code shall be limited to those individuals for whom access is (1) necessary to prepare court filings, pleadings, or other papers (including a testifying Expert's expert reports) or (2) necessary for deposition, and in all events shall be collectively no more than eight (8) individuals.

(i) All Persons who will review a Producing Party's Source Code in the Source Code Review Room on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such Person reviews such Source Code and shall sign an Agreement Concerning Confidentiality in the form attached as Appendix A to this Order.

(j) All Persons viewing Source Code on the Source Code Computer shall sign on each day they view Source Code a log that will include the names of the person(s) who accessed the platform to view the Source Code and when they logged on and off. This log is to be maintained by the Producing Party, and the Receiving Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Producing Party.

(k) Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the Source Code Review Room. All Persons reviewing Source Code in the Source Code Review Room shall sign an Agreement Concerning Confidentiality in the form attached as Appendix A to this Order. Proper identification of all authorized Persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer. Proper identification requires showing, at a

minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized Person's current citizenship. Access to the Source Code Review Room or the Source Code Computer may be denied to any individual who fails to provide proper identification.

(l) Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any verbatim Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device or into handwritten notes. For the avoidance of doubt, the Receiving Party's Outside Counsel and/or Experts shall be entitled to take handwritten notes relating to the Source Code that include the name of functions and data structures and descriptions thereof. The Receiving Party will not transmit any Source Code from the Source Code Review Room.

(m) If a Party reasonably expects to disclose Source Code at any deposition, the Party seeking to make the disclosure shall provide advance notice to the Producing Party of their intent to disclose Source Code. The Receiving Party shall not bring copies of any printed Source Code to the deposition. The Producing Party shall bring printed copies of produced Source Code printed from the Source Code Machine for access and use at the deposition. The Producing Party shall provide the Receiving Party with the printed copies sufficiently in advance of the beginning of the deposition to allow Receiving Party to review the copies and identify exhibits. The Producing Party may ensure that only individuals who have signed Appendix A to this Order are present for portions of depositions that involve discussion of Source Code. The Producing Party may also seek reasonable limitations on the number of attendees present during questioning relating to Source Code during any depositions. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Following the deposition, all paper copies of Source Code brought to the deposition shall remain with the Producing Party's Outside Counsel for secure storage or destruction in a timely manner. If a Party reasonably expects to disclose Source Code at any hearing, conference, or other proceeding, the Party seeking to make the disclosure shall provide advance notice of their intent to disclose

Protected Material to the other Party to the extent practicable to ensure that only authorized individuals are present at those proceedings and shall request that the Court seal the courtroom by making an application consistent with the 1st Amendment and common law right of public access.[2] The use of a Document at any hearing, conference, or proceeding shall not in any way affect its designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The use of Source Code at any hearing, conference, or proceeding shall be governed by Paragraphs 9-10 herein and shall not in any way affect its designation as "Highly Confidential – Source Code."

**B. Designation of Discovery Materials as "Highly Confidential – Source Code"**

6. If it comes to a Producing Party's attention that designated material does not qualify for protection at all or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other parties that it is withdrawing or changing the designation.

Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is Disclosed or produced.

To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "Highly Confidential – Source Code" by affixing the appropriate legend to each page that contains Protected Material.

7. A Party that makes available for inspection original Documents or materials, such as original Source Code, need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Source Code." After the Receiving Party has identified the Documents it wants copied and produced, the Producing Party must determine which Documents qualify for protection under this Order. Then, before producing the specified Documents, the Producing Party must affix the appropriate legend (e.g., if applicable, "Highly Confidential – Source Code") to each page that contains Protected Material.

---

[2] For purposes of clarity, the Party whose Protected Material may be disclosed shall carry the burden for arguing that the courtroom should be sealed.

Disclosure of Documents and information designated as "Highly Confidential – Source Code" in exhibit lists, preparation of exhibits, preparation for or during trial, or in posttrial filings will be governed pursuant to a separate court order. The Parties will meet and confer and submit a recommended order outlining those procedures.

8. Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**C. Procedures for Handling Source Code in This Action**

9. The following procedures shall apply to the handling of Source Code in this Action:

(a) The Receiving Party shall maintain a log of all paper print outs of the Source Code. This provision does not apply to Source Code that is (1) included in or attached to draft or final court filings, (2) included in or attached to draft or final expert reports, (3) in preparation for, or used at, depositions, hearings or conferences, or as exhibits or demonstratives for trial, for which Source Code may be excerpted, reproduced, or attached including as electronic images, and a sufficient number of paper print outs of the Source Code may be made. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. The log will be made available to the Producing Party only upon a showing of need in the event of a security breach related to the specific Source Code included in the paper copies.

(b) If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code.

(c) The Receiving Party's Outside Counsel of record and any Person receiving a copy of any Source Code shall maintain and store any paper print outs of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or locked cabinet at all times when it is not in use.

(d) Absent express written permission from the Producing Party, the Receiving Party shall use the Source Code solely for the purpose of prosecuting this litigation.

(e) All care shall be taken to avoid images or copies of Source Code being included in correspondence between the Parties, with references to production numbers being used instead.

10. Unless otherwise specified, time will be computed according to Federal Rule of Civil Procedure 6(a).

**D. Disclosure of Discovery Materials Designated as "Highly Confidential – Source Code"**

11. Unless otherwise ordered by the Court, Discovery Material designated as "Highly Confidential – Source Code" shall be subject to the provisions set forth herein, and may be Disclosed solely to the following subject to the provisions of this Order:

(a) Counsel for Plaintiff for as long as their client remains a plaintiff in this Action, including any attorneys, paralegals, other professional personnel they employ (including economists, technologists, IT support, and IT staff);

(b) The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff whose functions require access;

(c) Any outside Expert, Expert staff, or consultant retained by the Receiving Party to assist in this Action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (i) such Expert or consultant has agreed to be bound by the provisions of Appendix A to this Order; (ii) such Expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (iii) such Expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; Court reporters, stenographers and videographers retained to record testimony taken in this Action

subject to the provisions of Paragraph 4(m);

(d) The Court, jury, and court personnel subject to the provisions of Paragraph 4(m);

(e) Any special master appointed in this Action;

(f) A deponent or witness in this Action to whom disclosure is reasonably necessary;

(g) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order; and

(h) Any other Person with the prior written consent of the Producing Party.

12. Absent written consent from the Producing Party, any individual who receives access to information designated as "Highly Confidential – Source Code" by a Producing Party shall not directly or indirectly prosecute patents or patent applications based on that "Highly Confidential – Source Code" designated information. For purposes of this paragraph, "prosecution" means directly or indirectly drafting, amending, or advising others as to the drafting or amending of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent for a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, post grant review or covered business method review). This Prosecution Bar shall begin when access to the "Highly Confidential – Source Code" designated information is first received by the affected individual and shall end two (2) years after final termination of this Action.

13. Absent written consent from the Producing Party, any individual who receives access to information designated as "Highly Confidential – Source Code" by the Producing Party shall not (a) participate in the acquisition of patents or patent applications for the purposes of assertion against Apple Inc. that relate to the subject matters of the "Highly Confidential – Source Code" designated information that has been reviewed by that individual; or (b) advise or counsel clients regarding the same. This Acquisition Bar shall not prohibit counsel from advising clients

on other legal matters involving patents, including validity and settlement negotiations. This Acquisition Bar shall begin when access to "Highly Confidential – Source Code" designated information is first received by the affected individual and shall end one (1) year after final termination of this Action.

**E. Procedures Upon Termination of This Action**

14. The obligations imposed by this Order will survive the termination of this Action unless a Producing Party agrees otherwise in writing or the Court orders otherwise. The Court will retain jurisdiction to resolve any disputes arising out of this Order after termination of this Action for a period of two years.

15. Except as otherwise provided in this Order, within ninety (90) calendar days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Source Code must make a good faith effort to (a) return that material and all copies that has not otherwise been made public to the Producing Party (or the Producing Party's counsel, if represented by counsel) or (b) destroy or delete all such Source Code, unless it may be retained pursuant to Paragraphs 16 or 17. All Source Code returned to the Parties or their counsel by the Court also must be disposed of in accordance with this Order. For purposes of clarity, this Section 15 does not impose any obligations on the Court, including any obligation to return or destroy materials made a part of the Court's records.

16. Outside Counsel for the Parties will be entitled to retain court papers, deposition, hearing, and trial transcripts, trial exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of those materials containing Source Code except pursuant to Court order or an agreement with the Protected Person that produced the Protected Material or as otherwise permitted by this Order.

17. Expert witnesses for the Parties will be entitled to retain their own expert reports, their own deposition and trial transcripts and exhibits, and their own work product, provided such Expert witnesses have executed Appendix A to this Order, and do not disclose the portions of those materials containing Source Code except pursuant to a court order or with the consent of the Producing Party or as otherwise permitted herein.

18. Within ninety (90) days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Source Code must certify compliance with Paragraph 15 of this Order in writing to the Producing Party. For purposes of clarity, this Section 18 does not impose any obligations on the Court, including any obligation to return or destroy materials made a part of the Court's records.

**IT IS SO STIPULATED.**

DATED: October 23, 2026

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: *<u>/s/ Ben M. Harrington</u>*
Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
Eli Freedman (SBN 345432)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
benh@hbsslaw.com
bens@hbsslaw.com
eli.freedman@hbsslaw.com

Mark Vazquez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
markv@hbsslaw.com

*Attorneys for Plaintiff*

DATED: October 23, 2026

Respectfully submitted,

By: */s/ Aaron T. Chiu*

Belinda S Lee (Cal. Bar No. 199635)
Sarah M. Ray (Cal. Bar No. 229670)
Aaron T. Chiu (Cal. Bar No. 287788)
Alicia R. Jovais (Cal. Bar No. 296172)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
belinda.lee@lw.com
sarah.ray@lw.com
aaron.chiu@lw.com
alicia.jovais@lw.com

*Attorneys for Defendant Apple Inc.*

**SIGNATURE ATTESTATION**

I, Ben Harrington, am the CM/ECF user whose ID and password are being used to file this Revised Stipulated [Proposed] Protective Order Governing Review, Production, and Handling of Source Code in This Action. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: October 23, 2026

*/s/ Ben M. Harrington*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: October 26, 2026

Virginia K. DeMarchi
THE HONORABLE VIRGINIA K. DEMARCHI
United States Magistrate Judge

**APPENDIX A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| THOMAS DOROBIALA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:24-cv-01270-EKL (VKD)<br><br>Judge: The Honorable Eumi K. Lee |

**AGREEMENT CONCERNING CONFIDENTIALITY OF SOURCE CODE**

I, _________________________, am employed by _________________________ as _________________________. I hereby certify that:

1. I have read the Protective Order governing Source Code entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Protective Order governing Source Code entered in the above-captioned action. I agree to use the information provided to me only as explicitly permitted by the Protective Order governing Source Code.

3. I understand that my failure to abide by the terms of the Protective Order governing Source Code entered in the above-captioned action may subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the Northern District of California solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

________________________________ ________________________________
SIGNATURE DATE