Ben M. Harrington (SBN 313877)
Benjamin J. Siegel (SBN 256260)
Eli Freedman (SBN 345432)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
benh@hbsslaw.com
bens@hbsslaw.com
eli.freedman@hbsslaw.com

Mark Vazquez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
markv@hbsslaw.com

*Attorneys for Plaintiff*

Belinda S Lee (Cal. Bar No. 199635)
Sarah M. Ray (Cal. Bar No. 229670)
Aaron T. Chiu (Cal. Bar No. 287788)
Alicia R. Jovais (Cal. Bar No. 296172)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
belinda.lee@lw.com
sarah.ray@lw.com
aaron.chiu@lw.com
alicia.jovais@lw.com

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

THOMAS DOROBIALA, individually and behalf of all others similarly situated,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 5:24-cv-01270-EKL (VKD)

**STIPULATION AND [PROPOSED] ORDER REGARDING APPLE'S AMENDED RESPONSES TO INTERROGATORY NOS. 1 AND 7**

Pursuant to Civil Local Rules 6-2 and 7-12 and the Court's Order Following November 3, 2026 Discovery Hearing (Dkt. No. 171), Plaintiff Thomas Dorobiala ("Plaintiff") and Defendant Apple Inc. ("Apple") (together, the "Parties"), by and through their respective attorneys of record herein and without waiving any rights, claims, or defenses they have in this action, enter into this Stipulation.

WHEREAS, on August 7, 2026, Plaintiff served his First Set of Interrogatories on Apple, including Interrogatory Nos. 1 and 7;

WHEREAS, on September 15, 2026, Apple served its responses and objections to Plaintiff's First Set of Interrogatories;

WHEREAS, the Parties met and conferred regarding Apple's responses to Interrogatory Nos. 7, 8, 9, and 11 on September 22, 23, 29, and 30, 2026, and October 7, 9, 12, 13, and 14, 2026;

WHEREAS, the Parties reached an impasse and, on October 20, 2026, filed a Joint Discovery Letter Brief Regarding Interrogatory Responses (Dkt. No. 157);

WHEREAS, Magistrate Judge Virginia K. DeMarchi held a hearing on the Parties' discovery disputes, including the dispute presented in Dkt. No. 157, on November 3, 2026;

WHEREAS, on November 3, 2026, the Court ordered the Parties to file, by noon on November 9, 2026, "a stipulation regarding when and how Apple will amend its response to plaintiff's Interrogatory No. 7, consistent with the discussion at the hearing, limited to first-party applications and to the period from January 1, 2020 to the present, and including the addition of a column to the chart in Apple's existing response to plaintiff's Interrogatory No. 1 addressing third-party cloud storage" (Dkt. No. 171 ¶ 1);

WHEREAS, under the current schedule, Apple's motion for summary judgment on statute of limitations issues was filed on November 4, 2026, Plaintiff's opposition is due December 1, 2026, Apple's reply is due December 22, 2026, and the hearing is set for January 27, 2027;

WHEREAS, Plaintiff contends that complete responses to his First Set of Interrogatories on Apple, including Interrogatory Nos. 1 and 7, are necessary to complete his opposition to Apple's motion for summary judgment on the statute of limitations;

WHEREAS, the Parties conferred in person, by email, and videoconference regarding this Stipulation on November 3, 2026, November 5, 2026, November 6, 2026, November 8, 2026, and November 9, 2026;

WHEREAS, the Parties have agreed on the form of Apple's amended responses to Interrogatory Nos. 1 and 7 and on the Priority Items, but have been unable to agree on timing, and set forth their respective proposals in Paragraph 5;

THEREFORE, for the good cause explained *supra*, the Parties, through their respective counsel, HEREBY STIPULATE AND JOINTLY REQUEST that the Court enter the accompanying Proposed Order:

1. <u>Definitions</u>. For purposes of this Stipulation: (a) "First-Party Application" means an application developed and published by Apple that was available for iPhone or iPad at any time from January 1, 2020 to the present, whether preinstalled or downloaded; (b) "Third-Party Cloud Storage Service" means a non-Apple CLOUD STORAGE SERVICE, as that term is defined in Plaintiff's First Set of Interrogatories; and (c) the "Period" means January 1, 2020 to the date of Apple's amended responses.

2. <u>Amended Response to Interrogatory No. 7</u>. Apple will serve an amended, verified response to Interrogatory No. 7 in the form of a chart that identifies, for each First-Party Application: (a) the First-Party Application and, if launched after January 1, 2020, the date of its launch; (b) a high-level description of the data from that application, if any, that iCloud could access and store but a Third-Party Cloud Storage Service could not; (c) the date(s) during the Period in which that difference existed; and (d) any change during the Period to the access available to Third-Party Cloud Storage Services (for example, an API made available to Third-Party Cloud Storage Services), and the date of that change. Where no such difference existed for a

First-Party Application during the Period, Apple may so state. An illustrative example of the chart responsive to Interrogatory No. 7 is presented below:

| **First-Party Application (and date introduced, if after Jan. 1, 2020)** | **Data iCloud could access and store that a Third-Party Cloud Storage Service could not** | **Period (for which there was no Third-Party Access)** | **Change to Third-Party Access (if any), and date** |
|---|---|---|---|
| [Application] | [Description of the data from this application that iCloud could access and store but a Third-Party Cloud Storage Service could not] | [date] – [date] | [None.] or [e.g., API made available on (date) allowing Third-Party Cloud Storage to access…] |

3. <u>Additional Column to Interrogatory No. 1 Chart</u>. Apple will serve an amended, verified response to Interrogatory No. 1 that adds to the chart in its existing response a column titled "Third-Party Cloud Storage Access." For each entry, the column will state one of the following: (a) "No access," meaning no Third-Party Cloud Storage Service could access and store the data affected by the change; (b) "Access available," meaning a Third-Party Cloud Storage Service could access and store that data, together with the means (for example, a named API) and the date from which that access was available, if within the Period; or (c) "Partial access available," meaning a Third-Party Cloud Storage Service could access and store some of that data during the Period, together with a description of what a Third-Party Cloud Storage Service could access and store (and the means) and what only iCloud could. For entries concerning device settings, if Apple does not permit any Third-Party Cloud Storage Service to back up those settings, Apple may so state; if Apple permits a Third-Party Cloud Storage Service to back up any device setting, Apple will so state. An illustrative example of the additional column for Interrogatory No. 1 is presented below:

| **Date** | **What Changed** | **Path/Items Affected** | **[NEW COLUMN] Third-Party Cloud Storage Access** |
|---|---|---|---|
| [Date of change identified in Response to Interrogatory No. 1] | [Description from Response to Interrogatory No. 1] | [Description from Response to Interrogatory No. 1] | **No access** = No Third-Party Cloud Storage Service could access these settings and store the data affected by the change.<br><br>**Access available** = A Third-Party Cloud Storage Service could access and store that same data affected by the change. Also, identify the means (for example, a named API) and the date from which it was available.<br><br>**Partial access available** = A Third-Party Cloud Storage Service could access and store some of the data affected by the change. Identify what a Third-Party Cloud Storage Service could access and store (and the means), and what only iCloud could. |

4. Priority Items. On November 6, 2026, Plaintiff identified to Apple in writing the First-Party Applications and Interrogatory No. 1 entries that Plaintiff asks Apple to prioritize (the "Priority Items"). The Priority Items are:

   a. For Rog 7 Chart:

      i. Translate

      ii. Freeform

      iii. Final Cut Pro for iPad

      iv. Logic Pro for iPad

      v. Journal

      vi. Apple Sports

      vii. Passwords

      viii. Image Playground

      ix. Apple Invites

      x. Apple Games

xi. Preview

xii. Phone app for iPad

xiii. Apple Music Classical

xiv. Final Cut Camera

b. Changes identified in Apple's Response to Interrogatory No. 1 associated with the dates below:

i. 2020-10-12

ii. 2020-10-28

iii. 2021-03-18

iv. 2021-05-26

v. 2022-06-30

vi. 2022-12-20

vii. 2023-02-28

viii. 2023-03-15

ix. 2024-06-03

x. 2024-07-26

xi. 2025-02-28

xii. 2026-07-23

5. Timing. The Parties could not agree on a proposal for timing and submit competing proposals for the Court to consider.

a. Plaintiff's Proposal: To avoid a situation in which the Parties must request a modification of the summary judgment briefing schedule from the district court, Plaintiff proposes a phased approach to the interrogatory responses that includes a discrete list of Priority Items and fixed dates by which Apple must serve complete, verified responses. Apple will serve complete and verified responses for the Priority Items by November 18, 2026, and serve complete and verified amended responses for all items no later than December 16, 2026.

After receiving Apple's amended responses, Plaintiff may raise with Apple specific First Party Applications, features, or device settings for which Plaintiff seeks greater detail, consistent with the Court's guidance at the November 3, 2026 hearing.

b. Apple's Proposal: Following the November 3, 2026 hearing, Apple immediately met with its engineers to determine the feasibility of compiling the proposed revisions to its responses to Interrogatory Nos. 1 and 7 on or before November 20. Apple explained to Plaintiff's counsel on November 6 and November 8 that, while it can put forth best efforts to provide responses to the Priority Items on or before November 18, 2026, its engineers cannot commit to providing responses by that date because the information being requested will take significant engineering time to compile and will require verification with individual first-party app developer teams. There are still uncertainties with that process. Apple also disagrees with Plaintiff's proposal for an open-ended option to continue discovery and probe into greater detail regarding individual apps and features. Apple's supplemental responses will provide a sufficient, high level explanation of the types of files in each of the first-party apps and features identified that can and cannot be accessed by third-party apps. Plaintiff's open-ended request to seek additional detail by app or feature would re-open the interrogatories and effectively revive their extremely burdensome request for identification and classification of individual files associated individual apps or features.

Therefore, Apple proposes that it will endeavor to serve complete responses for the Priority Items by November 18, 2026, and will commit to serving complete amended responses no later than December 16, 2026. If Apple is unable to serve responses for the Priority Items by November 18, 2026, Apple will provide Plaintiff adequate notice so that Plaintiff may seek a modification

of the case schedule, if needed. Apple reserves the right to oppose any extension to the case schedule.

6. Reservation of Rights. Nothing in this Stipulation waives any Party's rights, claims, defenses, or objections.

**IT IS SO STIPULATED.**

DATED: November 9, 2026

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Ben J. Siegel*
Benjamin J. Siegel (SBN 256260)
Ben M. Harrington (SBN 313877)
Eli Freedman (SBN 345432)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
benh@hbsslaw.com
bens@hbsslaw.com
eli.freedman@hbsslaw.com

Mark Vazquez (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4962
markv@hbsslaw.com

*Attorneys for Plaintiff*

DATED: November 9, 2026

Respectfully submitted,

*/s/ Aaron T. Chiu*

Belinda S Lee (Cal. Bar No. 199635)
Sarah M. Ray (Cal. Bar No. 229670)
Aaron T. Chiu (Cal. Bar No. 287788)
Alicia R. Jovais (Cal. Bar No. 296172)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
belinda.lee@lw.com
sarah.ray@lw.com
aaron.chiu@lw.com
alicia.jovais@lw.com

*Attorneys for Defendant Apple Inc.*

**ATTESTATION**

I, Ben M. Harrington, am the CM/ECF user whose ID and password are being used to file the Parties' STIPULATION AND [PROPOSED] ORDER REGARDING APPLE'S AMENDED RESPONSES TO INTERROGATORY NOS. 1 AND 7. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

DATED: November 9, 2026

*_/s/ Ben J. Siegel_*
BENJAMIN J. SIEGEL

**[PROPOSED] ORDER**

Having considered the Parties' Stipulation, and good cause appearing, the Court ORDERS as follows:

The Parties' Stipulation is APPROVED. Apple shall serve amended, verified responses to Interrogatory Nos. 1 and 7 in accordance with Paragraphs 1 through 4 of the Stipulation, and on the schedule set forth in [Plaintiff's Proposal (¶ 5(a))] [Apple's Proposal (¶ 5(b))] [as follows: ____].

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ______________________

______________________________________
THE HONORABLE VIRGINIA K. DEMARCHI
United States Magistrate Judge