United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THOMAS DOROBIALA,
Plaintiff,

v.

APPLE INC.,
Defendant.

Case No. 24-cv-01270-EKL (VKD)

**ORDER RE OCTOBER 20, 2026 DISCOVERY DISPUTE RE ANALYTICS DATA**

Re: Dkt. Nos. 158, 159

In the parties' October 20, 2026 discovery dispute letter, plaintiff asks the Court to order defendant Apple Inc. ("Apple") to produce certain third-party user engagement analytics data. Dkt. No. 159.[1] Following the November 3, 2026 hearing on this dispute, and at the Court's direction, Apple filed a supplemental statement describing the effort that would be required to produce the analytics data plaintiff seeks with respect to two fields—"active devices and sessions" and "retention rate"[2]—for the third-party cloud storage applications in use since January 1, 2020. Dkt. Nos. 171, 182. Having considered the parties' initial submission, Apple's supplemental statement, and the oral arguments presented, the Court resolves this dispute as follows:

---

[1] Plaintiff moves to seal portions of the discovery letter revealing information Apple designated as confidential or highly confidential. Dkt. No. 158. In its statement re sealing (Dkt. No. 166), Apple narrows the scope of the discovery letter contents for which Apple says sealing is warranted. Apple says that the subject information "[r]eflects commercially and competitively sensitive information about Apple's internal data infrastructure and retention practices." Dkt. No. 166. As plaintiff's sealing motion relates to a discovery matter, the good cause standard applies. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Good cause appearing, the Court grants plaintiff's sealing motion, as narrowed by Apple. By November 23, 2026, plaintiff shall file a revised redacted version of the October 20, 2026 discovery letter.

[2] At the hearing, plaintiff indicated he no longer seeks production of data from the "proceeds per paying user" field. Dkt. No. 180 at 47:10-14.

United States District Court
Northern District of California

At the hearing, plaintiff explained that he seeks production of Apple's analytics data for the "active devices and sessions" and "retention rate" fields as a proxy for the number of unique active users of third-party cloud storage applications. *See* Dkt. No. 180 at 48:3-51:2. Plaintiff argues that Apple makes this data available to third-party application developers and that it falls within the scope of plaintiff's RFP 11. Dkt. No. 159 at 2-3. Apple responds that the data plaintiff seeks is not squarely within the scope of RFP 11, that it is unduly burdensome to produce, and that plaintiff delayed too long in raising this dispute. *Id.* at 4-5. In its supplemental statement, Apple explains in greater detail why it contends the requested production would be unduly burdensome. Dkt. No. 182.

The Court agrees with Apple that plaintiff delayed past the applicable deadline before bringing this dispute to the Court for resolution. The Court also agrees with Apple that the two data fields at issue are not expressly within the scope of RFP 11. While plaintiff makes a plausible argument that the "active devices and sessions" field might be a proxy for "number of users" of third-party cloud storage applications, *see* RFP 11 (item (a)), the information plaintiff seeks is not otherwise within the reasonable scope of RFP 11. Nevertheless, to the extent Apple has reports that have already been generated at the request of a third-party developer, *see* Dkt. No. 182 at 1:12-15, the Court understands from Apple's supplemental statement that production of those already-generated reports would *not* be burdensome, as it would not require any of the engineering, computation, or validation work that Apple describes, *see id.* at 3:8-19.

Accordingly, the Court directs Apple to produce to plaintiff only those already-generated and existing analytics reports, if any, that include the "active devices and sessions" field. For the avoidance of doubt, the Court does not require Apple to generate any reports that do not already exist, or to perform any computation or validation work. The parties shall confer and agree upon a reasonable date for Apple's production of any such reports.

**IT IS SO ORDERED.**

Dated: November 12, 2026

Virginia K. DeMarchi

VIRGINIA K. DEMARCHI
United States Magistrate Judge